1    ARNOLD & PORTER LLP
     Matthew T. Heartney (SBN 123516)
2    matthew.heartney@aporter.com
     Alex Beroukhim (SBN 220722)
3    e.alex.beroukhim@aporter.com
     777 South Figueroa Street, Forty-Fourth Floor
4    Los Angeles, California 90017-5844
     Telephone: 213.243.4000
5    Facsimile: 213.243.4199

6    Attorneys for Defendants
     BP SOLAR INTERNATIONAL, INC., and
7    HOME DEPOT U.S.A., INC.

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13   MICHAEL ALLAGAS, ARTHUR          Case No. 3:14-cv-00560-SI
     RAY and BRETT MOHRMAN, on
14   behalf of themselves and all others   **DEFENDANTS BP SOLAR**
     similarly situated,               **INTERNATIONAL, INC. AND**
15                                      **HOME DEPOT U.S.A., INC.'S**
                    Plaintiffs,         **NOTICE OF MOTION AND**
16                                      **MOTION TO STRIKE CLASS**
          vs.                           **ALLEGATIONS; MEMORANDUM**
17                                      **OF POINTS AND AUTHORITIES**
     BP SOLAR INTERNATIONAL, INC.,
18   HOME DEPOT U.S.A., INC. and        Judge:    Hon. Susan Y. Illston
     DOES 1 -10, inclusive,            Date:     April 11, 2014
19                                      Time:     9:00 a.m.
                    Defendants.         Crtm:     10
20
21
22                                      Action Filed: February 6, 2014
                                        Trial Date:   Not Set
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 11, 2014, at 9:00 a.m., or as soon thereafter as this motion may be heard, in the courtroom of the Hon. Susan Y. Illston, in the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants BP Solar International, Inc. ("BP") and Home Depot U.S.A., Inc. ("Home Depot") (collectively, "defendants") will move this Court to strike class allegations from the Complaint filed by Michael Allagas, Arthur Ray and Brett Mohrman (collectively, "plaintiffs").

This motion is made pursuant to Federal Rules of Civil Procedure 12(f) on the grounds that the Court may strike plaintiffs' class allegations from the Complaint as redundant or immaterial for failing to meet the class action requirements of Rule 23.

Defendants base their motion on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, any oral argument heard by the Court, such additional evidence as may be submitted to the Court and such other matters as the Court deems proper.


Dated:  February 27, 2014.                    ARNOLD & PORTER LLP


                                              By:  /s/ Matthew T. Heartney
                                                   Matthew T. Heartney
                                                   Alex Beroukhim
                                                   Attorneys for Defendant
                                                   BP SOLAR INTERNATIONAL, INC.
                                                   and HOME DEPOT U.S.A.. INC.

DEFS. BP SOLAR INT'L, INC. AND HOME DEPOT U.S.A., INC.'S MOT. TO STRIKE CLASS ALLEGATIONS;
MEMO. OF P. & A.

# TABLE OF CONTENTS

Page

Preliminary Statement ................................................................................................1

Factual Background ....................................................................................................1

Argument .....................................................................................................................1

THE PROPOSED CLASS, AND EACH SUBCLASS, IS OVERBROAD
    AND FAILS TO MEET THE REQUIREMENTS OF RULE 23 .......................2

    A.    The Proposed Class Is Overbroad Because It Includes Numerous
        Persons Who Lack Any Legal Claim Against Defendants .......................3

        1.    The Proposed Class Includes Members Who Lack Standing
            To Sue For Breach Of Warranty Because Their Solar Panels
            Have Manifested No Defect ...........................................................4

        2.    The Proposed Class Includes Class Members Unable To
            Assert Warranty Claims For Other Reasons ....................................5

        3.    The Proposed Class Covers Class Members Not Exposed
            To Alleged Misstatements Giving Rise To Plaintiffs' CLRA
            or UCL Claims ................................................................................6

    B.    Class Members' Injuries, And Their Claims For Relief, Differ
        Greatly And Could Not Be Adjudicated On A Class-Wide Basis............8

    C.    The Proposed Class Representatives Cannot Adequately
        Represent The Proposed Class ................................................................8

    D.    The Proposed Class Cannot Be Certified Because Certification
        Would Result In Impermissible Claim Splitting ...................................10

Conclusion ................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................6

*Bishop v. Saab Auto. A.B.*,
  1996 WL 33150020 (C.D. Cal. Feb. 16, 1996) ...........................4

*Brown v. Ticor Title Ins. Co.*,
  982 F.2d 386 (9th Cir. 1992) ........................................................9

*Chandler v. Chiron Corp.*,
  1997 WL 464827 (N.D. Cal. July 28, 1997) ................................5

*Feinstein v. Firestone Tire & Rubber Co.*,
  535 F. Supp. 595 (S.D.N.Y. 1982) ............................................11

*Hanni v. Am. Airlines, Inc.*,
  2010 WL 289297 (N.D. Cal. Jan. 15, 2010) ................................7

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ......................................................6

*Kennedy v. Natural Balance Pet Foods, Inc.*,
  361 F. App'x 785 (9th Cir. 2010) ................................................2

*Krueger v. Wyeth, Inc.*,
  2008 WL 481956 (S.D. Cal. Feb. 19, 2008) ..............................10

*Mazur v. eBay Inc.*,
  257 F.R.D. 563 (N.D. Cal. 2009) ................................................9

*Mazza v. Am. Honda Motor Co., Inc.*,
  666 F.3d 581 (9th Cir. 2012) ...................................................6, 7

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009)..................................2, 4, 5

*Schlesinger v. Reservists Comm. to Stop the War*,
  418 U.S. 208 (1974) .................................................................9, 10

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 1635931 (N.D. Cal. June 5, 2009) ................................8

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ............................2, 5

*Taragan v. Nissan N. Am., Inc.*,
  2013 WL 3157918 (N.D. Cal. June 20, 2013) ..............................4

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010)..............................2, 4, 5, 7

*Vietnam Veterans of Am. v. C.I.A.*,
      288 F.R.D. 192 (N.D. Cal. 2012) ..................................................................10

*Whitson v. Bumbo*,
      2009 WL 1515597 (N.D. Cal. Apr.16, 2009) ..................................................4

**STATE CASES**

*City of San Jose v. Superior Court*,
      12 Cal. 3d 447 (1974) ..................................................................................10

**DOCKETED CASES**

*Berger v. Home Depot USA, Inc.*,
      No. 11-55592 (9th Cir. Feb. 3, 2014) ............................................................6

**STATUTES AND RULES**

15 U.S.C. § 2310(d) ........................................................................................9

Cal. Civ. Code § 1794(a) ................................................................................9

Cal. Com. Code § 2601 ...................................................................................9

Fed. R. Civ. P. 12(f) ........................................................................................1

Fed. R. Civ. P. Rule 23 ...............................................................................2, 3

Fed. R. Civ. P. Rule 23(a) ...............................................................................2

Fed. R. Civ. P. Rule 23(b) ...............................................................................2

Uniform Commercial Code ..............................................................................9

1

## MEMORANDUM OF POINTS AND AUTHORITIES

BP Solar International, Inc. ("BP") and Home Depot U.S.A., Inc. ("Home Depot") (collectively, "defendants") respectfully submit this memorandum in support of their motion to strike plaintiffs' class allegations.

### Preliminary Statement

Plaintiffs' class allegations should be stricken because the claims at issue are highly individualized and, for that reason, not amenable to class adjudication.  First, the proposed class offered by Plaintiffs is fatally over broad in numerous respects, and any effort to correct these issues by altering the class definition would introduce a need for individualized fact finding that would render the class not ascertainable.  Second, even if a class could be defined, it will not be possible to render class-wide relief since the claimed injuries vary greatly from plaintiff to plaintiff.  Third, each of the named plaintiffs are individual consumers and, for this reason, are not able adequately to represent the interests of the many putative class members who are not consumers.  Finally, class adjudication will not be possible in any event because the named plaintiffs may properly prosecute on behalf of the proposed class only those claims which survive the accompanying motion to dismiss, leading to unsolvable claim splitting issues for absent class members who may be entitled to assert claim in addition to those which the named plaintiffs may pursue.

For these reasons, BP and Home Depot respectfully request that the Court strike the class allegations.

### Factual Background

Defendants incorporate by reference the factual background set forth in the accompanying Motion To Dismiss.

### Argument

A defendant may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  When bringing a class action, plaintiffs must plead facts sufficient to establish all

Rule 23(a) requirements, including numerosity, commonality, typicality, and adequacy of representation. *Kennedy v. Natural Balance Pet Foods, Inc.*, 361 F. App'x 785, 786 (9th Cir. 2010). In addition, the proposed class action must fall into one of the three categories of class actions defined in Rule 23(b). *Id.*

When a complaint demonstrates on its face that no class action can be maintained, it is proper to strike plaintiffs' class allegations. *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (granting motion to strike before discovery was taken); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (court may "strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained"); *see also Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366, at*14 (N.D. Cal. Dec. 4, 2009) ("it is procedurally proper to strike futile class claims at the outset of litigation").

### THE PROPOSED CLASS, AND EACH SUBCLASS, IS OVERBROAD AND FAILS TO MEET THE REQUIREMENTS OF RULE 23

The proposed class consists of "all California residents who purchased [BP] Solar Panels or purchased properties on which the Solar Panels were installed." (Compl. ¶ 4.) This class is divided into six subclasses, as follows:

**Initial Purchaser Subclass:** All persons or entities who purchased Solar Panels for installation in California.

**Initial Purchaser Consumer Subclass:** All persons who purchased Solar Panels for installation in California on a private residence.

**Home Depot Subclass:** All members of the Initial Purchaser Subclass who purchased Solar Panels from Home Depot.

**Home Depot Consumer Subclass:** All members of the Home Depot Subclass who purchased the Solar Panels for installation in California on a private residence.

**Subsequent Purchaser Subclass:** All Persons or entities who purchased buildings in California on which the Solar Panels were first mounted.

**Subsequent Purchaser Consumer Subclass:** All persons who purchased private residences in California on which the Solar Panels were first mounted.

(Compl. ¶ 70.)  The proposed class, and each subclass, is fatally overbroad and fails to meet essential Rule 23 requirements.  First, the class includes numerous persons who lack any legal claim against Defendants.  (*Infra* at A.)  Such overbreath cannot be resolved by redefining the contours of the proposed class because such a redefinition would create the need for individualized fact-finding of a kind that would destroy the ascertainability of the class.  (*Infra* at A.3.)  Second, the injuries, and resulting claims for relief, of members of the proposed class differ greatly, and could not be adjudicated on a class-wide basis.  (*Infra* at B.)  Third, the named class members are all consumers and cannot adequately represent the interests of the non-consumer class members.  (*Infra* at C.)  Fourth, as shown in the Motion To Dismiss, whatever claims the named plaintiffs may be entitled to assert do not include still further claims that many putative class members may possess.  An adjudication at trial on a class-wide basis of only the claims asserted by the named plaintiffs will, as a matter of res judicata, act as a bar to the ability of absent class members to assert any other claims they may hold.  (*Infra* at D.)  As a result, the named plaintiffs cannot adequately represent the class.  For all of these reasons, the class allegations should be stricken.

### A.    The Proposed Class Is Overbroad Because It Includes Numerous Persons Who Lack Any Legal Claim Against Defendants

The proposed class includes numerous members who lack any legal claim against defendants, including (1) those who lack standing to assert any express or implied warranty claims because their solar panels have manifested no defect, (2) those unable to satisfy other requirements to bring a warranty claim, and (3) those not shown to have been exposed to the purported misrepresentations giving rise to the alleged CLRA and UCL claims.

1 | 
2 | 

### 1. The Proposed Class Includes Members Who Lack Standing To Sue For Breach Of Warranty Because Their Solar Panels Have Manifested No Defect

3   "[N]o class may be certified that contains members lacking Article III standing.

4   . . . The class must therefore be defined in such a way that anyone within it would

5   have standing." *Sanders*, 672 F. Supp. 2d at 991(citation omitted).  With respect to

6   Plaintiffs' express and implied warranty claims (including those arising under the

7   Song-Beverly Act and federal Magnuson-Moss Act), putative class members lack

8   standing if the product they acquired has not manifested any defect. *Taragan v.*

9   *Nissan N. Am., Inc.*, 2013 WL 3157918, at * 5 (N.D. Cal. June 20, 2013).  In

10  *Taragan*, this Court held that allegations asserting only that class members "have

11  been placed in danger . . . . are insufficient to establish the requisite injury necessary

12  to state a viable claim for breach of implied warranty" where no defect has not yet

13  been manifested. *Id.*  Similarly, this Court dismissed express and implied warranty

14  claims when plaintiffs had not alleged that they had actually been harmed by a

15  purportedly defective child seat.  *Whitson v. Bumbo,* 2009 WL 1515597, at *4-*6

16  (N.D. Cal. Apr.16, 2009); *see also Tietsworth*, 720 F. Supp 2d at 1146 (no standing

17  for class members whose product had "not experienced any problem").

18      The proposed class includes "all California residents who purchased [BP] Solar

19  Panels or purchased properties on which the Solar Panels were installed."  (Compl.

20  ¶ 4.)  Plaintiffs concede, however, that not all BP solar panels have manifested a defect

21  at this time: "all Solar Panels have failed *or will* fail."  (Compl. ¶ 20 (emphasis added);

22  *see also* Compl. ¶ 100 (alleging that "the Solar Panels either have failed or are certain

23  to fail")).  This concession demonstrates that the proposed class, and each individual

24  subclass, necessarily includes members who lack Article III standing.  *Bishop v. Saab*

25  *Auto. A.B.*, 1996 WL 33150020, at *5 (C.D. Cal. Feb. 16, 1996) ("courts have refused

26  to certify class actions based on . . . 'tendency to fail' theories because the purported

27  class includes members who have suffered no injury and therefore lack standing to

28  sue").  The class allegations should be stricken for this reason.

- 4 -

1
2

### 2. The Proposed Class Includes Class Members Unable To Assert Warranty Claims For Other Reasons

3

"[W]arranty claims generally are considered improper for class treatment."

4   *Stearns*, 2009 WL 4723366, at *15.  Such claims, by their nature, require a highly

5   individualized inquiry that are not suitable for class adjudication.  *See Tietsworth*, 720

6   F. Supp. 2d at 1146 (striking class allegations because "express warranty claims

7   involve elements that are individual to each purported class member, such as the

8   provision of notice, an opportunity to cure, and reliance").

9           As shown in defendants' Motion To Dismiss, plaintiffs may recover for breach

10  of express warranty only if the defect in the product manifested during the warranty

11  period. (Mot. to Dismiss 10-11.)  Plaintiffs, moreover, may recover for breach of

12  express warranty only if they made valid warranty claims, as governed by the written

13  warranties. (*Id.* at 13-15.)  Further, to recover for a breach of express warranty based

14  on defendants' representations, plaintiffs must demonstrate that they relied on the

15  representations in making a purchasing decision.  *Sanders*, 672 F. Supp. 2d at 991

16  ("[R]eliance *is* a necessary element of a claim for breach of express warranty . . . .");

17  *Chandler v. Chiron Corp.*, 1997 WL 464827, at *8 (N.D. Cal. July 28, 1997) (holding

18  that reliance is an element of a breach of express warranty claim).  Finally, plaintiffs

19  may recover for breach of implied warranty only if the defect in the product

20  manifested within one year of purchase.  (Mot. to Dismiss 11-12.)  Class members

21  who cannot plead such facts cannot recover under warranty theories.

22          The class here includes "all California residents who purchased [BP] Solar

23  Panels" (Compl. ¶ 4), without regard for whether or when the defect in the solar

24  panels manifested, whether plaintiffs submitted warranty claims, or whether the

25  absent class members relied on the express warranties.  Where, as here,

26  individualized inquiries must be made in order to determine who belongs in the class,

27  the class allegations should be stricken for this additional reason.

28

DEFS. BP SOLAR INT'L, INC. AND HOME DEPOT U.S.A., INC.'S MOT. TO STRIKE CLASS ALLEGATIONS; MEMO. OF P. & A.

1

2

### 3.     The Proposed Class Covers Class Members Not Exposed To Alleged Misstatements Giving Rise To Plaintiffs' CLRA or UCL Claims

3        Reliance is a necessary element of claims brought under the UCL and CLRA.

4   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (requiring plaintiff

5   bringing UCL and CLRA claims to plead reliance on the alleged misrepresentations).

6   Under California law, a class member's reliance on an alleged misrepresentation

7   cannot be presumed absent facts sufficient to support an inference that every class

8   member was exposed to the claimed misrepresentations.  *Mazza v. Am. Honda Motor

9   Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012) ("relevant class must be defined in such a

10  way as to include only members who were exposed to advertising that is alleged to be

11  materially misleading"); *Berger v. Home Depot USA, Inc.*, No. 11-55592 (9th Cir.

12  Feb. 3, 2014) (affirming dismissal of UCL claims and denying class certification

13  because absent class members were not exposed to the alleged misleading statements);

14  *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (claim is not plausible on its face

15  unless plaintiff "pleads factual content that allows the court to draw the reasonable

16  inference that the defendant is liable for the misconduct alleged").

17       Here, plaintiffs cite various statements made on "BP's website, in a video

18  played by [sic] to potential customers and in . . . product data sheets" (Compl. ¶ 36)

19  which discuss the quality and reliability of BP solar panels and the potential benefits

20  of owning them.  (*Id.* ¶ 35.)  Apart from a conclusory assertion that that "BP engaged

21  in a broad mass marketing campaign for the Solar Panels" (*id.* ¶ 35), plaintiffs allege

22  no facts even remotely sufficient to permit an inference that the statements in

23  question represented "the kind of massive advertising campaign" that leaves "little

24  doubt that almost every class member had been exposed to defendants' misleading

25  statements."  *Mazza*, 666 F.3d at 596 (describing "'decades-long' tobacco advertising

26  campaign" that supported a presumption of class-wide reliance).  Without factual

27  allegations demonstrating such pervasive and wide-ranging advertising, there can be

28  no presumption of reliance to support a putative class member's CLRA and UCL

- 6 -

claims.  *Id.* (vacating as "overbroad" order certifying class that included members who might not have been exposed to the allegedly misleading statements).  Plaintiffs' class allegations relating to the UCL and CLRA claims should be stricken on this ground.

\*     \*     \*

Here, any attempt to avoid the foregoing issues by redefining the contours of the proposed class would require making individual factual determinations as to each potential class member that would destroy the ascertainability of the class.  Where "one or more individualized fact-finding proceeding" would be needed to determine whether a potential member satisfies the class definition, the class is not ascertainable.  *Hanni v. Am. Airlines, Inc.*, 2010 WL 289297, at \*9 (N.D. Cal. Jan. 15, 2010) (rejecting class definition that would require "individualized fact-finding proceeding, per [class member], merely to determine if that [person] is in the proposed class"); *Tietsworth*, 720 F. Supp. 2d at 1146 (striking class allegations because "the putative classes alleged [in the complaint] cannot be ascertained").  Thus, individualized fact finding would be necessary to determine whether a potential class member (1) has Article III standing to pursue any express or implied warranty claim (*see Tietsworth*, 720 F. Supp. 2d at 1146-47), (2) can satisfy other elements of a warranty claim that are "individual to each purported class member, such as provision of notice, an opportunity to cure, and reliance" (*id.,* at 1147-48) or (3) had been exposed to, and relied upon, alleged misstatements giving rise to the CLRA and UCL claims (*Mazza,* 666 F.3d at 596).  Such a class definition is "inadequate" because it will require the Court to "make a determination of the merits of the individual claims to determine whether a person is a member of the class."  *Hanni*. 2010 WL 289297, at \*9.  The class allegations should be stricken because an ascertainable class has not been, and cannot be, defined.

**B.**     **Class Members' Injuries, And Their Claims For Relief, Differ Greatly And Could Not Be Adjudicated On A Class-Wide Basis**

Plaintiffs here seek forms of relief that must be adjudicated on an individualized basis.  Specifically, the named plaintiffs have experienced failure of their solar panels and seek, as remedies, replacement of solar panels, installation of entire new solar arrays, lost savings in electrical costs, and the like.  (*See, e.g.*, Compl. ¶ 64.)  These alleged damages must be adjudicated on a case-by-case basis since the remedial steps and resulting replacement costs will vary greatly among class members based on the number of panels allegedly rendered unusable, possible need for replacement equipment to support panel installation, and other repair installation steps needed, as well as existence and amount of any purported lost electrical savings.[1]  *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *19 (N.D. Cal. June 5, 2009) (striking class allegation).  As this Court held in *Stearns*:

> The amount of damage . . . will vary.  Some class members only may require a new bed or a refund, while others conceivably may have suffered extensive property damage from the spread of mold.  Plaintiffs have not shown how these potentially diverging interests would be addressed in a broadly defined class.

*Id.*  Given the individual issues raised by the divergent claims for relief asserted here, class adjudication of damages is untenable.  The class allegations should be stricken for this additional reason as well.

**C.**     **The Proposed Class Representatives Cannot Adequately Represent The Proposed Class**

The class definition includes every person, business, government entity or other legal entity that purchased BP panels for installation in California or purchased

---

[1] Under the applicable express warranty, BP is entitled, at its discretion, either to provide replacement panels or to supply additional supplementary panels to restore any power lost to the consumer.  (Mot. To Dismiss at 2.)  As such, determining the relief owed to each class member will require highly individualized determinations.  Similarly, if any recovery of lost electrical savings were allowed, further individualized determinations would be required.

1   properties in California fitted with BP solar panels.  (Compl. ¶ 4.)  The named

2   plaintiffs, however, are all individual consumers, two of whom purchased BP solar

3   panels for installation at their residences (Compl. ¶ 56, 62) and another who

4   purchased a property already fitted with BP solar panels.  (Compl. ¶ 65.)

5       The named plaintiffs cannot adequately represent the entire class because, as

6   consumers, they enjoy both claims and additional rights not available to class

7   members who are not consumers.  Consumers may bring their claims under the Song-

8   Beverly and Magnuson-Moss Acts, while commercial parties are left to proceed

9   under Uniform Commercial Code provisions.  *Compare,* Cal. Civ. Code § 1794(a)

10   (Song-Beverly Act grants state right of action limited to buyers of consumer goods),

11   and 15 U.S.C. § 2310(d) (Magnuson-Moss Act creates a federal cause of action to

12   enforce written warranties limited to consumers), *with* Cal. Com. Code § 2601 *et. seq.*

13   The named plaintiffs are asserting eight causes of action for themselves, while only

14   three are asserted on behalf of non-consumer class members.  This disparity puts in

15   sharp question the adequacy of the named plaintiffs to represent the interests of non-

16   consumer class members because they may have little reason to prosecute claims on

17   the latter's behalf that are not needed for their own recovery.

18       In addition, certain defenses and legal arguments are analyzed differently when

19   raised by consumers versus non-consumers.  For example, in misrepresentation and

20   express warranty claims, the existence of an unreasonable reliance is a defense that is

21   available against non-consumers that can create a conflict of interest within a

22   proposed class.  *See Mazur v. eBay Inc.*, 257 F.R.D. 563, 568-69 (N.D. Cal. 2009)

23   (finding representation inadequate where named plaintiff could face different and

24   unique defenses than those faced by unrepresented class plaintiffs).  Because of these

25   conflicts, the proposed representatives cannot adequately represent the entire class.

26   *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) (class

27   representatives "must possess the same interest and suffer the same injury shared by

28   all members of the class"); *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir.

1992) ("[A]dequate representation . . . depends on . . . an absence of antagonism."). The class allegations accordingly should be stricken.

### D.     The Proposed Class Cannot Be Certified Because Certification Would Result In Impermissible Claim Splitting

As demonstrated in the Motion To Dismiss, each of the named plaintiffs is barred from asserting some or all of the claims alleged in the Complaint on grounds arising from facts specific to their own circumstances, including claims for breach of the Defect Warranty and Power Warranties, and violations of the CLRA and UCL. (Mot. to Dismiss 9-16, 18-22.)  Other putative members may not be barred from asserting such claims on the same grounds, and so may still be entitled to pursue them.  Where disparities of this kind exist, the named plaintiffs cannot adequately represent the interests of all class members.  *See Schlesinger*, 418 U.S. at 216

For example, compelling reasons exist to dismiss the named plaintiffs' claims for express or implied warranty on grounds that would not apply to all class members.  (Mot. to Dismiss 9-17 .)  If the Court dismisses those claims but allows other claims to proceed, the named plaintiffs will be able to assert on behalf of the proposed class only the claims that survive the Motion To Dismiss.  *E.g.*, *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 216 (N.D. Cal. 2012) (denying class certification after finding that representative plaintiffs did not have standing to bring claims available to other members of the proposed class).  At trial, following an adjudication of the limited universe of claims available to the named plaintiffs, absent class members will be barred as a matter of res judicata from pursuing any and all other claims they otherwise might possess relating to the BP solar panels in question. *E.g.*, *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 464 (1974) ("It is clear under California law a party cannot, as a general rule, split a single cause of action because the first judgment bars recovery in a second suit on the same cause."); *see also Krueger v. Wyeth, Inc.*, 2008 WL 481956, at *2-*4 (S.D. Cal. Feb. 19, 2008) (finding plaintiff inadequate as a class representative because of claim-splitting and

1   concluding that "claim splitting constitutes a compelling reason to deny class

2   certification"); *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595, 606

3   (S.D.N.Y. 1982) ("a serious question of adequacy of representation arises when the

4   class representatives profess themselves willing . . . to assert . . . only [certain]

5   claims" that arise out of a single incident or transaction).  Because the named

6   plaintiffs cannot assert all claims that may be available to absent class members, they

7   cannot adequately represent the class.  The class allegations should be stricken on this

8   ground as well.

9                                              Conclusion

10          For the foregoing reasons, defendants respectfully request that the Court strike

11   the class allegations in the Complaint.

12   Dated:  February 27, 2014.                    ARNOLD & PORTER LLP

13

14                                      By:   /s/ Matthew T. Heartney
                                             Matthew T. Heartney
15                                           Alex Beroukhim
                                             Attorneys for Defendants
16                                           BP SOLAR INTERNATIONAL, INC.
                                             and HOME DEPOT U.S.A., INC.

17

18

19

20

21

22

23

24

25

26

27

28