1   David M. Birka-White (State Bar No. 85721)
    dbw@birka-white.com
2   Stephen Oroza (State Bar No. 84681)
    soroza@comcast.net
3   Mindy M. Wong (State Bar No. 267820)
    mwong@birka-white.com
4   BIRKA-WHITE LAW OFFICES
    65 Oak Court
5   Danville, CA 94526
    Telephone:  (925) 362-9999
6   Facsimile:  (925) 362-9970

7   *Attorneys for Individual and Representative*
    *Plaintiffs* Michael Allagas, Arthur Ray, and
8   Brett Mohrman

9                   UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12   MICHAEL ALLAGAS, ARTHUR RAY and          Case No.  3:14-cv-00560-SI
     BRETT MOHRMAN, on behalf of
13   themselves and all others similarly situated,   **PLAINTIFFS' MEMORANUM OF**
                                                      **POINTS AND AUTHORITIES IN**
14                   Plaintiffs,                      **OPPOSITION TO DEFENDANTS'**
                                                      **MOTION TO STRIKE CLASS**
15           vs.                                      **ALLEGATIONS**

16   Defendants SOLAR INTERNATIONAL,           *The Honorable Susan Y. Illston*
     INC., HOME DEPOT U.S.A., INC. and
17   DOES 1-10, inclusive,                      Date:     April 18, 2014
                                                Time:     9:00 a.m.
18                   Defendants.                Crtm:     10

19                                              Action Filed:  February 6, 2014
                                                Trial Date:     TBD
20

21

22

23

24

25

26

27

28

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

                                                          Case No. 3:14-cv-00560-SI

        OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ..................................................................................................................... 1

    A.    Motions to Strike Class Allegations are Highly Disfavored and Should Rarely
          Be Granted ................................................................................................................ 1

    B.    Defendants' Arguments Ignore the Effect of Rule 23(c)(4) ........................................ 2

    C.    Plaintiffs' Warranty Claims Do Not Require Proof of Current Failure ........................ 4

    D.    Warranty Claims Have Routinely Been Certified for Class Treatment ........................ 6

    E.    Plaintiffs' UCL and CLRA Claims Can Be Certified .................................................. 6

    F.    Damage Issues Do Not Affect Certification ................................................................ 8

    G.    Adequacy of Representation Issues Do Not Justify Striking the Class Allegations ...... 9

    H.    Defendants' Arguments Concerning Claim-Splitting Are Unfounded
          and Premature ........................................................................................................ 10

III.  CONCLUSION ................................................................................................................ 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

i                                   Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Blackie v. Barrack*
    524 F.2d 891 (9th Cir. 1975)................................................................................................9

*Cartwright v. Viking Industries, Inc.*
    2009 WL 2982887 (E.D. Cal. 2009) ....................................................................................5

*Chamberlan v. Ford Motor Co.*
    369 F. Supp. 2d 1138 (N.D. Cal. 2005) ...............................................................................5

*Cholakyan v. Mercedes-Benz USA, LLC*
    796 F.Supp.2d 1220 (C.D. Cal. 2011) .............................................................................2, 4

*Clark v. LG Electronics U.S.A., Inc.*
    2013 WL 5816410 (S.D. Cal. 2013) .....................................................................................2

*Cruz v. Sky Chefs, Inc.*
    2013 WL 1892337 (N.D. Cal. May 6, 2013) ........................................................................2

*Ehrlich v. BMW of N. Am., LLC*
    801 F. Supp. 2d 908 (C.D.. Cal. 2010) .................................................................................4

*Falco v. Nissan North America Inc.*
    2013 WL 5575065 (C.D. Cal. 2013) .....................................................................................4

*Garibaldi v. Bank of America Corp.*
    2014 WL 172284 (N.D. Cal. Jan. 15, 2014) .....................................................................1, 2

*General Telephone Co. of Southwest v. Falcon*
    457 U.S. 147 (1982).............................................................................................................1

*Graves v. Southwestern & Pacific Specialty Finance, Inc.*
    2013 WL 5945851 (N.D. Cal. Nov. 4, 2013)........................................................................2

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998)...............................................................................................4

*Hanni v. Am. Airlines, Inc.*
    2010 WL 289297 (N.D. Cal. Jan. 15, 2010) .........................................................................8

*Hibbs-Rines v. Seagate Technologies, LLC.*
    2009 WL 513496 (N.D. Cal. Mar. 2, 2009).......................................................................1, 2

*In re Activision Securities Litigation*
    621 F. Supp. 415 (N.D. Cal. 1985) ...................................................................................3, 4

*In re Computer Memories Securities Litigation*
    111 F.R.D. 675 (N.D. Cal. 1986)..........................................................................................4

*In re Porsche*
    880 F. Supp 2d 801 (S.D. Ohio, 2012) .................................................................................4

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices,*
    *and Products Liability Litigation*
    754 F. Supp. 2d 1145 (C.D. Cal. 2010) ................................................................................5

*In Re Wal–Mart Stores, Inc.*
    505 F.Supp.2d 609 (N.D. Cal. 2007) ....................................................................................1

*Iniguez v. The CBE Group*
     2013 WL 4780785 (E.D. Cal. 2013) .....................................................................................2

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

*Jordan v. Paul Financial, LLC*
   285 F.R.D. 435 (N.D. Cal. 2012) ........................................................................................9

*Kamm v. California City Development Co.*
   509 F. 2d 205 (9th Cir. 1975)............................................................................................1

*Kearns v. Ford Motor Co.*
   567 F. 3d 1120 (9th Cir. 2009)..........................................................................................7

*Keegan v. American Honda Motor Co., Inc.*
   284 F.R.D. 504 (C.D. Cal. 2012) ......................................................................................5

*Keegan v. American Honda Motor Co. Inc.*
   838 F. Supp. 2d 929 (C.D. Cal. 2012) ..............................................................................4

*Kennedy v. Jackson Nat. Life Ins. Co*
   2010 WL 2524360 (N.D. Cal. June 23, 2010) ................................................................11

*Krueger v. Wyeth, Inc.*
   2008 WL 481956 (S.D. Cal. 2008) .................................................................................11

*Krueger v. Wyeth, Inc.*
   2011 WL 8971449 (S.D. Cal. 2011) ...............................................................................11

*Mazza v. Am. Honda Motor Co., Inc.*
   666 F. 3d 581 (9th Cir. 2012)............................................................................................7

*Seifi v. Mercedes-Benz USA, LLC*
   2013 WL 2285339 (N.D. Cal. May 23, 2013) ..................................................................2

*Society for Individual Rights, Inc. v. Hampton*
   528 F. 2d 905 (9th Cir. 1975)............................................................................................3

*Staton v. Boeing Co.*
   327 F. 3d 938 (9th Cir. 2003)......................................................................................9, 10

*Stearns v. Select Comfort Retail Corp.*
   2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) ...................................................................6

*Stearns v. Select Comfort Retail Corp.*
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ............................................................................6

*Sullivan v. Chase Inv. Services of Boston, Inc.*
   79 F.R.D. 246 (N.D. Cal. 1978) ...................................................................................2, 3

*Thorpe v. Abbott Labs., Inc.*
   534 F.Supp.2d 1120 (N.D.Cal. 2008) ...............................................................................1

*Vietnam Veterans of Am. v. C.I.A.*
   288 F.R.D. 192 (N.D. Cal. 2012) ...............................................................................10, 11


**STATE CASES**

*Hewlett-Packard v. Superior Court*
   167 Cal. App. 4th 87 (2008) .............................................................................................5

*Hicks v. Kaufman & Broad Home Corp.*
   89 Cal. App. 4th 908 (2001) ..........................................................................................5, 6

*In re Tobacco II Cases*
   46 Cal. 4th 298 (2009) ......................................................................................................7

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

iii

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

# RULES

Federal Rule of Civil Procedure
    9(b) ............................................................................................................7
    23(a)(4) ....................................................................................................10
    23(b)(2) ......................................................................................................3
    23(b)(3) ......................................................................................................3
    23(c) ...........................................................................................................3
    23(c)(1) ......................................................................................................1
    23(c)(4) ......................................................................................2, 3, 4, 8, 10
    23(d) ...........................................................................................................3

# OTHER AUTHORITIES

5 *Newberg on Class Actions* § 16:22 (4th ed. 2013) ..................................................2

7 *Wright & Miller, Federal Practice and Procedure* § 1777 .......................................3

7A *Wright & Miller, Federal Practice and Procedure* § 1790 ....................................3

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

iv        Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

1 **I.  INTRODUCTION**

2    Defendants have moved to strike the class action allegations of the Complaint (the

3 "Motion").  For the reasons stated below, the Motion is premature and founded on erroneous legal

4 premises.  The Motion should be denied.

5 **II.  ARGUMENT**

6    **A.    Motions to Strike Class Allegations are Highly Disfavored and**

7         **Should Rarely Be Granted.**

8    This Court has previously held that a motion to strike class allegations is highly

9 disfavored and should rarely be granted.  *Garibaldi v. Bank of America Corp.*, 2014 WL 172284

10 (N.D. Cal. Jan. 15, 2014) at *8; *Hibbs-Rines v. Seagate Technologies, LLC*, 2009 WL 513496

11 (N.D. Cal. Mar. 2, 2009) at *3.  In *Hibbs-Rines*, the Court stated the issue as follows:

12    Defendants correctly assert that class allegations may be stricken at the pleading
     stage. *See Kamm v. California City Development Co.*, 509 F.2d 205, 212 (9th
13   Cir.1975). However, motions to strike class allegations "are disfavored because a
     motion for class certification is a more appropriate vehicle" for arguments about
14   class propriety. *Thorpe v. Abbott Labs., Inc.*, 534 F.Supp.2d 1120, 1125
     (N.D.Cal.2008). Indeed, "the granting of motions to dismiss class allegations before
15   discovery has commenced is rare." *In Re Wal–Mart Stores, Inc.*, 505 F.Supp.2d
     609, 615 (N.D.Cal.2007). Instead, courts generally review class allegations through
16   a motion for class certification. *Id*. at 614. Such a motion "should be filed 'as soon
     as practicable' after a defendant answers." *Id*.; *Fed. R. Civ. Proc.* 23(c)(1).
17   Defendants have not yet answered plaintiff's complaint.

18   While plaintiff's class definitions may be insufficiently definite for the reasons cited
     in defendants' moving papers, the Court finds that the motion to strike the class
19   allegations is premature. Plaintiff should at least be permitted to conduct some
     discovery before the Court rules on the propriety of the class allegations. The class
20   determination "generally involves considerations that are enmeshed in the factual
     and legal issues comprising the plaintiff's cause of action." *General Telephone Co.*
21   *of Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)
     (internal quotation omitted). Discovery is integral to developing the "shape and
22   form of a class action." *In Re Wal–Mart*, 505 F.Supp.2d at 615 (internal quotation
     omitted).
23
     The Court will determine the propriety of the class allegations during the class
24   certification process. Just as in *In Re Wal–Mart*, where the court denied a similar
     motion to strike as premature, the defendants here "have not answered [the
25   complaint], discovery has not yet commenced, and no motion for class certification
     has been filed." *In Re Wal–Mart*, 505 F.Supp.2d at 616. For these same reasons, the
26   Court DENIES defendants' motion to strike the class allegations, but "without
     prejudice as to [defendants'] ability to move to strike or dismiss the class allegations
27   if and when class certification is sought." *Id*.

28 *Id*.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS

1    *Garibaldi* and *Hibbs-Rines* are consistent with the overwhelming majority of decisions

2    and scholarly commentary addressing the issue. *E.g.*, *Graves v. Southwestern & Pacific Specialty*

3    *Finance, Inc.*, 2013 WL 5945851 (N.D. Cal. Nov. 4, 2013) at \*4; *Cruz v. Sky Chefs, Inc.*, 2013

4    WL 1892337 (N.D. Cal. May 6, 2013) at \*6; *Seifi v. Mercedes-Benz USA, LLC*, 2013 WL

5    2285339 (N.D. Cal. May 23, 2013) at \*8-\*9; *Clark v. LG Electronics U.S.A., Inc.*, 2013 WL

6    5816410 (S.D. Cal. 2013) at \*16; *Iniguez v. The CBE Group*, 2013 WL 4780785 (E.D. Cal. 2013)

7    at \*6; *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.Supp.2d 1220, 1245-46 (C.D. Cal. 2011).

8    The decision in *Cholakyan*, involving issues almost identical to those raised by Defendants here,

9    contains a survey of the authority which demonstrates how broad the consensus on this issue is.

10   *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F.Supp.2d at 1245-46.

11           Nothing in the Motion provides the Court with any reason to depart from its previous

12   decisions or the overwhelming majority of the cases which have addressed this issue.

13           **B.     Defendants' Arguments Ignore the Effect of Rule 23(c)(4).**

14           Defendants' individual arguments concerning the alleged "problems" with certifying a

15   class in this case are without merit.  More importantly, however, Defendants argue as though *any*

16   problem with *any* plaintiff asserting *any* claim automatically precludes certification of *any* class.

17   This argument ignores the effect of Federal Rule of Civil Procedure 23(c)(4), which provides:

18   "When appropriate, an action may be brought or maintained as a class action with respect to

19   particular issues."  Rule 23(c)(4) provides courts with the flexibility to address individual claims

20   and issues as appropriate in the circumstances of the case.

21           If some claims in this case were appropriate for class treatment and some were not, the

22   court could try the class claims and allow class members to pursue individually claims which are

23   not appropriate for class treatment. Newberg states the rules as follows: "In some cases, certain

24   claims are not suitable for class treatment, and thus absent class members have no opportunity to

25   litigate those issues. A class member may be permitted to bring an individual suit subsequent to a

26   class action in which he or she participated when the individual claim asserted was not previously

27   litigated." 5 *Newberg on Class Actions* § 16:22 (4th ed. 2013).

28           One of the cases cited by Newberg is *Sullivan v. Chase Inv. Services of Boston, Inc.*,

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

2                                                        Case No. 3:14-cv-00560-SI

79 F.R.D. 246, 265 (N.D. Cal. 1978).  In *Sullivan*, the court held that two of the three securities

fraud claims pled by the plaintiff were appropriate for class treatment, but claims related to

certain representations in the defendant's brochures ("brochure claims") raised primarily

individual issues.  The court held that class members who had brochure claims could assert them

individually and the *res judicata* effect of the class action judgment would not bar them. *Sullivan*,

79 F.R.D. at 265. The court held:

> It is not uncommon for defendants to engage in a course of conduct which gives rise
> to a variety of claims, some amenable to class treatment, others not. Those claims
> that are amenable should be prosecuted as class actions in order to realize the
> savings of resources of courts and parties that Rule 23 is designed to facilitate. . . .
> Class representatives must press all claims which can be prosecuted on a class
> basis, but they need not and should not press for certification of claims that are
> unsuitable for class treatment.

*Id.*

Likewise, in *In re Activision Securities Litigation*, 621 F. Supp. 415 (N.D. Cal. 1985), the

court discussed extensively Ninth Circuit and scholarly authority relating to Rule 23(c)(4):

> Defendants' second argument is that it is inappropriate to sever a single issue of a
> claim for class certification under Rule 23. This argument ignores the express
> language of Fed.R.Civ.P. 23(c)(4), which reads, "[w]hen appropriate an action may
> be brought or maintained as a class action with respect to particular issues." This
> provision "imposes a duty on the court and gives it ample power to 'treat common
> things in common and to distinguish the distinguishable' " 7A *Wright & Miller,
> Federal Practice and Procedure*: Civil § 1790 ("Wright & Miller"). The Ninth
> Circuit has recognized that under Rule 23(c)(4) "it is within the discretion of the
> trial judge ... to limit the issues in a class action to 'those parts of a lawsuit which
> lend themselves to convenient use of the class action motif.' " *Society for Individual
> Rights, Inc. v. Hampton*, 528 F.2d 905, 906 (9th Cir.1975) (applying Rule 23(c)(4)
> to class certification pursuant to 23(b)(2)).

> Commentators on the Federal Rules note that the management devices contained in
> Rules 23(c) and (d) are particularly important in the context of class actions brought
> under 23(b)(3) because of the emphasis placed by Rule 23(b)(3) on judicial
> economy and procedural superiority. 7 *Wright & Miller* § 1777. Thus, Wright &
> Miller state,

> Subdivision (c)(4) is particularly helpful in enabling courts to restructure complex
> cases to meet the other requirements for maintaining a class action. For example, a
> Rule 23(b)(3) class action must be superior to other available methods for the
> adjudication of the controversy, and one of the tests of superiority is the
> manageability of the action. Since subdivision (c)(4) is designed to give the court
> maximum flexibility in handling class actions, its proper utilization will allow a
> Rule 23 action to be adjudicated that otherwise might have had to be dismissed or
> reduced to a nonrepresentative proceeding because it appears to be unmanageable.

> 7A Wright & Miller § 1790 (footnotes omitted).

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

3                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

1   *In re Activision Securities Litigation,* 621 F. Supp. at 438. *See also, In re Computer Memories*

2   *Securities Litigation,* 111 F.R.D. 675, 681 (N.D. Cal. 1986) (Under Rule 23(c)(4), "[t]he section

3   12(2) claim will be given class treatment only for the purpose of determining the issue of whether

4   the Registration Statement and Prospectus contained material misrepresentations or omissions.")

5   *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1022 (9th Cir. 1998) (The exclusion of "[i]ndividual

6   claims based on personal injury or wrongful death" from class action against car manufacturer

7   supported finding that common issues predominated.)

8           Since none of Defendants' arguments even purports to address all claims asserted by all

9   Plaintiffs, there is no reason for the Court to dedicate its time and resources to this hopelessly

10  premature effort.

11          **C.      Plaintiffs' Warranty Claims Do Not Require Proof of Current Failure.**

12          Defendants argue that the definition of the proposed class includes purchasers whose

13  Solar Panels have not yet "manifested" a defect.  Based on this assumption, Defendants argue that

14  such proposed class members lack standing to sue for breach of express or implied warranty.  As

15  discussed in Plaintiffs' opposition to Defendants' motion to dismiss, a product does not have to

16  fail before a plaintiff may sue.[1]

17          Both the argument that standing requires plaintiff to allege failure of the product – and

18  that this alleged requirement affects commonality – have been rejected many times.  Even before

19  considering the case authority, however, Defendants' proposition should give the Court pause.

20  Plaintiffs allege that the Solar Panels are certain to fail within their useful life and that they

21  involve a serious risk of fire.  *E.g.*, *Complaint*, ¶¶ 19-20.  It seems self-evident that the owners of

22  solar panels which are certain to fail, and which can burn down a house, should not have to await

23  a potentially deadly product failure before they can seek redress.

24  _____

25  [1] *Opposition to Motion to Dismiss*, at 1, 5-10.  *Falco v. Nissan North America Inc.*, 2013 WL
    5575065 (C.D. Cal. 2013) at *5;  *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 918
26  (C.D. Cal. 2010) (plaintiffs did not need to demonstrate actual failure of windshield which posed
    unreasonable safety risk), *Cholakyan v. Mercedes–Benz USA, LLC,* 796 F. Supp. 2d 1220,
    1236–37 (C.D. Cal. 2011) (where plaintiffs alleged undisclosed risk of water leak in vehicle, they
27  did not need to allege that they "or any other class member ever experienced such a defect"); *In
    re Porsche*, 880 F. Supp 2d 801, 827–28 (S.D. Ohio, 2012); *Keegan v. American Honda Motor
28  Co., Inc.*, 838 F. Supp. 2d 929, 943.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

4                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

1    Courts recognize this fact and its effect on the commonality of class claims. For example,

2    in *Hicks v. Kaufman & Broad Home Corp.* 89 Cal. App. 4th 908, 923 (2001) the court held: "We

3    see no reason why a homeowner should have to wait for the inevitable injuries to occur before

4    recovering damages to repair the defect and prevent injuries from occurring." Under Hicks'

5    theory of recovery, common questions predominated over individual questions. *Id*. at 917-23.

6    Similarly, in *Hewlett-Packard v. Superior Court*, 167 Cal. App. 4th 87 (2008), the court

7    upheld the certification of class warranty claims because, among other reasons, members of the

8    class were not required to prove a product "malfunction:"

9    Moreover, in considering HP's arguments, we are not persuaded by HP's reliance
     on *Daugherty* for its position that a product malfunction is required in order for the
10   product to be considered defective. Indeed, Degenshein's theory of liability is based
     on *Hicks v. Kaufman & Broad Home Corp.* (2001) 89 Cal.App.4th 908, 107
11   Cal.Rptr.2d 761 (*Hicks*), and its holding that defect is defined by a substantial
     certainty of premature failure, not on an actual malfunction during the warranty
12   period.

13   *Hewlett-Packard v. Superior Court*, 167 Cal. App. 4th at 95.

14   Federal courts in California have followed this rule. For example in *In re Toyota Motor*

15   *Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*,

16   754 F. Supp. 2d 1145, 1161-62 (C.D. Cal. 2010), plaintiffs brought a class action seeking

17   remedies for the purchase of vehicles which were subject to sudden unintended acceleration

18   ("SUA"). Toyota argued that persons who had not experienced SUA lacked standing to bring

19   express or implied warranty claims. The court rejected the argument:

20   The Court agrees with Plaintiffs that experiencing an SUA defect is not required
     for standing. Standing merely requires a redressable injury that is fairly traceable
21   to Defendants' conduct.
                                          . . .
22   Plaintiffs seek recovery for their actual economic harm (e.g., overpayment, loss in
     value, or loss of usefulness) emanating from the loss of their benefit of the
23   bargain.

24   *In re Toyota*, 754 F. Supp. 2d at 1161-1162; *see also*, *Keegan v. American Honda Motor Co.,*

25   *Inc.*, 284 F.R.D. 504, 536-37 (C.D. Cal. 2012); *Cartwright v. Viking Industries, Inc.*, 2009 WL

26   2982887 (E.D. Cal. 2009) at *10-*11; *Chamberlan v. Ford Motor Co.*, 369 F. Supp. 2d 1138,

27   1147-48 (N.D. Cal. 2005) (denying summary judgment of class claims where no failure has

28   occurred).

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

1    The rule stated in *Hicks* and its progeny comports with common sense. A plaintiff who

2    purchases a product which presents an unreasonable risk of catastrophic failure has suffered an

3    injury which supports standing. Plaintiff has alleged the Solar Panels either have failed or are

4    certain to fail within their expected useful life. All class members have standing to assert the

5    claim.

6        **D.    Warranty Claims Have Routinely Been Certified for Class Treatment.**

7        Defendants argue that "warranty claims are generally considered improper for class

8    treatment,"[2] a proposition which will come as a surprise to the dozens (if not hundreds) of courts

9    which have certified class warranty claims. There is nothing which, "by their nature," makes

10   warranty claims inappropriate for class treatment.

11       Defendants argue that warranty claims are not appropriate for class treatment because

12   members of the class must: (1) prove that the defect in the Solar Panels has "manifested;"

13   (2) make "valid warranty claims;" (3) prove "reliance" on the warranty; and (4) prove that the

14   defect "manifested" within a year. Plaintiffs are not sure what to make of the second argument.

15   The first and fourth arguments are addressed above and in response to the motion to dismiss.[3]

16   The argument that class members must prove reliance on the warranty is incorrect. Where a

17   plaintiff sues on a written warranty, plaintiff need only show that the warranty was part of the

18   basis of the bargain. *E.g., Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1142

19   (N.D. Cal. 2010).

20       **E.    Plaintiffs' UCL and CLRA Claims Can Be Certified.**

21       Defendants argue that Plaintiffs' UCL and CLRA claims require that each member of the

22   class establish reliance on certain statements made by Defendants. This argument is incorrect.

23       Defendants' authority for this proposition is off-point or distinguishable. *Kearns v. Ford*

24   ──────────────

25   [2] First, the actual quote from the case cited by Defendants is "*Defendants suggest* that warranty claims generally are considered improper for class treatment." *Stearns v. Select Comfort Retail Corp.*, 2009 WL 4723366 (N.D. Cal. Dec. 4, 2009) at *15 (emphasis added). *Stearns* had a

26   strange procedural history and should not be seriously considered by the Court. The court in *Stearns* dismissed the second amended complaint and its class action allegations in part because

27   the plaintiffs had added claims and defendants the court had specifically told them not to add. The motion to dismiss the complaint and motion to strike were granted with leave to amend.

28   [3] *Opposition to Motion to Dismiss,* at 1, 9.

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

*Motor Co.*, 567 F. 3d 1120, 1126 (9th Cir. 2009) holds only that Rule 9(b) applies to a plaintiff's fraud-based UCL and CLRA claims. *Mazza v. Am. Honda Motor Co., Inc.*, 666 F. 3d 581, 594 (9th Cir. 2012) holds that if a UCL claim requires that the class be "exposed" to fraudulent statements, class certification can be denied if the issue is individual.[4]

First, not all of Plaintiffs' UCL or CLRA claims are fraud-based. Plaintiffs assert a CLRA claim based on the inclusion of unconscionable provisions in BP's warranties. Plaintiffs also assert unfairness claims under the UCL based on these same provisions and BP's conduct in suppressing the assertion of valid claims. These claims are not fraud-based and do not require "exposure" to BP's misrepresentations.

Second, Plaintiffs assert claims based on BP's failure to disclose the defect in the Solar Panels and the risk of fire it poses. Anyone who purchased the product was "exposed" to these omissions.

Third, as set forth more fully in Plaintiffs' opposition to Defendants' motion to dismiss the complaint, Plaintiffs have pled "indirect" reliance on BP's misrepresentations and omissions sufficiently. *Opposition to Motion to Dismiss*, at 16-20. This theory would apply to class members as well.

Finally, the question of whether class members heard the misrepresentations made by BP – or whether such exposure should be presumed – is plainly a factual issue, not one which can be addressed at the pleading stage. Defendants admit that Plaintiffs assert that "BP engaged in a broad mass marketing campaign for the Solar Panels," but dismiss the allegation as "conclusory." Plaintiffs allege that BP made a concerted effort to persuade buyers that its products were safe, reliable and would save them money. Whether that effort was effective is an issue for another day.

Defendants argue that "any attempt to avoid the foregoing issues by redefining the contours of the proposed class would require making individual factual determinations as to each

---

[4] Class members do not need to prove reliance. As *Mazza* recognized, "After the district court's decision, the California Supreme court reconfirmed that class members do not need to demonstrate individualized reliance, and that Proposition 64 imposes its reliance requirements only on the named plaintiff, not unnamed class members. *Tobacco II*, 46 Cal. 4th at 324–27, 93 Cal.Rptr.3d 559, 207 P.3d 20." *Mazza*, 666 F. 3d at 595-96.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

7                                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

1 potential class member that would destroy the ascertainability of the class." Plaintiffs are not

2 certain they understand the import of this statement. In particular, Plaintiffs are unclear what

3 Defendants mean by "redefining the contours of the proposed class" and to what "foregoing

4 issues" they refer.

5 However, "[a] class is ascertainable if it identifies a group of unnamed plaintiffs by

6 describing a set of common characteristics sufficient to allow a member of that group to identify

7 himself or herself as having a right to recover based on the description." *Hanni v. Am. Airlines,*

8 *Inc.*, 2010 WL 289297 (N.D. Cal. Jan. 15, 2010) at *9.[5]

9 The class in *Hanni* was defined as "passengers whose claims for damages arise from

10 Defendant's failure to provide or fully reimburse them for reasonable overnight accommodations,

11 including meals, lodging and transportation." Because the court would have to determine whether

12 each person had been denied "full reimbursement" for "reasonable overnight accommodations" in

13 order to determine whether he or she met the class definition, the class was not ascertainable.

14 Plaintiffs do not – and will not – propose such a class definition. Defendants seem to

15 argue that the class definition must exclude any persons whose claim presents any individual

16 issue and that all members of the class must prevail on all class claims. This apparent argument

17 does not affect the ascertainability of the class. It is also plainly wrong. Many class cases, such

18 as employment discrimination cases, have some individualized issues. The question posed by

19 such issues is whether they are manageable and whether their existence affects the superiority of a

20 class action to determine them. This argument also ignores the ability of the Court to certify a

21 class on fewer than all issues under Rule 23(c)(4).

22 **F. Damage Issues Do Not Affect Certification.**

23 Defendants argue that because each class member's home is different, class members will

24 have different damages. They assert that the difference in damages means that no class may be

25 certified in this case.

26 _____

[5] The Court in *Hanni* plainly did not mean that the class must be defined to include only persons
with a right to recover, since such a ruling would require that no class be certified unless it was
27 clear that the class would prevail. *Hanni* means that the class must be defined so that the persons
*potentially entitled to recover* can be identified without making individual determinations for
28 each potential class member.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

8                                      Case No. 3:14-cv-00560-SI

1    The fact that each class member's damages might need to be calculated individually does

2    not change the fact that common questions predominate. *See Blackie v. Barrack*, 524 F.2d 891,

3    905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not

4    defeat class action treatment"); *Jordan v. Paul Financial, LLC*, 285 F.R.D. 435, 447 (N.D. Cal.

5    2012).

6    Further, this argument ignores Plaintiffs' request for an injunction against enforcement of

7    the Warranty Exclusions and the Claims Suppression Strategy and mandating that BP publicize

8    the risk of fire.  This request for an injunction raises no uncommon issues.

9    **G.      Adequacy of Representation Issues Do Not Justify Striking the Class**

10            **Allegations.**

11   Defendants argue that the Court should strike the class allegations because Plaintiffs are

12   not adequate representatives of the class.  This argument is based on the contention that Plaintiffs

13   are consumers entitled to assert claims which non-consumers are not entitled to assert.[6]

14   Initially, this argument does not – even in principle – support the relief requested by

15   Defendants.  As Defendants acknowledge, the class definition includes six subclasses, three of

16   which are limited to consumers and three of which are not.  Even if it were true that the claims of

17   consumer plaintiffs are so different that they could not represent non-consumers adequately, the

18   maximum relief to which Defendants would be entitled is an amendment of the class definition to

19   exclude the non-consumer classes.

20   Second, a class representative's claims do not need to be identical to those of all class

21   members.  Representation is adequate if: (1) the class representative and counsel do not have any

22   conflicts of interest with other class members; and (2) the representative plaintiff and counsel will

23   prosecute the action vigorously on behalf of the class.  *Staton v. Boeing Co.*, 327 F. 3d 938,

24   957-59 (9th Cir. 2003).   This determination is made in light of the factual and legal context of the

25   particular claims.

26   In *Staton*, the Ninth Circuit held that the plaintiffs could represent adequately a class

27   which included both supervisory and non-supervisory employees.  Distinguishing a prior Ninth

28   _____
     [6] Almost all of the authorities cited by Defendants are addressed to this uncontested fact.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

Circuit decision rejecting such representation, the court held that adequacy of representation must

be assessed on a case-by-case basis:

*Wagner* did not, however, adopt any *per se* rule concerning adequacy of representation
where the class includes employees at different levels of an employment hierarchy. We
decline to do so as well. The question whether employees at different levels of the internal
hierarchy have potentially conflicting interests is context-specific and depends upon the
particular claims alleged in a case.
*Staton*, 327 F. 3d at 958.[7]

In this case, the Court will need to make a number of determinations before the question

of adequate representation can be addressed meaningfully. Not least among these is what

questions can be certified for class treatment irrespective of representation issues. Then the Court

will need to consider whether Plaintiffs may pursue such claims without conflict and whether

they are willing and able to represent all subclasses. These issues cannot be determined in the

absence of class discovery and the development of a fair class certification record.

Finally, even if Defendants were correct, Plaintiffs would have the option of asking the

Court to permit them to add a non-consumer class representative.

### H.    Defendants' Arguments Concerning Claim-Splitting Are Unfounded

### and Premature.

Defendants argue that Plaintiffs may not proceed on any claim unless they can bring every

claim any class member could bring. Defendants argue that to do so would allow "claim-

splitting" and risk a judgment which would bar unnamed class members from bring any claim not

brought by Plaintiffs. They further argue that this alleged fact would make Plaintiffs inadequate

representatives of the class. This argument is both unsound and premature.

First, Defendants' argument ignores the existence of Rule 23(c)(4) which expressly

permits the Court to try only some issues on a class-wide basis.

Second Defendants' cites do not support their argument. Defendants cite *Vietnam*

*Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 216 (N.D. Cal. 2012) for the proposition that the court

denied "class certification after finding that representative plaintiffs did not have standing to bring

---

[7] The Court's decision was based in part – but not exclusively – on the fact that the class
representatives included both supervisory and non-supervisory employees. The holding is
significant because it makes clear that the assessment of adequacy of representation under Rule
23(a)(4) depends on the factual and legal background of the certified claims.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ACTION ALLEGATIONS

claims available to other members of the proposed class." The court in *Vietnam Veterans*

certified the class and said nothing about "claim-splitting" at all.[8]

*Krueger v. Wyeth, Inc.*, 2008 WL 481956 (S.D. Cal. 2008) at *2-*4 was followed by

*Krueger v. Wyeth, Inc.*, 2011 WL 8971449 (S.D. Cal. 2011) where the court held that plaintiff had

solved the adequacy problems raised in the original decision precisely by dropping claims for

personal injury from the class. *Id*. at *1. "Claim-splitting" was the solution to class issues in that

case, not the problem.

This Court has held that the representative plaintiff need not pursue all potential claims

where it is not in the best interests of the class:

> [A]fter Plaintiff conducted discovery on these matters, she apparently concluded

> that the theories she now asserts afford the greatest likelihood of success on behalf
> of the class. Moreover, as Defendant contends in its opposition brief, a claim based
> on the suitability of its annuities could require an individualized inquiry into each

> class member's circumstances. Defendant cannot claim that Plaintiff is inadequate
> because she declines to assert a theory that could unravel the putative class.

*Kennedy v. Jackson Nat. Life Ins. Co*, 2010 WL 2524360 (N.D. Cal. June 23, 2010) at *5.

The Court has not yet decided Defendants' motion to dismiss. Nor has it had any

occasion to consider which claims can be addressed on a class-wide basis. Concerns over "claim-

splitting" are both unfounded and premature.

## III.     CONCLUSION

For the reasons stated, the Motion should be denied.

DATED: March 13, 2014                          BIRKA-WHITE LAW OFFICES

By:    /s/ Stephen Oroza

          STEPHEN OROZA
          *Attorneys for Individual and Representative*

          *Plaintiffs* MICHAEL ALLAGAS,
          ARTHUR  RAY and BRETT MOHRMAN

[8] The page cited by Defendants states only that veterans were not adequate representatives of
survivors or personal representatives in asserting claims against the Department of Veteran's

Affairs.