1   David M. Birka-White (State Bar No. 85721)
    dbw@birka-white.com
2   Stephen Oroza (State Bar No. 84681)
    soroza@comcast.net
3   Mindy M. Wong (State Bar No. 267820)
    mwong@birka-white.com
4   BIRKA-WHITE LAW OFFICES
    65 Oak Court
5   Danville, CA 94526
    Telephone:  (925) 362-9999
6   Facsimile:  (925) 362-9970

7   *Attorneys for Individual and Representative
    Plaintiffs* Michael Allagas, Arthur Ray, and
8   Brett Mohrman

9                   **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11                     **SAN FRANCISCO DIVISION**

12  MICHAEL ALLAGAS, ARTHUR RAY and        Case No.  3:14-cv-00560-SI
    BRETT MOHRMAN, on behalf of
13  themselves and all others similarly situated,   **PLAINTIFFS' MEMORANUM OF**
                                            **POINTS AND AUTHORITIES IN**
14                    Plaintiffs,           **OPPOSITION TO DEFENDANTS'**
                                            **MOTION TO DISMISS**
15         vs.
                                            *The Honorable Susan Y. Illston*
16  BP SOLAR INTERNATIONAL, INC.,
    HOME DEPOT U.S.A., INC. and            Date:     April 18, 2014
17  DOES 1-10, inclusive,                  Time:     9:00 a.m.
                                            Crtm:     10
18                    Defendants.
                                            Action Filed:  February 6, 2014
19                                          Trial Date:    TBD

20

21

22

23

24

25

26

27

28

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

                                                        Case No. 3:14-cv-00560-SI

                OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................ 1

II.     THE COMPLAINT ..................................................................................... 1

        A.      The Warranty Exclusions and the Claim Suppression Strategy............... 1

III.    ARGUMENT ............................................................................................... 3

        A.      Standards Governing This Motion.................................................... 3

        B.      Plaintiffs State Plausible Express Warranty Claims .............................. 5

        C.      Plaintiffs State Plausible Implied Warranty Claims ............................. 7

        D.      Plaintiffs' Implied Warranty Claims Are Not Time-Barred ................... 9

        E.      Plaintiffs State Plausible Claims Under the CLRA.............................. 10

                1.      The Statements Challenged By Plaintiff are not "Puffery" ...................... 11

                2.      Plaintiffs State Plausible CLRA Claims Based on Misrepresentations
                        and Omissions Concerning the Risk of Fire ............................... 12

                3.      Plaintiffs State Plausible Claims Based on BP's Safety-Related
                        Omissions ................................................................................. 13

                4.      Plaintiffs State Plausible CLRA Claims Based on BP's Representations
                        and Omissions Concerning the Benefits of Owing the Solar Panels ........ 14

                5.      Plaintiffs Plead a Plausible CLRA Claim Based on the Inclusion in the
                        Warranty of Unconscionable Provisions.................................................. 16

        F.      Plaintiffs Plead Plausible UCL Claims ................................................ 16

                1.      Plaintiffs Plead Plausible UCL Claims Based Upon BP's Unlawful
                        Conduct ..................................................................................... 16

                2.      Plaintiffs Plead Plausible UCL Claims Based On The "Fraudulent"
                        Prong ......................................................................................... 16

                3.      Plaintiffs Plead Plausible UCL Claims Based on the Unfair Prong........... 21

        G.      If The Court Finds That Any Claim is Pled Insufficiently, Plaintiffs Should be
                Permitted to Amend ................................................................................ 25

IV.     CONCLUSION ........................................................................................... 25

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

i                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

# <u>TABLE OF AUTHORITIES</u>

2

## FEDERAL CASES

3

*al-Kidd v. Ashcroft*
  580 F.3d 949 (9th Cir.2009)...................................................................................4

4

*Anunziato v. eMachines, Inc.*
  402 F. Supp. 2d 1133 (C.D. Cal. 2005) ........................................................8, 12

5

*Ashcroft v. Iqbal*
  129 S. Ct. 1937 (2009) .................................................................................3, 4

6

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)..........................................................................................3

7

*Berenblat v. Apple, Inc.*
  2009 WL 2591366 (N.D. Cal. Aug. 21, 2009) ..............................................9

8

9

*Cartwright v. Viking Industries, Inc.*
  249 F.R.D. 351 (E.D. Cal. 2008) ...................................................................8

10

*Chandler v. Chiron Corp.,*
  1997 WL 464827 (N.D. Cal. July 28, 1997) .................................................8

11

*Cholakyan v. Mercedes–Benz USA, LLC*
  796 F. Supp. 2d 1220 (C.D. Cal. 2011) ......................................................23

12

13

*Cirulli v. Hyundai Motor Co.*
  2009 WL 5788762 (C.D. Cal. 2009)............................................................20

14

*Clemens v. Daimler Chrysler Corp.*
  534 F.3d 1017 (9th Cir. 2008)........................................................................8

15

*Coastal Abstract Serv. v. First Am. Title Ins. Co.*
  173 F.3d 725 (9th Cir.1999).........................................................................12

16

*Davis v. HSBC Bank Nevada, N.A.*
  691 F.3d 1152 (9th Cir. 2012).......................................................................21

17

*Ehrlich v. BMW of N. Am., LLC*
  801 F. Supp. 2d 908 (C.D. Cal. 2010) ...............................................8, 10, 23

18

19

*Falco v. Nissan North America Inc.*
  2013 WL 5575065 (C.D. Cal. 2013)....................................................10, 22, 23

20

*Foman v. Davis*
  371 U.S. 178 (1962).......................................................................................25

21

*Gilligan v. Jamco Development Corp.*
  108 F.3d 246 (9th Cir. 1997)..........................................................................4

22

*Gonzalez v. Drew Indus., Inc.*
  750 F. Supp. 2d 1061 (C.D. Cal. 2007) ........................................................8

23

24

*Gusse v. Damon Corp.*
  470 F. Supp. 2d 1110 (C.D. Cal 2007) ......................................................7, 8

25

*In re Apple and AT & T iPad Unlimited Data Plan Litigation*
  802 F. Supp. 2d 1070 (N.D.Cal. July 18, 2011)......................................4, 20

26

*In re Gilead Scis. Sec. Litig.*
  536 F. 3d 1049 (9th Cir.2008)........................................................................4

27

28

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

ii

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*In re Porsche*
  880 F. Supp. 2d 801 (S.D. Ohio 2012) .................................................................23

*In re Toyota Motor Corp.*
  754 F. Supp. 2d 1145 (C.D. Cal. 2010) .........................................................8, 9, 23

*Jekowsky v. BMW of North America*, LLC
  2013 WL 6577293 (N.D. Cal. Dec. 13, 2013) .....................................................10

*Jou v. Kimberly-Clark Corporation*
  2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) .....................................................11

*Keegan v. American Honda Motor Co., Inc.*
  838 F. Supp. 2d 929 (C.D. Cal. 2012) .........................................................8, 10, 23

*Lopez v. Smith*
  203 F. 3d 1122 (9th Cir. 2000)...........................................................................4, 25

*MacKenzie v. Chrysler Corp.*
  607 F. 2d 1162 (5th Cir.1979).................................................................................7

*Majdipour v. Jaguar Land Rover North America, LLC*
  2013 WL 5574626 (D.N.J. October 9, 2013).........................................................10

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
  519 F. 3d 1025 (9th Cir. 2008)...............................................................................25

*Marchante v. Sony Corp. of America, Inc.*
  801 F. Supp. 2d 1013 (S.D. Cal. 2011)..................................................................10

*McDougal v. County of Imperial*
  942 F.2d 668 (9th Cir. 1991)....................................................................................4

*MGIC Indemn. Corp. v. Weisman*
  803 F. 2d 500 (9th Cir.1986)....................................................................................4

*Milicevic v. Fletcher Jones Imports, Ltd.*
  402 F. 3d 912 (9th Cir.2005)....................................................................................7

*Rahman v. Mott's LLP*
  2014 WL 325241 (N.D. Cal. Jan. 29, 2014) ...........................................................4

*Roberts v. Electrolux Home Products, Inc.*
  2013 WL 7753579 (C.D. Cal. 2013)..............................................................8, 9, 10

*Stearns v Ticketmaster*
  655 F.3d 1013 (9th Cir. 2009)...........................................................................17, 18

*Stearns v. Select Comfort Retail Corp.*
  2009 WL 1635931 (N.D.Cal. June 5, 2009) ......................................................6, 24

*Tietsworth v. Sears, Roebuck and Co.*
  2009 WL 1363548 (N.D. Cal. May 14, 2009) .........................................................9

*Tietsworth v. Sears, Roebuck and Co.*
  2009 WL 3320486 (N.D. Cal. Oct. 13, 2009).........................................................8

*United States v. Ninety–Five Barrels More or Less of Alleged Apple Cider Vinegar*
  265 U.S. 438 (1924)................................................................................................11

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003)...................................................................................4

*Washington v. Baenziger*
  673 F. Supp. 1478 (N.D.  Cal. 1987) .....................................................................20

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

iii

*Williams v. Gerber Products Co.*
552 F.3d 934 (9th Cir. 2008).................................................................................4, 11, 12

*Williams.  Rahman v. Mott's LLP*
2014 WL 325241 (N.D. Cal. Jan. 29, 2014) ..........................................................11

**STATE CASES**

*Bank of West v. Superior Court*
2 Cal. 4th 1254 (1992)...........................................................................................11

*Barnhouse v. City of Pinole,*
133 Cal. App. 3d 171 (1982)..................................................................................19

*Boschma v. Home Loan Center, Inc.*
198 Cal. App. 4th 230 (2011) ................................................................................21

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*
20 Cal. 4th 163 (1999) ...........................................................................................21

*City of Industry v. City of Fillmore,*
198 Cal. App. 4th 191 (2011) ................................................................................18

*Daugherty v. Am. Honda Motor Co., Inc.*
144 Cal. App. 4th 824 (2007) ..........................................................................13, 15

*Geernaert v. Mitchell,*
31 Cal. App. 4th 601 (1995) .............................................................................18, 19

*Gilbert Financial Corp. v. Steelform Contracting Co.*
82 Cal. App. 3d 65 (1978).........................................................................................8

*Grinnell v. Charles Pfizer & Co.*
274 Cal. App. 2d 424 (1969) ..................................................................................18

*In re Tobacco II Cases*
46 Cal. 4th 298 (2009) ............................................................................................17

*LiMandri v. Judkins*
52 Cal. App. 4th 326 (1997) .........................................................................13, 14, 15

*Lovejoy v. AT&T Corp.*
92 Cal. App. 4th 85 (2001) .....................................................................................18

*Massachusetts Mutual Life Ins. Co. v. Superior Court*
97 Cal. App. 4th 1281 (2002) .................................................................................17

*McKell v. Washington Mut., Inc.*
142 Cal. App. 4th 1457 (2006) ...............................................................................21

*Mexia v. Rinker Boat Co., Inc.*
174 Cal. App. 4th 1297 (2009) ...........................................................................9, 10

*Shapiro v Sutherland,*
64 Cal.App.4th 1534 (1998) ...................................................................................19

*South Bay Chevrolet v. General Motors Acceptance Corp.*
72 Cal. App. 4th 861 (1999) ...................................................................................16

*Thrifty-Tel, Inc. v. Bezenek,*
46 Cal. App. 4th 1559 (1996) .................................................................................18

*Toole v. Richardson–Merrell Inc.*
251 Cal. App. 2d 689 (1967)...................................................................................18

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

iv

Case No. 3:14-cv-00560-SI

# FEDERAL RULES AND STATUTES

15 U.S.C.
    § 45(a) ............................................................................................................ 21
    § 2304 .............................................................................................................. 7
    § 2304(a) .......................................................................................................... 7
    § 2304(a)(3) ...................................................................................................... 7

Fed. R. Civ. P.
    9(b) ............................................................................................................. 4,11
    12(b)(6) ............................................................................................................ 3
    15(a)(2) ........................................................................................................... 25

# STATE STATUTES

Cal. Civ. Code
    § 1770(a)(19) ................................................................................................. 16
    § 1790.1 ........................................................................................................... 6
    § 1791.1(c) ....................................................................................................... 9
    § 1792 .............................................................................................................. 8
    § 1793.2(d) ...................................................................................................... 6
    § 1794 .............................................................................................................. 6

Cal. Comm. Code
    § 2714 .............................................................................................................. 6
    § 2715 .............................................................................................................. 6
    § 2725(1) .......................................................................................................... 9
    § 2725(2) .......................................................................................................... 9

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

1    **I.      INTRODUCTION**

2            Plaintiffs file this opposition to the motion of Defendants BP Solar International, Inc.

3    ("BP") and Home Depot U.S.A., Inc. ("Home Depot") (collectively, "Defendants") to dismiss the

4    Complaint ("Motion").  As detailed below, the Motion does not fairly summarize the allegations

5    of the Complaint and misstates or omits to address many of the legal principles which govern the

6    Motion.  The Motion should be denied.

7    **II.     THE COMPLAINT**

8            A proper assessment of the Motion requires a clear understanding of what is at issue in

9    this litigation.  This case is not about whether the photovoltaic modules manufactured by BP

10   ("Solar Panels") are defective.  BP has acknowledged the defect and has been out of the solar

11   panel business since 2010.  It is now in the "business" of handling claims arising from the defects

12   in the Solar Panels.  This case is about the remedies to which BP's customers are entitled and

13   whether BP dealt honestly with purchasers in: (1) disclosing and addressing the very real risk of

14   fire resulting from the defect; and (2) handling claims arising from the failure of the Solar Panels.

15         **A.      The Warranty Exclusions and the Claim Suppression Strategy**

16           In its discussion of the Complaint, BP does not address fairly the substance of Plaintiffs'

17   claims under the CLRA and UCL relating to what are referred to in the Complaint as the

18   "Warranty Exclusions" and BP's "Claim Suppression Strategy."  The Complaint alleges that BP's

19   written warranties contain a number of unenforceable and unfair provisions which are intended to

20   reduce the number of claims it receives and the amount it pays in claims.  The Warranty

21   Exclusions are:

22           a.  BP disclaims responsibility for "the costs of any on-site labor and any costs
              associated with the installation, removal, reinstallation or transportation of [the
23            Solar Panels] or any components thereof for service;"

24           b.  BP purports to disclaim any implied warranties, including the warranties of
              merchantability and fitness for a particular use;

25           c.  BP purports to disclaim responsibility for "any special incidental, consequential
              or punitive damages arising from the use or loss of use of or failure of [the Solar
26            Panels] to perform as warranted, including but not limited to damages for lost
              services, cost of substitute services, lost profits or savings, and expenses arising
27            out of third-party claims;"

28           d.  The Warranty purports to limit BP's "maximum liability under any warranty,
              expressed, implied, or statutory, or for any manufacturing or design defects" to

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

1                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

"the purchase price of the product;"

e.   The Warranty purports to provide that it is the "purchaser's exclusive remedy for breach of warranty or for manufacturing or design defects;" and

f.   The Warranty purports to require that "[a]ny claim or dispute arising under or in connection with this warranty certificate must be brought in the courts of the State of Maryland, U.S.A."

*Complaint*, ¶ 27.

As alleged in the Complaint, none of these provisions is enforceable under applicable law.[1]  As also detailed in the Complaint, the Warranty Exclusions operate to discourage valid claims and preclude recovery by Plaintiffs and the Class of the most significant elements of their damage, the cost of labor to replace the panels and the cost of power which consumers were told they could avoid by purchasing the Solar Panels.  *Complaint*, ¶¶ 50-54.

BP's offers to claimants and Plaintiffs reflect these Warranty Exclusions.  BP has made two public offers – described in the Complaint as the 2009 and 2010 Offers – to purchasers of its defective products.  Both offers limit compensation to: (1) $475 to investigate the claims; and (2) a fixed amount per defective module ($100 in 2009 and between $40 and $100 per module in 2010, declining as the number of defective modules increases).  *Complaint*, ¶¶ 43 and 44 and Exhibits H and I.  These amounts are far less than is required to remove and replace the defective panels and compensate Plaintiffs and the Class for lost electricity.  As detailed below, the offers made by BP to the named Plaintiffs are also grossly inadequate (approximately one-third of the actual replacement cost) and exclude investigation costs and consequential damages.

BP initially failed to disclose and then materially understated the risk of fire resulting from the defect in the Solar Panels. When the junction box fails, it generates heat from 2000-3000 degrees Fahrenheit, shatters the glass covering and can ignite flammable material in the area. Fires caused by the Solar Panels have occurred.  *Complaint*, ¶¶ 18-19.

Although BP has known of this risk since at least 2005, it was first publicly acknowledged in a Product Advisory issued in 2012. *Complaint*, ¶¶ 45, 47 and Exhibit J.  The Advisory states that the risk is limited to a small number of models and a very limited range of conditions.

---

[1] In the Motion, Defendants have asserted that some of these provisions are enforceable.  For the reasons stated at pages 5-10 *infra*, Defendants are incorrect about the enforceability of those exclusions it addresses.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

2

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  *Complaint*, ¶¶ 45-46.  In fact, the risk exists for all models and in a much wider range of

2  conditions than are stated in the Advisory.  *Complaint*, ¶46.  The Complaint alleges that BP's

3  failure to disclose this risk induced both Plaintiffs and the Class to purchase the Solar Panels and,

4  subsequently, not to act earlier than they did and thus to incur unnecessary risk and loss.

5  *Complaint*, ¶ 86.

6         BP also insists that every claimant surrender possession of the failed Solar Panels to BP

7  and has threatened to sue an installer who did not return all panels to BP.  *Complaint*, ¶ 52.  This

8  practice precludes experts from analyzing the panels and demonstrating the fire hazard posed by

9  the defect.  *Complaint*, ¶ 53.  Plaintiffs allege that BP utilized the Warranty Exclusions, the 2009

10 and 2010 Offers and the Claim Suppression Strategy to under-compensate owners by picking

11 them off one at a time and ensuring that there will be no proceeding in which the safety of the

12 Solar Panels and the validity of the Warranty Exclusions can be challenged on behalf of all

13 claimants. *Complaint*, ¶ 54.

14        These practices form part of the basis for Plaintiffs' CLRA claim, its UCL "unfairness"

15 claim and its request for an injunction against the continuation of these practices, including an

16 order mandating the disclosure of the risk of fire.  *Complaint*, ¶¶ 160-162, Prayer for Relief, ¶ 4.

17 **III.   ARGUMENT**

18      **A.   Standards Governing This Motion**

19        The Court has recently stated the standards for assessing motions to dismiss under Federal

20 Rule of Civil Procedure 12(b)(6):

21     To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough
   facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*
22     *Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the
   plaintiff to allege facts that add up to "more than a sheer possibility that a
23     Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).
   While courts do not require "heightened fact pleading of specifics," a plaintiff must
24     allege facts sufficient to "raise a right to relief above the speculative level."
   *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or
25     'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556
   U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it
26     tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. (*quoting
   Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of
27     a complaint, they must be supported by factual allegations." *Id*.

28

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

3

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir.2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (citations and internal quotation marks omitted).

2

3

4

5

6

7

8

9

*Rahman v. Mott's LLP*, 2014 WL 325241 (N.D. Cal. Jan. 29, 2014) at *2.

10 Under these standards, it is a "rare situation in which granting a motion to dismiss is

11 appropriate." *Williams v. Gerber Products Co.*, 552 F.3d 934, 939 (9th Cir. 2008); *Gilligan v.*

12 *Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (motion under Rule 12(b)(6) is

13 "viewed with disfavor" and "rarely granted"); *McDougal v. County of Imperial*, 942 F.2d 668,

14 676 (9th Cir. 1991) (same); *Burlington Ins. Co. v. Devdhara*, 2009 WL 2901624 (N.D. Cal. Sept.

15 3, 2009) at *5 (same).

16 Federal Rule of Civil Procedure 9(b) also requires that, "when averments of fraud are

17 made, the circumstances constituting the alleged fraud 'be specific enough to give defendants

18 notice of the particular misconduct . . . so that they can defend against the charge and not just

19 deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106

20 (9th Cir. 2003) (citations omitted).  The allegations "must be accompanied by 'the who, what,

21 when, where, and how' of the misconduct charged." *Id*.

22 This "requirement of specificity is relaxed when the allegations indicate that the defendant

23 must necessarily possess full information concerning the facts of the controversy or when the

24 facts lie more in the knowledge of the opposite party." *In re Apple and AT & T iPad Unlimited*

25 *Data Plan Litigation*, 802 F. Supp. 2d 1070, 1075 (N.D. Cal. July 18, 2011). This is especially

26 true where "it is plausible that additional details regarding [defendant's] specific conduct will be

27 revealed through discovery."  *Id*.

28

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

4                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### B.    Plaintiffs State Plausible Express Warranty Claims

BP does not dispute that Mohrman's claim for breach of the express Power Warranty is sufficiently plead.  BP's sole challenge to the claims of Allagas and Ray under the Power Warranty is that the Complaint – as supplemented by Defendants' Request for Judicial Notice – establishes conclusively that BP discharged its obligations to them by making an offer to replace their Solar Panels.[2]

BP is not entitled to dismissal of the claims under the Power Warranty because: (1) it is not clear from the face of the Complaint or any matters allegedly subject to judicial notice that BP offered to pay the full cost of replacing the Solar Panels (nor, in fact, is it true); (2) even if BP had offered to replace the Solar Panels, it is not clear from the face of the Complaint that BP offered to compensate Plaintiffs for their consequential damages.

BP's assertions with respect to the Allagas and Ray claims are similar enough that Plaintiffs will address the facts of the Allagas claim as an example.  BP does not question the allegations that: (1) BP offered Allagas $6,720 based on a formula of $1.60 x 175 watts x 24 panels; (2) the cost of replacement of the Allagas Solar Panels will exceed $20,000; and (3) Allagas has claims for reimbursement of investigation expenses and the cost of power he incurred as a result of the failure of the panels.  *Complaint*, ¶ 61.  Nor could BP plausibly dispute that the $6,720 offer requires Plaintiffs must sign an agreement "which states that you will no longer be able to make claims with BP."  *Request for Judicial Notice*, Exhibit 2.

BP's argument rests entirely on its assertion that BP offered an "alternative remedy" to this plainly inadequate offer, stating: "If you choose not to take this option, we can replace all (24) BP modules with a 3rd party supplier, and our service provider would replace the modules, with the warranty continuing for the remaining years of your current warranty."  *Id.*  In the context of a motion to dismiss, BP would have the Court determine on the merits that *in a single*

---

[2] Plaintiffs have filed an objection to Defendants' Request for Judicial Notice to the extent that it allegedly "incorporates" e-mails sent by BP to Plaintiffs.  Because they cannot prudently do otherwise, Plaintiffs must address BP's position as though it is entitled to argue from these e-mails.  By addressing the argument made by BP based on the e-mails, Plaintiffs do not waive their objection to Defendants' Request for Judicial Notice.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*e-mail* BP offered Allagas $6,720, for which he would have to forego any other claim against BP or, alternatively, over $20,000 in replacement value without any release of claims.

This contention should not be addressed on its limited merits based solely on the allegations of the Complaint and one additional piece of information the Court is asked to consider. The danger of doing so is best evidenced by the allegations made by Defendants in their moving papers. Defendants state that "Ray never notified BP of any claim for lost power production until he filed suit." *Motion* at 5. In fact, Plaintiffs' counsel made a written demand for Ray's lost power production by letter dated November 27, 2013. *Declaration of David M. Birka-White* and Exhibit 1 thereto.[3]

Even if BP's argument that it simultaneously offered Plaintiffs the opportunity to choose between full replacement value and one-third replacement value were plausible and resolvable on the basis of the pleadings alone (*i.e.*, if it were obvious from the Complaint alone that there were no other communications concerning this offer or any other relevant facts to consider), BP's alleged offer of full performance does not include incidental damages or consequential damages for loss of power. It is therefore not an offer of full performance.

BP argues that this fact is irrelevant because its waiver of consequential damages is enforceable under Song-Beverly. BP is wrong.[4] Cal. Civ. Code § 1790.1 – which BP does not address – provides: "Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void." Under Cal. Civ. Code § 1794, a plaintiff has, in addition to other rights, the right to consequential damages under Comm. Code § 2715.[5]

---

[3] There is a great deal to know about this alleged "replacement offer" and the circumstances which surround it beyond what is in the pleadings. For reasons which are beyond the scope of this motion, it is not easy to replace the Solar Panels because of the size of the mounts attached to the roof and BP's record in this area should be explored on the merits.

[4] *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931 at *6 (N.D. Cal. June 5, 2009) , cited by Defendants for this proposition, is irrelevant because it does not involve a claim under Song-Beverly.

[5] Cal. Civ. Code § 1794 provides, in pertinent part: (b) The measure of the buyer's damages in an action under this section shall include the rights of replacement or reimbursement as set forth in subdivision (d) of Section 1793.2, and the following: . . . (2) Where the buyer has accepted the goods, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1    Under California Commercial Code § 2715:  "Consequential damages resulting from the

2    seller's breach include (a) Any loss resulting from general or particular requirements and needs of

3    which the seller at the time of contracting had reason to know and which could not reasonably be

4    prevented by cover or otherwise; and (b) Injury to person or property proximately resulting from

5    any breach of warranty."  BP cannot plausibly argue that it had no "reason to know" that the

6    "general requirements" of a purchaser of Solar Panels included the requirement to generate power

7    with the cells.

8    BP's argument that its waivers are enforceable under 15 U.S.C. § 2304(a)(3) is also

9    incorrect.   BP acknowledges that because Magnuson-Moss simply creates a federal cause of

10   action for violation of state warranty law, the sufficiency of Plaintiffs' Magnuson-Moss claims is

11   assessed under state substantive law.  Nothing in 15 U.S.C. § 2304 changes this result.

12   This provision simply describes the "minimum standards" for a "full warranty" under

13   federal law.  It does not validate any provision which is invalid under state law.

14   > Breach of an express limited warranty provides a federal cause of action under 15
> U.S.C. § 2310(d)(1). *See Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912,
15   > 919 n. 4 (9th Cir.2005).  However, the federal remedies described in 15 U.S.C.
> § 2304(a) only apply to full warranties. (*Id.*) The Magnuson–Moss Act is
16   > "virtually silent as to the amount and type of damages which may be awarded for
> breach of an express limited warranty." *MacKenzie v. Chrysler Corp.*, 607 F.2d
17   > 1162, 1166 (5th Cir.1979). Thus, courts must look to state substantive law to
> determine the remedies for breach of an express limited warranty.
18

19   *Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1116-1117 (C.D. Cal 2007).  As *Gusse* makes

20   clear, 15 U.S.C. §2304(a) provides only that a "full" warranty under federal law may include a

21   conspicuous waiver of consequential damages.  It does not purport to permit a waiver in any

22   warranty – full or limited – which state law would prohibit.

23   Because nothing in the Complaint or any matter of which judicial notice may be taken

24   demonstrates that BP offered Allagas or Ray the relief to which they are entitled their claims are

25   stated sufficiently.

26   **C.     Plaintiffs State Plausible Implied Warranty Claims**

27   All Plaintiffs assert implied warranty claims under Song-Beverly.  Defendants argue that

28   Plaintiffs cannot assert this claim because they are not in privity with BP.  *Motion* at 15-16.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

7                                  Case No. 3:14-cv-00560-SI
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  Song-Beverly does not require that BP and Plaintiffs be in privity.  Cal. Civ. Code §1792

2  provides:

3        Unless disclaimed in the manner prescribed by this chapter, every sale of
       consumer goods that are sold at retail in this state shall be accompanied by the

4        manufacturer's and the retail seller's implied warranty that the goods are
       merchantable.[6] The retail seller shall have a right of indemnity against the

5        manufacturer in the amount of any liability under this section.

6        The "plain language of section 1792 of the Song–Beverly Act does not impose a . . .

7  vertical privity requirement." *E.g.*, *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 908, 921

8  (C.D. Cal. 2010); *Clark v. LG Electronics U.S.A., Inc.*, 2013 WL 5816410 (S.D. Cal. 2013) at

9  *10; *Keegan v. American Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 946-47 (C.D. Cal. 2012);

10  *Gonzalez v. Drew Indus., Inc.*, 750 F. Supp. 2d 1061, 1072 (C.D. Cal. 2007); *Gusse v. Damon*

11  *Corp.*, 470 F. Supp. 2d at 1116 n. 9 (C.D. Cal. 2007).[7]

12        Moreover, where the consumer is the intended beneficiary of an express warranty issued

13  by the manufacturer – which Defendants do not deny – the plaintiff is an intended beneficiary of

14  the implied warranties existing in the contract between the manufacturer and the initial purchaser.

15  *Roberts v. Electrolux Home Products, Inc.*, 2013 WL 7753579 (C.D. Cal. 2013) at *9.  *Roberts*

16  discusses at some length the many cases in which this rule has been applied:

17        [C]ourts have found that consumers can assert implied warranty claims in this
       factual context as third-party beneficiaries of agreements between the

18        manufacturer and retailer. *See In re Toyota Motor Corp. Unintended Acceleration
       Mktg., Sales Practices, & Products Liab. Litig.*, 754 F.Supp.2d 1145, 1184—85

19        (C.D.Cal.2010); *Keegan v. American Honda Motor Co., Inc.*, 838 F.Supp.2d 929,
       947 (C.D.Cal.2012) (following *Toyota* ). The basis of this third-party beneficiary

20        exception is the California court of appeals decision *Gilbert Financial Corp. v.
       Steelform Contracting Co.*, 82 Cal.App.3d 65, 69 (1978), which held that a

21        plaintiff homeowner could assert an implied warranty claim against a
       subcontractor as a third party beneficiary of the agreement between the contractor

22        and subcontractor. *Id.*, *see also Cartwright v. Viking Industries, Inc.*, 249 F.R.D.
       351, 356 (E.D. Cal. 2008) (discussing *Gilbert*); *In re Toyota*, 754 F.Supp.2d at

23        1184 (discussing *Gilbert*). Applying the holding of *Gilbert*, these decisions reason

24  _____
  [6] Defendants do not contend that the implied warranties are disclaimed in the manner required by
25  Song-Beverly.
  [7] The authorities cited by Defendants are not to the contrary.  Neither *Clemens v. Daimler
26  Chrysler Corp.* 534 F.3d 1017 (9th Cir. 2008) nor *Chandler v. Chiron Corp.*, 1997 WL 464827
  (N.D. Cal. July 28, 1997) involves a Song-Beverly claim.  *Anunziato v. eMachines, Inc.*, 402 F.
27  Supp. 2d 1133 (C.D. Cal. 2005) and *Tietsworth v. Sears, Roebuck and Co.*, 2009 WL 3320486
  (N.D. Cal. Oct. 13, 2009) involve Song-Beverly claims but both discuss the issue of privity based
28  solely on general principles of California law.  The effect of Cal. Civ. Code §1792 is not
  discussed.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

8                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

that "where a plaintiff pleads that he or she is a third-party beneficiary to a contract that gives rise to the implied warranty of merchantability, he or she may assert a claim for the implied warranty's breach." *In re Toyota*, 754 F. Supp. 2d at 1185.

*Id.*

Plaintiffs' implied warranty claims under Song-Beverly and general California law do not require privity and are pled sufficiently.

### D.    Plaintiffs' Implied Warranty Claims Are Not Time-Barred

Defendants argue that a claim for breach of implied warranty under Song-Beverly must be brought within one year of the sale of the goods, *citing Tietsworth v. Sears, Roebuck and Co.*, 2009 WL 1363548 (N.D. Cal. May 14, 2009) at *3.  Judge Fogel, who decided *Tietsworth*, recognized that this proposition is no longer tenable in light of *Mexia v. Rinker Boat Co., Inc.*, 174 Cal. App. 4th 1297, 1306 (2009).  *Berenblat v. Apple, Inc.*, 2009 WL 2591366 (N.D. Cal. Aug. 21, 2009) at *4 n.5.

The statute of limitations for an implied warranty claim under Song-Beverly is governed by Commercial Code § 2725(1) which requires that an action be brought within four years of accrual.  *Mexia*, 174 Cal. App. 4th at 1306.   Under Commercial Code § 2725(2), "where a warranty explicitly extends to future performance of the goods" a cause of action for breach of warranty accrues on discovery of the facts underlying the breach.  *Id.*[8]  Under Song-Beverly, the implied warranty of merchantability extends to future performance because Song-Beverly provides "an express provision for a duration of the implied warranty of merchantability."  *Id.* at 1304.[9]

Accordingly, an implied warranty claim under Song-Beverly based on a latent defect does not accrue until plaintiff discovers (or reasonably should have discovered) the facts giving rise to

---

[8] Commercial Code § 2725(2) provides: "A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance *the cause of action accrues when the breach is or should have been discovered*." (Emphasis added.)

[9] The duration of an implied warranty under Song-Beverly is "coextensive in duration with an express warranty which accompanies the consumer goods . . . but in no event shall such implied warranty have a duration of less than 60 days nor more than one year following the sale of new consumer goods to a retail buyer."  Cal. Civ. Code § 1791.1(c).  "One innovation of the Song-Beverly Act is an express provision for a duration of the implied warranty of merchantability. . . . The Uniform Commercial Code, by contrast, did not expressly set forth a duration of the warranty."  *Mexia*, 174 Cal.App.4th at 1304.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1   the claim.  E.g., *Ehrlich v. BMW of North America*, 801 F. Supp. 2d 908, 925 (C.D. Cal. 2010)

2   (citing *Mexia*, court holds that where plaintiff purchased vehicle in 2004, action brought in 2010

3   is timely where plaintiff did not discover facts constituting breach until 2008); *Keegan v.*

4   *American Honda Motor Company, Inc.*, 284 F.R.D. 504, 527 (C.D. Cal. 2012); *Falco v. Nissan*

5   *North America Inc.*, 2013 WL 5575065 (C.D. Cal. 2013) at *10.[10]

6         Plaintiffs all allege that they were not, and could not have been, aware of the defect in the

7   Solar Panels until the defect manifested itself shortly before this case was filed.  *Complaint*,

8   ¶ 84.[11]  Their claims are not time-barred.

9         **E.      Plaintiffs State Plausible Claims Under the CLRA**

10        Plaintiffs have asserted a claim under the CLRA based upon: (1) affirmative

11   misrepresentations and omissions concerning the quality and characteristics of the Solar Panels;

12   (2) omissions and misrepresentations concerning the risk of fire posed by the  defective junction

13   box; and (3) the inclusion of unconscionable provisions in its warranty documents.

14   *Complaint*, ¶ 92.

15        BP's CLRA argument essentially ignores the last two issues.  With respect to the first

16   issue, BP argues that Plaintiffs' claims are legally deficient because they are: (1) premised upon

17   [10] Defendants' attempts to distinguish and marginalize *Ehrlich* are unavailing.  Defendants argue
18   that *Ehrlich*'s holding depends on BMW's "failed effort to satisfy its express warranty obligations
     prevented consumers from learning that the product was not merchantable until the express
     warranty period ended."  *Motion* at 12 n.8.  There is nothing in *Ehrlich* to support this
19   proposition.  *Ehrlich* holds that only that the plaintiff's discovery of his claim occurred when
     BMW refused to repair his vehicle in 2008.  *Ehrlich*, 810 F. Supp. 2d at 924.
20
21   Nor, as Defendants suggest, have courts declined to follow *Mexia*.  *E.g., Jekowsky v. BMW of*
     *North America*, LLC, 2013 WL 6577293 (N.D. Cal. Dec. 13, 2013)  at *3   ("*Mexia* is a
22   thoroughly reasoned, published opinion by a California Court of Appeal that is less than five
     years old. The court took into account the statutory history, its language, and its purpose in
23   reaching its decision. It ultimately concluded that applying the durational limits to latent defects
     that existed at the time of sale and manifest after those limits expire is 'unsupported by the text of
24   the statute, legal authority, or sound policy.' ", *quoting Majdipour v. Jaguar Land Rover North*
     *America, LLC*, 2013 WL 5574626 (D.N.J. 2013) at *23).  *Marchante v. Sony Corp. of America,*
25   *Inc.*, 801 F.Supp.2d 1013, 1020 (S.D. Cal. 2011) does not "decline to follow" *Ehrlich*.  It contains
     no discussion of *Ehrlich* (or the issue generally) and relies only on Judge Fogel's decision in
26   *Tietsworth.  See Roberts v. Electrolux Home Products, Inc.,* 2013 WL 7753579 (C.D. Cal. 2013)
     at *7 (Responding to contention "the holding of *Mexia* is a minority position" and that *Marchante*
27   should be followed, court holds: "*Marchante* provides no reason to disregard *Mexia*.")
     [11] Plaintiffs also allege that BP is estopped to assert a statute of limitations defense based on its
28   misrepresentations and omissions, an issue not addressed in the *Motion*.  *Complaint*, ¶¶ 84-86
     (heading "Statute of Limitations Issues").

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

10                                              Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

statements which are non-actionable "puffery"; and (2) they are not pled with the specificity required under Rule 9(b).  Neither assertion has any merit.

### 1.        The Statements Challenged By Plaintiff are not "Puffery"

The Ninth Circuit has provided clear guidance as to when CLRA and UCL claims must be dismissed because they are founded on "puffery."   BP's statements must be measured by their effect on a "reasonable consumer."  "Under the reasonable consumer standard, [plaintiffs] must "show that 'members of the public are likely to be deceived.' " *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008), *quoting Bank of West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

The challenged statements cannot be examined in isolation but must be evaluated in their context, including whether it is possible to make non-misleading statements concerning the same subject.  Thus, the Ninth Circuit has held that while the claim that a drink is "nutritious" might, standing alone, be considered puffery, the statement must be addressed in light of other statements made by the manufacturer:

> This statement certainly contributes, however, to the deceptive context of the packaging as a whole. Given the context of this statement, we decline to give Gerber the benefit of the doubt by dismissing the statement as puffery. "It is not difficult to choose statements, designs, and devices which will not deceive." *United States v. Ninety–Five Barrels More or Less of Alleged Apple Cider Vinegar*, 265 U.S. 438, 443, 44 S.Ct. 529, 68 L.Ed. 1094 (1924).

*Id*. at 939 n.3.

This Court has recently reaffirmed the principles stated in *Williams*.  *Rahman v. Mott's LLP*, 2014 WL 325241 (N.D. Cal. Jan. 29, 2014) at *7; *Jou v. Kimberly-Clark Corporation*, 2013 WL 6491158, (N.D. Cal. Dec. 10, 2013) at *5-*10.  The application of this standard to the representations and omissions alleged by Plaintiffs is discussed in the sections addressing the substantive claims.

/ / /

/ / /

/ / /

/ / /

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

11                          Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     **2.**     **Plaintiffs State Plausible CLRA Claims Based on Misrepresentations and Omissions Concerning the Risk of Fire**

A CLRA claim can be based on affirmative representations or omissions which are likely to mislead consumers.  Plaintiffs plead claims based on misstatements and actionable omissions concerning the risk of fire posed by the defect in the Solar Panels.  *Complaint*, ¶ 95.

     **a.**     **BP Affirmatively Misrepresented the Safety of the Solar Panels**

The Complaint alleges that BP made numerous representations related to the safety of its product generally and its defective junction box in particular.  BP represented that: (1) "no other system can operate at a higher level of safety than those offered by BP Solar"; (2) its "proven junction box design provides reliable electrical connections for metric and non-metric conduit or cable fittings and enables series or parallel array connections"; and (3) the Panels had "an unmatched track record in the field, operating for nearly 30 years in a variety of applications and climates worldwide."  *Complaint*, ¶ 35andExhibit E.  The Complaint also alleges specifically where and during what time period the statements were made (BP website, 2002-2006), both prior to and after the purchases by Plaintiffs of the Solar Panels.

     **(1)**     The Statements are not Puffery.

BP has argued that its affirmative statements concerning the safety of the Solar Panels are mere "puffery."   They are not.  These statements plainly are intended to – and would – lead a reasonable consumer to believe that the Solar Panels are safe, that the junction box is "proven" to be "reliable," and that there is a thirty-year "track record" of performance evidencing safe operation of the Solar Panels.  In the language of the Ninth Circuit in *Williams* these statements are sufficient to "show that 'members of the public are likely to be deceived." *Williams,* at 938.

These statements are actionable even under case law which arguably states a more stringent standard than *Williams*.  These statements represent a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Coastal Abstract Serv. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir.1999); *see also Anunziato v. eMachines, Inc.*, 402 F.Supp.2d 1133, 1140-41 (C.D. Cal. 2005)("factual assertion which could be established or disproved through discovery" is not puffery).

Each of these statements is a statement of objective fact which can be established or disproved through discovery. For example, a junction box is not "proven reliable" if there are instances which prove that it is likely to combust. Likewise, the statement that the Solar Panels have a "track record" of performing for 30 years suggests that the Solar Panels have performed for 30 years as they are required to perform. Proof that the "record" demonstrates material failures, including fires, falsifies this statement. And while "high level of safety" might not be subject to specific measurement, it reasonably conveys to a consumer that the product is – at the least – not unsafe when used normally.

**(2)** The Statements are False and Actionable.

The Complaint alleges in detail, in words and pictures, why these affirmative statements are false. They are false because of the risk of fire posed by the defect in the allegedly "proven junction box;" indeed, fires caused by defects in the junction box have already occurred. *Complaint*, ¶ 19. Two pictures of burned out junction boxes were taken at the homes of Plaintiffs Allagas and Mohrman. *Complaint*, Exhibit D at 3. The Complaint also specifically alleges that Plaintiff Mohrman was advised by BP to turn off his defective system because of the risk of fire posed by the Solar Panels. *Complaint*, ¶ 67. The affirmative misrepresentations by BP concerning the safety of the Solar Panels are actionable.

**3. Plaintiffs State Plausible Claims Based on BP's Safety-Related Omissions**

A CLRA claim can also be based on a failure to disclose information that the defendant is obligated to disclose, even if actual failure occurs outside the express warranty period. *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824 (2007). In *Daugherty*, the court identified two such circumstances: (1) the omission is contrary to a representation made by the defendant; and (2) the omission relates to a safety issue. *Id.* at 835. California also recognizes a duty of disclosure where the defendant: (1) had exclusive knowledge of material facts not known to the plaintiff; (2) actively conceals a material fact from the plaintiff; or (3) omits information concerning a subject on which it has made some partial representation. *E.g.*, *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997).

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

13                                          Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1    The Complaint alleges that BP has been aware of the risk posed by the junction box since

2    at least 2005 (Complaint, ¶¶ 3, 47).  The Complaint attaches the 2012 Product Advisory and

3    alleges in detail the ways in which the Advisory is misleading and minimizes the actual risk

4    posed by the Solar Panels.  *Complaint*, ¶ 45 and Exhibit J.  Plaintiffs allege that the risk of

5    junction box failure exists for many more products, manufactured over a much longer time frame

6    and under much broader conditions than those described and that actual fires are not "rare; the

7    Product Advisory does not address the risk of an electric shock at all.  *Complaint*, ¶ 46.  These

8    omissions are contrary to affirmative representations made by BP concerning its product and

9    relate to safety issues.  BP was therefore obligated to disclose the omitted facts under *Daugherty*.

10   The Complaint further alleges in detail that, although BP knew of the defect and its

11   dangers since 2005 and received thousands of complaints, it never disclosed the risk to Plaintiffs

12   or the Class, who were ignorant of the risks.  *Complaint*, ¶¶ 47-49 (heading "BP's Failure to

13   Warn Class Members and its Effects").  The Complaint also alleges that BP was obligated to

14   disclose these issues and that Plaintiffs and the Class relied on BP's concealment of the facts.

15   *Complaint*, ¶¶ 85-86.  As part of the Claim Suppression Strategy, BP insists on return of the failed

16   Panels so that they cannot be analyzed by experts; BP has threatened to sue an installer who did

17   not return all of the panels.  *Complaint*, ¶¶ 52-53.

18   Since the facts omitted were within the exclusive knowledge of BP, unknown to the Class,

19   actively concealed and inconsistent with partial disclosures made by BP concerning the issue, the

20   omissions are actionable under *LiMandri v. Judkins*.

21   **4.    Plaintiffs State Plausible CLRA Claims Based on BP's Representations**

22   **and Omissions Concerning the Benefits of Owing the Solar Panels**

23   BP made a number of other representations concerning the Solar Panels which are both

24   material to consumers and false.  First, BP claimed in the Warranty and in Product Data Sheets

25   that the Solar Panels are free of defects in material and workmanship and that they will produce

26   specific power outputs for up to twenty-five years.  *Complaint*, ¶¶ 23 and 35 and Exhibit G.  In a

27   2005 video promoting its Home Depot Solar Solution, identified in the Complaint, BP also

28   claimed that "installation of the Solar Panels will "drastically reduce or eliminate your electric

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

14                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1   bills…forever." *Complaint*, ¶ 35(a) and Exhibit F.  In the same materials BP claims that Solar

2   Panels will "increase the value of your home" and allow homeowners to recover the cost of the

3   Solar Panels "when you sell the house."  *Id*.

4        These statements are not "puffery."  Statements by BP concerning the ability of the Solar

5   Panels to produce power for twenty-five tears are objective and relate to the essential utility of

6   solar panels.  Likewise, the statement that such panels will "drastically reduce or eliminate your

7   electric bills" is an objective statement which can be verified or falsified easily.  Similarly, the

8   statement that the cost of the panels can be recovered because they increase the value of the home

9   is a statement a reasonable consumer would expect to be based on facts known to BP.

10  Individually, and in their context, they would convince a reasonable consumer that the consumer

11  will enjoy substantial economic benefits over a period of twenty-five years.

12       These statements are material in that they provide the economic justification for spending

13  the money required to outfit a home with the Solar Panels.  The Complaint specifically alleges

14  that "the increased cost of electricity arising from the failure of the Solar Panels could easily

15  exceed the cost of the Solar Panels themselves."  *Complaint*, ¶ 31.  The exhibits to the Complaint

16  contain numerous references to the savings which can allegedly be achieved through the use of

17  the Solar Panels.  For example, these materials refer customers to a database utility referred to as

18  the "Solar Savings Estimator."  *Complaint*, ¶ 31 and Exhibit E (website materials dating from

19  2002 to 2005).  Plaintiff Mohrman, who purchased a house on with the Solar Panels were

20  installed, alleges specifically that the existence of the panels and the attendant savings was a

21  significant factor in his decision to purchase the house and that he was willing to pay more for a

22  house with solar panels installed.  *Complaint*, ¶ 65.

23       These statements are false because consumers can neither save money on their electric

24  bills nor enjoy any increase in the value of their homes if the Solar Panels do not generate

25  electricity in the amounts they are supposed to produce.  BP's omissions to disclose the defect in

26  the junction box and its effect on the ability to generate power are contrary to the representations

27  and made by BP, are within BP's exclusive knowledge and unknown to the Class and were

28  actively concealed by BP.  They are therefore actionable under *Daugherty* and *Limandri*.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

15                    Case No. 3:14-cv-00560-SI
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

5.      **Plaintiffs Plead a Plausible CLRA Claim Based on the Inclusion in the Warranty of Unconscionable Provisions**

BP does not address a significant violation of the CLRA alleged by Plaintiffs.  Plaintiffs allege that BP includes in its Warranty provisions which are unconscionable and therefore prohibited under Cal. Civ. Code § 1770(a)(19).  The relevant provisions are described in ¶ 27 and the reasons that they are unfair and unconscionable are detailed in ¶¶ 28-32.  Their effect, as alleged in Paragraph 33 of the Complaint, is to deprive Plaintiffs and the Class of any effective remedy for the breach by BP of its contractual obligations.  Because BP does not challenge the sufficiency of the allegations, Plaintiff does not address this issue further at this point.

F.      **Plaintiffs Plead Plausible UCL Claims**

1.      **Plaintiffs Plead Plausible UCL Claims Based Upon BP's Unlawful Conduct**

The unlawful prong of section 17200 prohibits any practices forbidden by law.  *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 880 (1999). Plaintiffs state a claim under the unlawful prong of the UCL if they state valid claims under other laws. *Id.* Plaintiffs plead that BP's conduct was unlawful "because it violated the Consumer Legal Remedies Act, Magnuson-Moss Warranty Act and Song-Beverly Consumer Warranty Act." *Complaint*, ¶ 154.  BP's only challenge to this claim is that because it has demonstrated that all of Plaintiffs' claims are subject to dismissal, this claim is likewise subject to dismissal. *Motion* at 20.  For the reasons stated previously, Plaintiffs have plead violations of all of these statutes sufficiently and their related UCL claim is therefore sufficiently pled.

2.      **Plaintiffs Plead Plausible UCL Claims Based On The "Fraudulent" Prong**

a.      **Plaintiffs Plead Reliance on Affirmative Representations Sufficiently**

BP argues that Plaintiffs' claims under the CLRA and the fraudulent prong of the UCL should be dismissed because Plaintiffs do not allege "they reviewed or relied upon any" of the misstatements alleged in the complaint.  Plaintiffs allege such reliance sufficiently.

Reliance is presumed when the statements or omissions by the defendant are material.  *In*

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

16

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*re Tobacco II Cases*, 46 Cal. 4th 298, 327 (2009); *Stearns v Ticketmaster*, 655 F.3d 1013, 1022-23 (9th Cir. 2009); *Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1292-93 (2002).  For the reasons stated previously, these representations were material.  Accordingly, Plaintiffs' reliance on the statements is presumed.  It is also specifically alleged.  *Complaint*, ¶¶ 86, 95, 157.

Plaintiffs' "exposure" to misrepresentations is also sufficiently alleged.  Allagas alleges that he while shopping at Home Depot, he "saw an advertisement for the BP Solar Home Solution" and that he told by a sales person that he would be contacted by a Home Depot installer who would "provide additional details" concerning the Solar Panels.  *Complaint*, ¶ 55.  The Home Depot video transcript and the Product Data Sheets attached to the Complaint as Exhibits F and G are contemporaneous with Allagas' purchase of the Solar Panels.   *Complaint*, ¶ 35(a).

Beginning in 2004 BP entered into an agreement with Home Depot to sell its Solar Panels at Home Depot locations throughout California under the brand "BP Solar Home Solution®."  *Complaint*, ¶ 38.  Home Depot's licensed installers were the persons designated to discuss the installation of the Solar Panels with customers.  *Complaint*, ¶ 39.  It is reasonable to infer that any such installer would provide customers with materials which stated the benefits of the product and would make the representations then being made by people in the distribution chain.

Allagas and Ray allege that they and members of the Class "relied on these representations and warranties [previously identified in the Complaint] and in the absence thereof they would not have, as they did, purchased the Solar Panels or purchase properties on which the Solar Panels were installed at a premium price.  *Complaint*, ¶ 37.  It is reasonable to infer from the facts alleged that they heard and relied on the statements referenced in the Complaint since almost all of them are roughly contemporaneous with the materials attached to the Complaint.[12]

Further, the Complaint supports a claim of "indirect reliance" on the false claims of BP.  Allagas was solicited by a Home Depot-approved installer whose job was to persuade purchasers of the benefits of the Solar Panels.

---

[12] If necessary, Plaintiffs Allagas and Ray could plead with greater specificity the information they were exposed to and the beliefs they formed about the Solar Panels at the time they made their purchase.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Consumers may rely on false statements and omissions by persons who advise them

concerning the purchase of products.  This type of reliance – often described as "indirect

reliance" – is sufficient to support a claim for fraud.   Plaintiffs are not required to plead that the

advisors who were exposed to the misrepresentations or omissions repeated them to Plaintiffs.

*E.g., Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559 (1996):

> California courts recognize indirect reliance.  (*Geernaert v. Mitchell* (1995) 31
> Cal.App.4th 601, 605-606, 37 Cal.Rptr.2d 483.)  Moreover, the notion that reliance
> by an agent may be imputed to the principal, even though the misrepresentation was
> never communicated to the principal, is ensconced in California law.  (*See, e.g.,
> Grinnell v. Charles Pfizer & Co.* (1969) 274 Cal.App.2d 424, 441, 79 Cal.Rptr.
> 369; *Toole v. Richardson–Merrell Inc.* (1967) 251 Cal.App.2d 689, 707, 60
> Cal.Rptr. 398.)

*Id*. at 1568; *see also City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191, 211 (2011).

The *Grinnell* and *Toole* cases cited by the court in *Thrifty-Tel* are instructive.  In both cases,

patients sued drug manufacturers for breaches of warranties which the patients themselves had

neither read nor heard.  The court in each case held reliance on the warranties by the physicians

who administered the drugs was sufficient even though the physicians did not repeat them to their

patients.

### b.       Plaintiffs Plead Reliance on Omissions Adequately

Equally importantly, however, Plaintiffs Allagas and Ray plead that:

> Because of the safety implications of the junction box defect, BP was under a
> continuous duty to disclose this defect to Plaintiffs and the Class. Plaintiffs and the
> Class reasonably relied upon BP's concealment of the defect and its representations
> concerning the quality of the Solar Panels. As a result of this reliance, Plaintiffs and
> members of the Class purchased the Solar Panels and failed to assert claims against
> BP until they became aware of the failure of the Solar Panels and its cause.

*Complaint*, ¶ 86.  The omissions of BP of which Plaintiff complains are alleged in detail.  Their

materiality is addressed in Plaintiffs' prior discussion of the issue.  Actual reliance is presumed or

inferred when a defendant's omissions are material. *Stearns*, 655 F.3d at 1022-23; *Massachusetts

Mutual Life*, 97 Cal. App. 4th at 1292-93.  Reliance on omissions is obviously reasonable

because omissions are – by their very nature – "repeated" to the plaintiff.  *See Lovejoy v. AT&T

Corp.*, 92 Cal. App. 4th 85, 97 (2001).  For the reasons stated previously, BP had a duty to

disclose to its customers facts which were material to their purchase.  These omissions were

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

18                                          Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1    material and therefore may be relied upon by Plaintiffs.

2            Although Plaintiffs have pled direct reliance on these omissions, indirect reliance upon

3    fraudulent omissions is also sufficient to support a fraud claim.  *E.g.*, *Geernaert*, 31 Cal. App. 4th

4    601 (allegation that defendants failed to disclose structural and soil subsidence problem to non-

5    plaintiff purchasers "and that each defendant either intended or expected that the

6    misrepresentations would be repeated and/or the nondisclosures be transmitted to plaintiffs"

7    sufficient to allege reliance); *Shapiro v Sutherland*, 64 Cal. App. 4th 1534 (1998) (seller who sold

8    property to relocation agency was liable to plaintiff – the eventual purchaser – for failing to

9    disclose noise problems); *Barnhouse v. City of Pinole*, 133 Cal. App. 3d 171 (1982) (plaintiff

10   harmed by omissions of developer to initial purchaser).

11           BP also argues that Plaintiffs have pled insufficiently that BP was aware of the defect in

12   the Solar Panels it was obligated to disclose.  *Motion* at 19.  Plaintiffs allege:

> Plaintiffs are informed and believe and thereon allege that BP has been aware of
> the defect in its Solar Panels since at least 2005. BP has long been aware that a
> junction box failure will eliminate or substantially reduce the capacity of its Solar
> Panels to generate power and can pose the risk of property damage and personal
> injury.
>
> Plaintiffs are informed and believe and thereon allege that BP has received
> thousands of reports by owners of the failed Solar Panels. Despite its knowledge of
> these claims and the defect in the junction box, BP did not – except for the grossly
> misleading Product Advisory – disclose the junction box defects or the risk of
> property damage and personal injury to its customers.

*Complaint*, ¶¶ 47-48.  Since this issue goes to BP's state of mind, it is the kind of allegation

which is difficult to prove directly based on publicly available evidence.  Plaintiffs, however,

have pled facts from which BP's intentions can be inferred.

        BP's acknowledged the defect in the 2009 and 2010 Offers and in the 2012 Advisory.  It

is reasonable to infer that BP did not instantly advise the public of the defect as soon as it had

reason to suspect that it existed.  It is therefore reasonable to infer that BP had knowledge of the

defect at least before 2009.  The Complaint also alleges that BP had thousands of complaints from

customers concerning the Solar Panels.  *Complaint*, ¶ 48.  BP's knowledge – and understatement

– of the seriousness of the risk can also be inferred from the fact that it told Mohrman to turn off

his Solar Panels because of the risk of fire even though they are not included in the Advisory.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

19                                    Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1   *Complaint*, ¶ 67.

2        BP knows if it had prior knowledge of the defect.  It does not need detailed pleading of its

3   own knowledge in order to defend the claim.[13]  Case law recognizes that Rule 9(b) applies

4   differently to omissions claims where the information regarding the knowledge of the defendant –

5   and therefore the precise circumstances of the omissions – are in the possession of the defendant.

6   Under such circumstances, the defendant does not need – and absent discovery the plaintiff

7   cannot have – detailed knowledge of what the defendant failed to disclose.

8        "[W]hen an allegation rests on a claim of fraudulent omission, the Rule 9(b) standard is

9   relaxed because 'a plaintiff cannot plead either the specific time of [an] omission or the place, as

10  he is not alleging an act, but a failure to act.'" *Cirulli v. Hyundai Motor Co.*, 2009 WL 5788762

11  (C.D. Cal. 2009) at * 4, *quoting Washington v. Baenziger*, 673 F. Supp. 1478, 1482 (N.D.  Cal.

12  1987)."  The "requirement of specificity is relaxed when the allegations indicate that the

13  defendant must necessarily possess full information concerning the facts of the controversy or

14  when the facts lie more in the knowledge of the opposite party." *In re Apple and AT & T iPad*

15  *Unlimited Data Plan Litigation*, 802 F. Supp. 2d 1070, 1075 (N.D. Cal. 2011).

16       If more is required, however, it is the role of discovery to fill the gap.  BP's Rule 9(b)

17  argument fails where "it is plausible that additional details regarding [defendant's] specific

18  conduct will be revealed through discovery." *Id.*

19       BP does not need to be apprised of the facts concerning its own alleged knowledge of the

20  problems with the junction box.  Accordingly, more specific pleading would serve little purpose

21  in providing notice to BP of the claims.  Plaintiffs have pled enough to suggest that BP knew of

22  the problem no later than 2009 and that it was dishonest with the public in the way it addressed

23  customer claims.  These facts are sufficient to make it "plausible" that discovery will reveal any

24  details missing from the complaint.

25

26  [13] It is important to recognize that the exact point at which BP knew of the defect is not critical to
    Plaintiffs' case.  In addition to claims based on the pre-sale omissions by BP, Plaintiffs allege that
27  BP's failure to disclose the risk of fire after the sale caused Plaintiffs to desist from making
    claims earlier than they did and thus continuing to suffer loss. *Complaint*, ¶ 86.  Plaintiffs can, if
28  necessary, allege further facts in support of this claim.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

20                                      Case No. 3:14-cv-00560-SI
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

3.      **Plaintiffs Plead Plausible UCL Claims Based on the Unfair Prong**

As detailed above, Plaintiffs state a claim under the UCL unfairness prong based on the Warranty Exclusions, the Claim Suppression Strategy and the misleading Product Advisory.  The Complaint alleges unfairness sufficiently under all three standards which have been articulated by California courts.  *Complaint*, ¶ 161.

a.      **Plaintiffs State Claims Under the "Tethering" Test**

In *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163 (1999), the California Supreme Court ruled that conduct between business competitors is "unfair" under the UCL only if can be "tethered" to an underlying law.  *Cel-Tech*, 20 Cal. 4th at 186-87.   The Ninth Circuit has recognized that California courts are split on whether the "tethering" test stated in *Cel-Tech* applies to action by consumers or only to competitors.  *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1170 (9th Cir. 2012).

Because Plaintiffs' claims are unlawful under specific statutes, they are sufficiently "tethered" to an underlying law and thus are "unfair" under *Cel-Tech*.

b.      **Plaintiffs State Claims Under the Remaining Tests**

After *Cel-Tech*, some California courts have applied the pre-*Cel-Tech* balancing test, which prohibits conduct that is "immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *E.g., McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006).  Other courts have borrowed the standard from Federal Trade Commission Act, 15 U.S.C. § 45(a), and held that a practice is unfair if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury that the consumers themselves could reasonably have avoided. *E.g., Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 252 (2011).

Under the "balancing" test, the challenged practices are "unfair."  The Warranty Exclusions, the Claim Suppression Strategy and BP's gross understatement of the risk of fire are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.  The Warranty Exclusions unfairly assert unenforceable limits on remedies available to consumers and discourage the pursuit of legal actions by suggesting that enforcement actions will have to be

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

21

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  brought in Maryland.  They take advantage of consumer ignorance of the law and the relatively

2  small amount in controversy to facilitate the plainly inadequate 2009 and 2010 Offers and offers

3  similar to those made to Plaintiffs.  Picking off consumers one at a time by taking advantage of

4  their ignorance – and requiring them to surrender defective Solar Panels which experts could use

5  to expose the real risk of both failure and fire – is substantially injurious to consumers.

6  Suppression and understatement of the risk of fire is injurious to consumers, as evidenced by fires

7  which have occurred.  There is no "benefit" to this practice which offsets the injury.

8      The only additional requirement of the FTC test is that consumers could not reasonably

9  have avoided the injury.  That requirement is satisfied easily in this case.  Consumers could not be

10  expected to be aware of the unenforceability of the Warranty Exclusions or the claims they are

11  entitled to make if they pursue their actual legal rights.   Nor could they be aware that the 2009

12  and 2010 Offers and offers like those made to Plaintiffs provide only a fraction of the relief to

13  which they are entitled.  Likewise, consumers cannot be expected to understand that the risk of

14  fire was concealed and understated by BP.

15              c.      **Plaintiffs Do Not Need to Allege That A Fire Has Occurred at**

16                      **Their Residence or That They Read the Product Advisory**

17      BP argues that Plaintiffs cannot state a UCL claim based on BP's suppression and

18  understatement of the risk of fire because "[n]one of the named plaintiffs has alleged that a fire

19  has resulted at their homes because of the failure of the solar panels."

20      Courts have routinely rejected the contention that misrepresentations and omissions

21  concerning the unreasonable risks posed by a product are not actionable unless the risk has

22  actually materialized.  For example, in *Falco v. Nissan North America Inc.*, 2013 WL 5575065

23  (C.D. Cal. 2013), plaintiffs alleged that Nissan's vehicle posed an unreasonable risk that the

24  timing chain would fail suddenly.  Such a failure could cause an inability to "accelerate and

25  maintain speed, as well as catastrophic engine failure."  *Id.* at *4.  The court rejected Nissan's

26  contention that plaintiffs were required to demonstrate that their timing chain had actually failed:

27          There is little question the plaintiffs have alleged a sufficient injury-in-fact to
           establish standing: Each has alleged that he has been injured by the alleged defect
28          by having to pay for the repair of his vehicle. As with the allegedly defective

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

22

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

windshields in *Ehrlich*, the safety risk posed by the allegedly defective TCTS is not relevant to standing but rather goes to the materiality of NNA's alleged omissions. The court finds that Plaintiffs have alleged a plausible unreasonable safety risk that a reasonable consumer would have found material.

*Id.* at *5.

The court in *Falco* cited to a series of recent decisions all reaching the same conclusion. They are *Ehrlich*, 801 F. Supp. 2d at 918 (plaintiffs did not need to demonstrate actual failure of windshield which posed unreasonable safety risk), *Cholakyan v. Mercedes–Benz USA, LLC,* 796 F. Supp. 2d 1220, 1236–37 (C.D. Cal. 2011) (where plaintiffs alleged undisclosed risk of water leak in vehicle, they did not need to allege that they "or any other class member ever experienced such a defect"); *In re Toyota Motor Corp.*, 754 F. Supp. 2d 1145, 1160 (C.D. Cal. 2010) (allegation that vehicle posed risk of sudden unintended acceleration was sufficient to allege injury "fairly traceable to Defendants' conduct"); *In re Porsche*, 880 F. Supp. 2d 801, 827–28 (S.D. Ohio 2012); *Keegan v. Am. Honda*, 838 F. Supp. 2d at 943.

Plaintiffs have a stronger claim than those found sufficient in *Falco* and other similar cases. Plaintiffs have alleged that their Solar Panels have failed in a manner which caused heat damage[14] and that there have been fires caused by the defect.[15] BP's experts themselves recommended to Mohrman that the system be turned off due to safety concerns relating to additional failures and the risk of fire. *Complaint*, ¶ 67. The Complaint alleges sufficiently that if Plaintiffs and the Class had been aware of the risk of fire they would not have purchased the Solar Panels and that they would have acted sooner to address the risk had they known of the fire danger. *Complaint*, ¶ 86 and 95. They have alleged an injury "fairly traceable" to BP's conduct sufficient to support their UCL claim.

BP also asserts that Plaintiffs cannot assert a UCL unfairness claim because they have not alleged that they read the misleading "product advisories." The 2012 Product Advisory evidences BP's awareness of the risk of fire and its willingness to understate grossly both the extent of the

---

[14] *Complaint*, ¶¶ 58 (Allagas, shattered glass), 63 (Ray, burn marks and blown Solar Panel), 66 (Mohrman, burn marks), Ex. D (pictures of burn damage including Allagas and Mohrman homes).

[15] *Complaint*, ¶ 19.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

23

Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1   risk (all products, not just those listed, and not the very limited circumstances described in the

2   Advisory).  It does not matter whether the Plaintiffs saw the Advisory or not.  What matters is

3   that BP did not advise Plaintiffs or the Class of the risk posed by the Solar Panels, either in 2012

4   or at earlier points in time.

5           **d.**    **Plaintiffs Allege Injury From the Claim Suppression Strategy**

6         BP also asserts that Plaintiffs do not allege that BP made unreasonable or inadequate

7   offers to them and that they were therefore not harmed by the practices challenged.  In fact,

8   Plaintiffs allege that *all* offers made to them were unreasonable and inadequate.  Each of the

9   offers made by BP to the Plaintiffs was approximately one-third of the actual cost of replacing the

10  roof.[16]  None of the offers included any compensation for lost electricity or investigation of the

11  claim, losses all Plaintiffs suffered.  Additionally, none of the Plaintiffs was made aware of the

12  risk of fire posed by the Solar Panels and were thus dissuaded from replacing their Solar Panels

13  earlier and avoiding damage and risk from their continued use.  *Complaint*, ¶ 86.[17]

14        Its alleged offer of replacement to Allagas and Ray is implausible at best and does not

15  include any compensation for lost power.[18]  In any event, for the reasons stated previously, the

16  sufficiency of this offer is not a matter which can be resolved based on the Complaint and any

17  matters of which the Court could plausibly take judicial notice.

18        BP's conduct in handling Plaintiff's' claims is certainly consistent with the Warranty

19  Exclusions and Claim Suppression Strategy challenged by Plaintiffs and evidenced by BP's 2009

20  and 2010 Offers – underpayment of the claims, refusal to pay labor costs or the cost of removal,

21  exclusion of recoverable damages and treatment of the warranty offer as an "exclusive" recourse.

22  The fact that these Plaintiffs received such offers certainly makes it "plausible" that they were

23  affected by BP's unlawful conduct.[19]

24  [16] *Complaint*, ¶¶ 61 (Allagas, $6,720 offer, over $20,000 actual cost), 64 (Ray, $4,896 offer,
    $12,704 actual cost) and 69 (Mohrman, $12,000 offer, $33,696 actual cost).

25  [17] "Plaintiffs and the Class reasonably relied upon BP's concealment of the defect and its
    representations concerning the quality of the Solar Panels. As a result of this reliance, Plaintiffs

26  and members of the Class purchased the Solar Panels and failed to assert claims against BP until
    they became aware of the failure of the Solar Panels and its cause."

27  [18] BP does not even allege that Mohrman received an offer of replacement of the Solar Panels.

28  [19] BP argues that its policy of insisting that defective Solar Panels be returned to it as part of any
    settlement (and threatening to sue an installer who did not return them) has been judicially-

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

24                                              Case No. 3:14-cv-00560-SI

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**G.     If The Court Finds That Any Claim is Pled Insufficiently, Plaintiffs Should be Permitted to Amend**

Plaintiffs respectfully request that they be permitted to amend the Complaint to cure any deficiency. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed.R.Civ.P. 15(a)(2). *Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000); *see also Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F. 3d 1025, 1034 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.").

**IV.     CONCLUSION**

For the reasons stated, Plaintiffs respectfully request that the Motion be denied or, alternatively, that if it is granted it be granted with leave to amend.

DATED:  March 13, 2014                    BIRKA-WHITE LAW OFFICES

By:     /s/ Stephen Oroza
STEPHEN OROZA
*Attorneys for Individual and Representative Plaintiffs* MICHAEL ALLAGAS, ARTHUR  RAY and BRETT MOHRMAN

determined to serve legitimate business purposes, *citing Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931(N.D. Cal. June 5, 2009) at *10.  The court in *Stearns* simply stated, in two sentences of a 19-page opinion that the allegation of malign intent was "conclusory."  The court in *Stearns* did not decide that insisting on the return of a burned out Solar Panel – and threatening to sue those who do not return them – could not be construed as evidence of the intent to destroy evidence for potential future litigation in the circumstances present here.  A demand that customer return a bed he or she does not like, and which can be resold, is not analogous to the demand for the return of a burned out and useless Solar Panel and the threat to sue an installer who does not return it.