1  David M. Birka-White (State Bar No. 85721)
   dbw@birka-white.com
2  Stephen Oroza (State Bar No. 84681)
   soroza@comcast.net
3  Mindy M. Wong (State Bar No. 267820)
   mwong@birka-white.com
4  BIRKA-WHITE LAW OFFICES
   65 Oak Court
5  Danville, CA 94526
   Telephone:  (925) 362-9999
6  Facsimile:  (925) 362-9970

7  *Attorneys for Individual and Representative Plaintiffs* Michael Allagas, Arthur Ray, and
8  Brett Mohrman

9  **UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA**

11  **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12  MICHAEL ALLAGAS, ARTHUR RAY and BRETT MOHRMAN, on behalf of themselves and all others similarly situated, | Case No.  3:14-cv-00560-SI |
| 13 | **PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| 14                     Plaintiffs, | |
| 15            vs. | *The Honorable Susan Y. Illston* |
| 16  BP SOLAR INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. and DOES 1-10, inclusive, | Date:   April 18, 2014<br>Time:   9:00 a.m.<br>Crtm:   10 |
| 17 | |
| 18                     Defendants. | Action Filed:  February 6, 2014<br>Trial Date:     TBD |

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

Case No. 3:14-cv-00560-SI

PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Plaintiffs Michael Allagas, Arthur Ray, and Brett Mohrman ("Plaintiffs") oppose Defendants BP Solar International, Inc. and Home Depot U.S.A., Inc.'s ("Defendants") request that the Court take judicial notice of two documents pursuant to Federal Rules of Evidence 201 and 106.  *Request for Judicial Notice* (Document No. 15-1), Exhibits 2 and 3.[1]

The Court "may, *but is not required* to incorporate documents by reference" that are outside the pleadings.  *Davis v. HSBC*, 691 F.3d 1152, 1159-1160 (2012) (Emphasis added).  However, this is usually done when the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Id*. at 1160.  Here, the allegations contained in the Complaint do not substantially rely on the documents nor are the documents the basis of Plaintiffs' numerous claims for breach of express and implied warranties as well as violations of the UCL and CLRA statutes.  Further, Defendants would have the Court believe on the basis of these documents that Defendants discharged their warranty obligations to Plaintiffs Allagas and Ray by making an offer to replace their Solar Panels.  This is not the case.

It is not clear from the face of the documents that are the subject of Defendants' request for judicial notice whether Defendants offered to pay the full cost of replacing Plaintiffs' Solar Panels.  For example, the e-mail offer which purports to discharge BP's warranty obligations to Allagas is alternatively for $6,720 or the replacement of the panels. *Request for Judicial Notice,* Exhibit 2.  The Complaint alleges that the cost of replacing Allagas' Solar Panels would exceed $20,000.  BP asserts that the two offers are of similar value.  However, there is no detail whatsoever regarding how a purported offer to replace the Solar Panels, presumably equal to $6,720, would properly replace the Solar Panels which Allagas alleges will cost in excess of $20,000.  In fact, if anything, it demonstrates the opposite.

Likewise, the e-mail offer which purports to discharge BP's warranty obligations to Ray is alternatively for $4,896 or the replacement of the Solar Panels. *Request for Judicial Notice,* Exhibit 3.  The Complaint alleges that Ray received an estimate from Diablo Solar, the original installer of his solar system, for $12,704.  Again, there is no detail whatsoever which explains

---

[1] Plaintiffs do not object to Exhibit 1 of the Request for Judicial Notice which contains BP's warranties.  Plaintiffs do object to Exhibits 2 and 3, which contain e-mail correspondence from BP to Plaintiffs Allagas and Ray, respectively.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

1                                Case No. 3:14-cv-00560-SI
PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

how these two offers are of similar value.

Additionally, the purported offers expressly state that the installer of the new panels would be "leaving the inverters and racking." This language conspicuously raises the question of whether the existing inverters and racking would even be compatible with the new solar panels, which would admittedly be substantially different and manufactured by some unknown third party. Even in the unlikely event that the e-mail constitutes a full offer to replace the solar panels, the offer makes no mention of Plaintiffs' consequential damages either for the loss of power or the property damage which Plaintiffs contend would be associated with the removal of the old racking system and installation of any new racking to accommodate the new solar panels.

In sum, the documents do more to create confusion regarding the purported offer to replace the Solar Panels than provide clarity. What the documents make clear, is that BP fails to address material terms relating to the quality of the new system, the installation of the new racking, and the loss of power. Indeed, these issues were raised in response to BP's purported offer to Ray to which there was no response. *See, Declaration of David M. Birka-White in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss*, ¶ 2.

While the Court is allowed to take judicial notice of the existence of these documents, the documents are neither helpful nor admissible, and should be disregarded.

DATED: March 13, 2014                    BIRKA-WHITE LAW OFFICES


By:   /s/ Mindy M. Wong
        MINDY M. WONG
*Attorneys for Individual and Representative Plaintiffs* MICHAEL ALLAGAS, ARTHUR RAY and BRETT MOHRMAN

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

2                                        Case No. 3:14-cv-00560-SI
PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE