1  ARNOLD & PORTER LLP
   Matthew T. Heartney (SBN 123516)
2  matthew.heartney@aporter.com
   Alex Beroukhim (SBN 220722)
3  e.alex.beroukhim@aporter.com
   777 South Figueroa Street, Forty-Fourth Floor
4  Los Angeles, California  90017-5844
   Telephone:  213.243.4000
5  Facsimile:   213.243.4199

6

7  Attorneys for Defendants
   BP SOLAR INTERNATIONAL, INC., and
8  HOME DEPOT U.S.A., INC.

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13 | MICHAEL ALLAGAS, ARTHUR | Case No. 3:14-cv-00560-SI
   | RAY and BRETT MOHRMAN, on |
14 | behalf of themselves and all others | **DEFENDANTS BP SOLAR**
   | similarly situated, | **INTERNATIONAL, INC. AND**
15 | | **HOME DEPOT U.S.A., INC.'S**
   |                    Plaintiffs, | **REPLY MEMORANDUM OF**
16 | | **POINTS AND AUTHORITIES IN**
   |        vs. | **SUPPORT OF THEIR MOTION TO**
17 | | **DISMISS**
   | BP SOLAR INTERNATIONAL, INC., |
18 | HOME DEPOT U.S.A., INC. and | Judge:    Hon. Susan Y. Illston
   | DOES 1 -10, inclusive, | Date:     April 18, 2014
19 | | Time:     9:00 a.m.
   |                    Defendants. | Crtm:     10
20

21

22    Action Filed:   February 6, 2014
      Trial Date:     Not Set
23

24

25

26

27

28

# Table of Contents

**Page**

Preliminary Statement.................................................................................1

Argument ...................................................................................................1

    A.    Plaintiffs' Express Warranty Claims Against BP Fail As A
Matter Of Law...............................................................................1

        1.    Plaintiffs Concede That Their Defect Warranty
Claims Fail ...........................................................................1

        2.    Allagas' and Ray's Power Warranty Claims Fail
Because BP Has Established That It Offered Them
Replacement Systems ...........................................................2

    B.    Plaintiffs' Implied Warranty Claims Fail As A Matter Of Law ...............3

        1.    Plaintiffs' Implied Warranty Claims Under The Song-
Beverly Act Are Untimely.................................................4

        2.    Plaintiffs' Implied Warranty Claims Against BP Also
Fail Because They Lack Vertical Privity With BP.......................7

    C.    Plaintiffs' CLRA And UCL Claims Fail As A Matter Of Law ...............8

        1.    BP's Alleged Misrepresentations Are Non-Actionable.................8

        2.    Plaintiffs Have Not Alleged With Particularity Their
CLRA Or UCL Claims Based On Misrepresentations.................10

        3.    Plaintiffs Do Not Adequately Plead CLRA Or UCL
Claims Based On Omissions ........................................................12

        4.    Plaintiffs Fail To Adequately Plead CLRA And UCL
Claims Based On Purported Warranty Exclusions Or
Claim Suppression .....................................................................14

        5.    Plaintiffs' UCL Claims Fail Under The Unlawful,
Fraudulent, And Unfair Prongs...............................................15

Conclusion .............................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anunziato v. eMachines, Inc.*,
   402 F. Supp. 2d 1133 (C.D. Cal. 2005) .......................................................9

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
   802 F. Supp. 2d 1070 (N.D. Cal. 2011) ......................................................12

*Atari Corp. v. 3DO Co.*,
   1994 WL 723601 (N.D. Cal. May 16, 1994) ...............................................9

*Berenblat v. Apple, Inc.*,
   2009 WL 2591366, at *4 n.5 (N.D. Cal. Aug. 21, 2009) ..........................4, 5

*Chandler v. Chiron Corp.*,
   1997 WL 464827 (N.D. Cal. July 28, 1987) ................................................7

*Cirulli v. Hyundai Motor Co.*,
   2009 WL 5788762 (C.D. Cal. June 12, 2009)..............................................12

*Clemens v. DaimlerChrysler Corp.*,
   534 F.3d 1017 (9th Cir. 2008) .......................................................................8

*Coastal Abstract Serv. Inc. v. First Am. Title Ins. Co.*,
   173 F.3d 725 (9th Cir. 2005) .........................................................................9

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*,
   911 F.2d 242 (9th Cir. 1990) .........................................................................9

*In re Cytyc Corp.*,
   2005 WL 3801468 (D. Mass. Mar. 2, 2005) ...............................................10

*Daniel v. Ford Motor Co.*,
   2013 WL 2474934 (E.D. Cal. June 7, 2013)................................................13

*Ehrlich v. BMW of N. Am.*,
   801 F. Supp. 2d 908 (C.D. Cal. 2010)...................................................5, 6, 12

*Elias v. Hewlett-Packard Co.*,
   903 F. Supp. 2d 843 (N.D. Cal. 2012)......................................................4, 11

*Falco v. Nissan North America Inc.*,
   2013 WL 5575065 (C.D. Cal. Oct. 10. 2013) ..............................................6

*Fitzer v. Sec. Dynamics Tech., Inc.*,
   119 F. Supp. 2d 12 (D. Mass. 2000)............................................................10

*Grodzitsky v. Am. Honda Motor Co.*,
   2013 WL 2631326 (C.D. Cal. June 12, 2013)...............................................4

*Jekowsky v. BMW of N. Am., LLC*,
 2013 WL 6577293 (N.D. Cal. Dec. 13, 2013) ................................................. 5

*Johnson v. Harley-Davidson Motor Co. Group, LLC*,
 285 F.R.D. 573 (E.D. Cal. 2012) ...................................................................... 13

*Kearns v. Ford Motor Co.*,
 567 F.3d 1120 (9th Cir. 2009) .......................................................................... 12

*Keegan v. American Honda Motor Co.*,
 284 F.R.D. 504 (C.D. Cal. 2012) ........................................................................ 6

*Malin v. XL Capital Ltd.*,
 499 F. Supp. 2d 117 (D. Conn. 2007) ............................................................... 10

*Marchante v. Sony Corp. of Am., Inc.*,
 801 F. Supp. 2d 1013 (S.D. Cal. 2011) .............................................................. 4

*Marolda v. Symantec Corp.*,
 672 F. Supp. 2d 992 (N.D. Cal. 2009) .............................................................. 12

*Ramirez v. Ghilotti Bros. Inc.*,
 941 F. Supp. 2d 1197 (N.D. Cal. 2013) .............................................................. 1

*Schneider v. Cal. Dep't of Corr.*,
 151 F.3d 1194 (9th Cir. 1998) ............................................................................ 2

*Sefi v. Mercedes-Benz USA, LLC*,
 2013 WL 2285339 (N.D. Cal. May 23, 2013) ................................................. 5, 6

*Smith-Victor Corp. v. Sylvania Elec. Prods., Inc.*,
 242 F. Supp. 302 (N.D. Ill. 1965) ...................................................................... 9

*Sprewell v. Golden State Warriors*,
 266 F. 3d 979 (9th Cir. 2001) ........................................................................ 2, 11

*Summit Tech., Inc. v. High-Line Med. Instruments, Co.*,
 933 F. Supp. 918 (C.D. Cal. 1996) ................................................................. 9, 10

*Tietsworth v. Sears, Roebuck, & Co.*,
 2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ............................................ 4, 6, 10

*Tylka v. Gerber Prods. Co.*,
 1999 WL 495126 (N.D. Ill. July 9, 1999) ........................................................... 9

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) .............................................................................. 2

*Wang v. OCZ Tech. Group, Inc.*,
 276 F.R.D. 618 (N.D. Cal. 2011) .......................................................... 10, 11, 12

*Withers v. eHarmony, Inc.*,
 2011 WL 8156007 (C.D. Cal. Mar. 4, 2011) ..................................................... 13

*Xavier v. Philip Morris USA Inc.*,
    787 F. Supp. 2d 1075 (N.D. Cal. 2011)...........................................................7

**STATE CASES**

*Burr v. Sherwin Williams Co.*,
    42 Cal. 2d 682 (1954)...........................................................................8

*Gilbert Financial Corp. v. Steelform Contracting Co.*,
    82 Cal. App. 3d 65 (1978).......................................................................7

*Grinnell v. Charles Pfizer & Co.*,
    274 Cal. App. 2d 424 (1969)...................................................................11

*Mexia v. Rinker Boat Co.*,
    174 Cal. App. 4th 1297 (2009)............................................................4, 5, 6

*Meyer v. Sprint Spectrum L.P.*,
    45 Cal. 4th 634 (2009)........................................................................14

*Thrifty-Tel Inc. v. Bezenek*,
    46 Cal. App. 4th 1559 (1996)..................................................................11

**STATUTES AND RULES**

Cal. Bus. & Prof. Code § 17204 .................................................................14

Cal. Com. Code § 2725.............................................................................6

Fed. R. Civ. P. Rule 9(b)...................................................................10, 12

DEFS. BP SOLAR INT'L, INC. AND HOME DEPOT U.S.A., INC.'S REPLY MEMO. OF P. & A.
IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants BP Solar International, Inc. ("BP") and Home Depot U.S.A., Inc. ("Home Depot") respectfully submit this reply memorandum in support of their motion to dismiss.

Preliminary Statement

Plaintiffs seek relief "for breach of express and implied warranties and for violation of the provisions of California consumer protection and unfair business practices statutes." (Compl. ¶ 4.) They allege eight claims against BP and three claims against Home Depot. In opposition to the motion to dismiss, plaintiffs concede that certain of these claims fail. The claims that plaintiffs do not concede, also fail based on the pleadings and judicially noticeable facts, as described below.

Argument

**A.   Plaintiffs' Express Warranty Claims Against BP Fail As A Matter Of Law**

Plaintiffs have alleged express warranty claims under general California law, the Magnuson-Moss Act, and the Song-Beverly Act against BP. (Compl. Counts 2-4.) Their express warranty claims are based on the Defect Warranty and Power Warranties. (*Id.* ¶¶ 23, 100, 109 & 119.) As shown below, plaintiffs concede that their claims based on the Defect Warranty fail as a matter of law. Allagas's and Ray's Power Warranty claims also fail because BP offered them replacement systems in the manner provided under the Power Warranty.

1.   <u>Plaintiffs Concede That Their Defect Warranty Claims Fail</u>

In opposition to the motion to dismiss, plaintiffs do not dispute that their express warranty claims based on the defect warranty are untimely. (Opp. To Mot. To Dismiss (Dkt. 18) ("MTD Opp.") at 5-7.) Plaintiffs accordingly concede that those claims fail as a matter of law for the reasons stated in defendants' motion to dismiss. (Mot. To Dismiss (Dkt. 15) ("MTD") at 10-11.); *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 (N.D. Cal. 2013).

- 1 -

2.      Allagas' and Ray's Power Warranty Claims Fail Because
        <u>BP Has Established That It Offered Them Replacement Systems</u>

In the motion to dismiss, BP argued that Allagas's and Ray's Power Warranty claims fail as a matter of law because BP offered them full replacement systems. Plaintiffs object to the Court considering the offers that BP attached to the Request For Judicial Notice demonstrating that BP offered to replace the systems.  There is no reason not to consider these offers in connection with this motion.  There is no dispute that Exhibits 2 and 3 to BP's Request for Judicial Notice are the very documents that communicated BP's offers to Allagas and Ray referenced in the Complaint and that form the basis of their claimed breach of express warranty. (Compl. ¶¶ 61 & 64); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").  There is also no dispute as to the authenticity of those documents.  What is more, plaintiffs' failure to acknowledge that these documents included a full replacement offer remains unexplained.

Plaintiffs argue that the documents do not tell the entire story (MTD Opp. at 6 n.3), but the Complaint contains no allegations regarding BP's post-offer conduct that justify disregarding these judicially noticeable facts.  Specifically, plaintiffs do not allege that BP withdrew the offer to replace the systems or that, upon acceptance of the offer by either Allagas or Ray, BP provided something other than the full replacement offered to them.  Plaintiffs cannot manufacture a dispute by ignoring the allegations of the complaint and judicially noticeable facts.  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (in ruling on a motion to dismiss courts may not consider contentions in "plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss"); *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001) ("The court need not . . . accept as

true allegations that contradict matters properly subject to judicial notice . . . .").[1]

Allagas's and Ray's breach of express warranty claims, based on the Power Warranty, fail as a matter of law because BP offered them what they were promised.

**B.     Plaintiffs' Implied Warranty Claims Fail As A Matter Of Law**

Plaintiffs have alleged implied warranty claims under general California law, the Magnuson-Moss Act, and the Song-Beverly Act against BP and Home Depot. (Compl. Counts 5-7.)  Defendants moved to dismiss these claims on two grounds:  (1) they are untimely and (2) they lack vertical privity.  (MTD at 13-16.)  In opposition, plaintiffs do not contend that the implied warranty claims are timely under general California law or the Magnuson-Moss Act.  They argue only that they are timely under the Song-Beverly Act.  Thus, plaintiffs concede that their implied warranty claims, under general California law and the Magnuson-Moss Act, fail as a matter of law.  For the reasons below, plaintiffs' implied warranty claims brought under the Song-Beverly Act are also untimely.  Thus, all of the implied warranty claims fail.

Plaintiffs' implied warranty claims fail for the additional reason that Ray and Mohrman have no connection with Home Depot and all of the plaintiffs lack vertical privity with BP.  Ray and Mohrman do not dispute that they are not in vertical privity with Home Depot.  (MTD at 15.)  Thus, only Allagas has a possible implied warranty claim against Home Depot.  With respect to BP, plaintiffs do not stand in vertical privity with BP, as required under California law and the Song-Beverly Act. Accordingly, as shown below, all of the implied warranty claims against BP fail for this additional reason.

---

[1] To the extent that Allagas and Ray contend that BP did not offer to compensate them for consequential or incidental damages, plaintiffs have not alleged that they made a warranty demand for consequential damages.  Allagas demanded consequential damages in connection with a CLRA demand on behalf of himself and the class, but never provided an amount to BP.  (Compl. Ex. K.)  Ray similarly requested consequential damages in a CLRA demand, which he mailed after he received BP's warranty offer, but this is not even alleged in the Complaint.  (Decl. of David Birka-White (Dkt. 18-2) Ex. 1.)

1.    Plaintiffs' Implied Warranty Claims Under
      The Song-Beverly Act Are Untimely

Plaintiffs argue that their implied warranty claims under the Song-Beverly Act are not time barred even though they were filed more than one year after they purchased the panels.  (MTD Opp. at 9-10.)  Courts have frequently held, however, that implied warranty claims filed more than one year after purchase are untimely.[2] *See Marchante v. Sony Corp. of Am., Inc.*, 801 F. Supp. 2d 1013, 1022 (S.D. Cal. 2011); *Grodzitsky v. Am. Honda Motor Co.*, 2013 WL 2631326, at *10-11 (C.D. Cal. June 12, 2013) (applying a one-year duration to plaintiff's implied warranty claims under the Song-Beverly Act); *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 852-53 (N.D. Cal. 2012) (dismissing Song-Beverly Act implied warranty claim because "Plaintiff alleges that his computer's issues arose only after seventeen months of use, well outside the one-year period established by the Song-Beverly Act.").  Other courts, relying the California Court of Appeal decision in *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1304 (2009), have ruled that the period for bringing implied warranty claims is four years.  The correct approach is to cap the duration for implied warranty claims at one year.  The California Court of Appeal, the highest court in California to rule on this issue, has stated – both before and after *Mexia* – that there is a one-year duration on implied warranty claims under the Song-Beverly Act.  *Grodzitsky*, 2013 WL 2631326, at *11 ("[S]everal California Appellate Courts appear to disagree with *Mexia's* conclusion.").

_____

[2] Plaintiffs contend that one of the cases that defendants rely upon in the motion to dismiss – *Tietsworth v. Sears, Roebuck & Co.* – has been questioned by the judge who authored the decision (Judge Fogel) in light of *Mexia v. Rinker Boat Co.*, 174 Cal. App. 4th 1297, 1304 (2009).  (MTD Opp. at 9 (citing *Berenblat v. Apple, Inc.*, 2009 WL 2591366, at *4 n.5 (N.D. Cal. Aug. 21, 2009)).)  Even after deciding *Berenblat*, however, Judge Fogel referred to *Mexia* as "something of an outlier" and adhered to his prior decisions applying a one-year duration to implied warranty claims.  *Tietsworth v. Sears, Roebuck, & Co.*, 2009 WL 3320486, at *12 (N.D. Cal. Oct. 13, 2009).  Indeed, while some courts have distinguished *Tietsworth*, it has not been overruled by the Ninth Circuit and, as noted above, other courts continue to follow the approach applied in *Tietsworth*.

- 4 -

Plaintiffs contend that this is the wrong approach because the statute of limitations for implied warranty claims is four years and the Song-Beverly Act "extends to future performance because [it] provides 'an express provision for a duration of the implied warranty of merchantability.'" (MTD Opp. at 9.) Plaintiffs further claim that "an implied warranty claim under Song-Beverly based on a latent defect does not accrue until plaintiff discovers (or reasonably should have discovered) the facts giving rise to the claim." (MTD Opp. 9-10 (citing *Ehrlich v. BMW of N. Am.*, 801 F. Supp. 2d 908, 925 (C.D. Cal. 2010)).)

Plaintiffs' arguments that the duration of an implied warranty claim extends beyond four years for latent defects are contrary to California law. In *Mexia*, the California Court of Appeal stated that "[i]n the case of a latent defect, a product is rendered unmerchantable, and the warranty of merchantability is breached, by the existence of the unseen defect, *not by its subsequent discovery*." 174 Cal. App. 4th at 1305-06 (emphasis added); *id.* at 1305 ("Thus, although a defect may not be discovered for months or years after a sale, merchantability is evaluated as if the defect were known."). As further explained by this Court, this places a four-year outer limit on implied warranty claims:

> [A]s explained by the Court in *Mexia*, the four-year statute of limitation period still provides an outside limitation on claims for breach of an implied warranty. *Mexia*, 174 Cal. App. 4th at 1306, 1311. Additionally, a plaintiff would still need to prove that the alleged defect existed during the one-year duration period, even if the defect was not discovered until the one-year duration had expired. *See Mexia*, 174 Cal. App. 4th at 1308.

*Jekowsky v. BMW of N. Am., LLC*, 2013 WL 6577293, at *3 n.2 (N.D. Cal. Dec. 13, 2013). Applying this same logic, this Court has consistently ruled that application of *Mexia* would not change the result in a case, like this one, where plaintiff purchased the product at issue "more than four years prior to bringing suit." *Berenblat*, 2009 WL 2591366, at *4 n.5; *Sefi v. Mercedes-Benz USA, LLC*, 2013 WL 2285339, at *6

(N.D. Cal. May 23, 2013) (dismissing implied warranty claims brought under Song-Beverly Act because the lawsuit "was commenced more than six years [after the sale of the car], over two years after the expiration of the four-year statute of limitations on Plaintiffs' implied warranty claims").

*Ehrlich*, the main case relied upon by plaintiffs (MTD Opp. at 10),[3] ignored *Mexia*'s guidance and extended the four-year outer limit because it found that the term of the express warranty extended the period of the implied warranty. Other courts have disapproved of this practice. For example, in *Sefi*, this Court found: "If the duration of the manufacturer's express warranty exceeds one year, the duration of the Song-Beverly Act's implied warranty is capped at 'one year following the sale of the consumer goods to a retail buyer.'" 2013 WL 2285339, at *5; *id.* at *6 ("The Song-Beverly Act's implied warranty of merchantability does not 'explicitly extend to future performance' of consumer goods."). This cap furthers the legislature's objective of "limiting the time for commencing contractual actions" against manufacturers. Cal. Com. Code § 2725.

*Tietsworth*, *Stearns*, and *Merchante* are good law and should be applied here because they ensure that a defendant's exposure to implied warranty claims under the Song-Beverly Act will be reasonably capped in duration. To the extent that the Court applies *Mexia*, that decision changes nothing because there is no dispute that each of the plaintiffs filed suit more than four years after they purchased the Solar Panels. (MTD at 11.) Extending the duration beyond four years of purchase is unsupported by California law and would potentially subject defendants to liability that extends

---

[3] Other cases relied upon by plaintiffs simply adopt the reasoning in *Ehrlich* without analysis or do not even address the timing issue. (MTD Opp. at 10.) In *Falco v. Nissan North America Inc.*, 2013 WL 5575065, at *10 (C.D. Cal. Oct. 10. 2013), the court simply adopts the reasoning in *Ehrlich* without independently analyzing the underlying issue. And, in ruling on the motion for class certification, the court in *Keegan v. American Honda Motor Co.*, 284 F.R.D. 504, 537 (C.D. Cal. 2012), does not specifically analyze the duration of implied warranty claims. It merely quotes *Ehrlich* and *Mexia*. *Id.*

1    for decades, a result that is contrary to the objective of the California legislature.

2          2.     Plaintiffs' Implied Warranty Claims Against BP
                  Also Fail Because They Lack Vertical Privity With BP
3

4          Plaintiffs argue that vertical privity is not an element of an implied warranty

5    claim under general California law or the Song-Beverly Act.  This Court has already

6    held that vertical privity is an element of an implied warranty claim under general

7    California law:  "[V]ertical privity is a prerequisite in California for recovery on a

8    breach of implied warranty theory."  *Chandler v. Chiron Corp.*, 1997 WL 464827, at

9    *7-8 (N.D. Cal. July 28, 1987) (Illston, J.).  Further, courts analyzing implied

10   warranty claims under general California law have rejected the application of the

11   third-party beneficiary exception to vertical privity in the context of consumer

12   products.  *See, e.g.*, *Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1082-84

13   (N.D. Cal. 2011) (rejecting the third-party beneficiary theory of vertical privity

14   because that "exception[]" "simply do[es] not exist in the California jurisprudence").

15   In *Xavier*, the Court analyzed the very case that is at the core of plaintiff's argument:

16   *Gilbert Financial Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65 (1978).

17   (MTD Opp. at 8.)  The *Xavier* court found that neither *Gilbert* nor any other

18   "reported California decision has held that the purchaser of a consumer product may

19   dodge the privity rule by asserting that he or she is a third-party beneficiary of the

20   distribution agreements linking the manufacturer to the retailer who ultimately made

21   the sale."  787 F. Supp. 2d at 1083.  The dispute in *Gilbert* arose out of a construction

22   contract "between the general contractor and the subcontractor" that "the plaintiff was

23   a third-party beneficiary of."  *Id.*  It did not involve consumer products and no case

24   decided by the Ninth Circuit or the California Court of Appeal has applied this

25   principle to consumer products.  *Id.*

26         With respect to implied warranty claims under the Song-Beverly Act, plaintiffs

27   argue that vertical privity is not required, and cite to district court cases reaching this

28

conclusion.  (MTD Opp. at 8.)  But plaintiffs do not dispute that other courts have held that vertical privity is a requirement of implied warranty claims under the Song-Beverly Act.  (*Id.* at 8 n.7.)  This split is grounded on the fact that no binding California court or the Ninth Circuit has decided whether vertical privity is required under the Song-Beverly Act.  The California Supreme Court and the Ninth Circuit have held, however, that vertical privity is generally required for implied warranty claims.  *See, e.g.*, *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008).  The sound approach is to continue to follow this line of authority until a binding court rules otherwise.

Plaintiffs' implied warranty claims against BP fail for this additional reason.

## C.  Plaintiffs' CLRA And UCL Claims Fail As A Matter Of Law

Plaintiffs have filed CLRA and UCL claims (Compl. Counts 1 & 8) against BP.  These claims are grounded on BP's purported Claim Suppression, Warranty Exclusions, misrepresentations about the effectiveness of the Solar Panels, and omissions regarding safety issues.  As shown below, plaintiffs' claims fail because BP's purported misrepresentations about the Solar Panels are non-actionable.  Further, the misrepresentation- and omission-based claims are not pled with particularity.  Their Warranty Exclusion and Allagas's and Ray's Claim Suppression theories fail because they have not alleged that they have been harmed by these.

### 1.  BP's Alleged Misrepresentations Are Non-Actionable

Plaintiffs make no effort to distinguish their allegations from identical statements that courts have held to be non-actionable promotional statements.  (MTD at 16-18.)  Rather than distinguish or respond directly to those precedents, plaintiffs attempt to shoehorn the non-actionable statements into actionable statements arguing only from general principles in a manner contrary to settled case law.

Plaintiffs allege that BP misrepresented the safety of its products through promotional statements that its solar panels had a thirty-year "track record" of

performance evidencing safe operation, and that the junction box has a "proven" design and is "reliable."  (MTD Opp. at 13.)  Plaintiffs then argue that these statements represent "a specific and measureable claim capable of being proved false or of being reasonably interpreted as a statement of objective fact." (MTD Opp. at 12 (citing *Coastal Abstract Serv. Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 2005)).)  However, in *Coastal Abstract Service*, the Ninth Circuit repeated its approval of a decision that statements that defendant's lamps were "far brighter than any lamp ever before offered for home movies" were non-actionable.  173 F.3d at 731 (citing *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) (quoting *Smith-Victor Corp. v. Sylvania Elec. Prods., Inc.*, 242 F. Supp. 302, 308-309 (N.D. Ill. 1965))).  Other courts have relied on these cases to reach similar results.  *See, e.g.*, *Atari Corp. v. 3DO Co.*, 1994 WL 723601, at *2 (N.D. Cal. May 16, 1994) (holding that "the most advanced home gaming system in the universe" is not actionable); *Tylka v. Gerber Prods. Co.*, 1999 WL 495126, at *2, 9 (N.D. Ill. July 9, 1999) ("most wholesome nutritious safe foods you can buy anywhere in the world" not actionable).

Plaintiffs provide no explanation why, for example, a claim about the brightness of lamps would not be actionable, but claiming to have a "proven design" or being "reliable" is actionable.  More specifically, plaintiffs provide no response to cases addressing these particular terms.  *See, e.g.*, *Anunziato v. eMachines, Inc.*, 402 F. Supp. 2d 1133, 1140 (C.D. Cal. 2005) (ruling that the terms "quality," "performance" and, notably, "reliability" are non-actionable).  "The word 'reliable' is inherently vague and general – in common parlance akin to a statement that the machine is 'fine.'"  *Id.* (citing *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 931 (C.D. Cal. 1996)).  Applying principles similar to those plaintiffs advocate, the court in *Summit Technology* held that a claim that machines are "reliable" is "incapable of objective verification and not expected to induce

reasonable consumer reliance." *Summit Tech.*, 933 F. Supp. at 931.  Similarly, claims of having a particular "track record" have been ruled non-actionable.  *See, e.g.*, *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 147 (D. Conn. 2007), *aff'd*, 312 F. App'x 400 (2d Cir. 2009) (statement that an insurance company has "a tremendous track-record of claims handling" is not actionable); *In re Cytyc Corp.*, 2005 WL 3801468, at *24 (D. Mass. Mar. 2, 2005) (comment that the company feels "confident in our success based on our track record" with a particular product is non-actionable sales talk); *Fitzer v. Sec. Dynamics Tech., Inc.*, 119 F. Supp. 2d 12, 24, 26 (D. Mass. 2000) (statement that "[t]here are very few companies that are positioned as well as us and have the track record, the experience and the management" is non-actionable).

BP's statements about the benefits of owning its products similarly provide no basis for plaintiffs' claims, because they too are non-actionable.  *Tietsworth*, 2009 WL 3320486, at *7-8 n.5.  Again arguing only from general principles, plaintiffs point to the statements that the panels will "drastically reduce or eliminate your electric bills," "increase the value of your home," and allow homeowners to recover the cost of the panels "when you sell the house" as being easily verifiable or falsifiable.  (MTD Opp. at 14-15.)  Plaintiffs offer no authority to support their argument, and ignore the applicable case law discussed above.

Plaintiffs' misrepresentation-based claims thus fail.

2.      Plaintiffs Have Not Alleged With Particularity Their
        <u>CLRA Or UCL Claims Based On Misrepresentations</u>

Rule 9(b) requires plaintiffs to plead facts that are under their control – such as what they saw and relied on – with particularity.  *Wang v. OCZ Tech. Group, Inc.*, 276 F.R.D. 618, 627 (N.D. Cal. 2011) (plaintiffs must "allege when . . . [t]he[y] viewed, read, or otherwise came to rely upon [defendant]'s representations").  Plaintiffs do not present a single argument that Mohrman saw any advertisement. With respect to Allagas and Ray, plaintiffs argue that "Allagas and Ray alleged that

they . . . relied on these representations and warranties [previously identified in the Complaint] and in the absence thereof they would not have, as they did, purchase the Solar Panels."[4]  (MTD Opp. at 17.)  But plaintiffs have not presented any authority, holding that such conclusory allegations are adequate.  *See Sprewell*, 266 F.3d at 988 ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Elias*, 903 F. Supp. 2d at 855 n.3 (dismissing CLRA and UCL claims where plaintiff's "only statement of reliance on Defendants' conduct is entirely conclusory in nature").  Nor have they attempted to distinguish BP's authorities, holding that such allegations are inadequate.  (Memo. at 18-19 (citing *Wang*, 276 F.R.D. at 624, 627).)

Plaintiffs' indirect reliance theory also fails.  All of the cases plaintiffs rely upon are distinguishable because the third parties in those cases relied on the misrepresentations made by defendants.  (MTD Opp. at 18 ("each case held reliance on the warranties by [third parties] were sufficient").)  There is no allegation here that a sales person relied on or repeated any alleged misrepresentations by BP.  Nor do the sales persons have a special or agency relationship with plaintiff that justifies application of indirect reliance.  *See Thrifty-Tel Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1568 (1996) (ATM machine is an agent of plaintiff bank); *Grinnell v. Charles Pfizer & Co.*, 274 Cal. App. 2d 424, 441 (1969) (doctor has a special relationship with plaintiff patient).

Plaintiffs' misrepresentation-based claims are not pled with requisite particularity and also fail for this reason.

---

[4] Allagas also claims that he "saw an advertisement for the BP Solar Home Solution" and that he was told "by a sales person that he would be contacted by a Home Depot installer who would 'provide additional details' concerning the Solar Panels."  (MTD Opp. at 17.)  This is also insufficient because it does not describe what representations were made to Allagas.  The only statement arguably pled with particularity – "that he would be contacted by a Home Depot installer who would 'provide additional details' concerning the Solar Panels" – does not contain any representation about the functionality or safety of the Solar Panels, and is thus irrelevant.

3.     Plaintiffs Do Not Adequately Plead CLRA Or UCL
       Claims Based On Omissions

Plaintiffs' arguments as to the adequacy of their omissions-based claims fail to salvage their Complaint. (MTD Opp. at 18-20.) To plead an omission-based claim, a plaintiff must allege that he saw materials that reasonably would have contained a disclosure of the safety risk. *See, e.g.*, *Ehrlich*, 801 F. Supp. 2d at 919-20 (granting motion to dismiss CLRA and UCL claims based on omissions because plaintiff did not allege reliance). Under Rule 9(b), plaintiffs must specify "which materials contain the relied-upon misrepresentations *or omissions* [and] when [plaintiffs] relied upon them." *Wang*, 276 F.R.D. at 628 (emphasis added) (dismissing CLRA and UCL claims for lack of particularity). Plaintiffs' argument that Rule 9(b)'s requirements are "relaxed" (MTD Opp. at 20),[5] are inapposite because even under omission theories, plaintiff must plead reliance with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("[Plaintiff's] contention that . . . nondisclosure claims need not be pleaded with particularity is unavailing."); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009) (allegations of omissions "must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information").

In deciding CLRA and UCL claims in a case involving omissions regarding safety issues, a court recently stated:

> [E]ven where, as here, a plaintiff bases his claim not on an
> omission from a specific advertising campaign or brochure,
> but on a defendant's total failure to disclose the material
> fact in any way, the plaintiff's claim must fail when he

---

[5] The cases cited by plaintiffs – *Cirulli v. Hyundai Motor Co.*, 2009 WL 5788762, at *4 (C.D. Cal. June 12, 2009), and *In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1075 (N.D. Cal. 2011) – are inapposite because they focus on allegations regarding defendants' knowledge of a defect, not reliance.

- 12 -

never viewed a website, advertisement, or other material
that could plausibly contain the allegedly omitted fact.

*Daniel v. Ford Motor Co.*, 2013 WL 2474934, at *4 (E.D. Cal. June 7, 2013); *see*

*also Withers v. eHarmony, Inc.*, 2011 WL 8156007, at *3 (C.D. Cal. Mar. 4, 2011)

("Given that Plaintiff never reviewed the terms and conditions, he cannot establish

that had the information been included he would have been aware of it or behaved

differently."); *Johnson v. Harley-Davidson Motor Co. Group, LLC*, 285 F.R.D. 573,

584 (E.D. Cal. 2012).[6]  Plaintiffs have not alleged any facts regarding the materials

that they saw "that could plausibly contain the allegedly omitted fact."  They have

not, accordingly, pled their omissions-based claims with the requisite particularity.[7]

　　　With respect to plaintiffs' indirect reliance theory, they have not pled facts

supporting indirect reliance.  (MTD Opp. at 19.)[8]  Specifically, plaintiffs have not

alleged that any of the sellers from whom they purchased their solar panels were

obligated to disclose the alleged defect on behalf of BP.  *See, e.g.*, *Daniel*, 2013 WL

2474934, at *6 (rejecting plaintiffs' argument of reliance on sellers' alleged failure to

disclose tire defect because plaintiffs failed to provide an adequate basis to conclude

that seller had an obligation to make a disclosure on behalf of defendant

---

[6] The problem with plaintiffs' omissions-based allegations is underscored by their argument that:  "It does not matter whether the Plaintiffs saw the [2012] Advisory or not.  What matters is that BP did not advise Plaintiffs or the Class of the risk posed by the Solar Panels, either in 2012 or at earlier points in time."  (MTD Opp. at 24.)  This reveals a fundamental mischaracterization of the reliance element under the CLRA and UCL and demonstrates conclusively that plaintiffs cannot claim that they were deceived by any alleged omission in this Advisory.

[7] By requiring reliance, CLRA and UCL claims differ from failure to warn claims in the product liability context.  CLRA and UCL claims require a showing of reliance, whereas failure to warn claims require a showing of causation, but not reliance. *Daniel v. Ford Motor Co.*, 2013 WL 2474934, at *4 (E.D. Cal. June 7, 2013). Accordingly, any argument that reliance is presumed because BP "failed to disclose the [junction box] issues in a way that was 'reasonably calculated' to reach the consumer," fails because that argument goes to causation, not reliance.  *Id.*

[8] Plaintiffs rely on a string of cases relating to non-disclosures to original purchasers in real property transactions that are distinguishable from the consumer product context at issue here.  (MTD Opp. at 19.)

- 13 -

manufacturer).  Accordingly, they have not alleged reliance indirectly either.[9]

> 4.      Plaintiffs Fail To Adequately Plead CLRA And UCL Claims
>         Based On Purported Warranty Exclusions Or Claim Suppression

Plaintiffs may not base their UCL claims on alleged Warranty Exclusions that they fail to allege were enforced against them.  (MTD at 21.)  A private plaintiff bringing an action under the UCL must establish that he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  This issue of standing applies equally to CLRA claims.  *See Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 646 (2009) (holding CLRA claims based on unconscionable contract provisions to fail where a plaintiff has not suffered damages as a result of the enforcement of the unconscionable provisions).  Plaintiffs have not alleged that BP has sought to enforce the contested provisions of the warranty as a basis for any of its warranty claim settlement offers to plaintiffs.  All of the "Exclusion" theories accordingly fail as a matter of law.

Allagas and Ray's allegations regarding BP's purported claim suppression strategy also fail to provide a basis for recovery under the UCL or CLRA.  As demonstrated above (*supra* Sec. A.2), Allagas and Ray have not pled any facts suggesting that the replacement offer was inadequate, nor have they pled any facts explaining how an offer to replace the allegedly defective solar system in satisfaction of the express warranty is consistent with a purported claim suppression strategy.  All of Allagas's and Ray's "Suppression" theories also fail as a matter of law.

---

[9] Notwithstanding plaintiffs' claim that they do not have to plead facts regarding BP's purported knowledge of the alleged defects with particularity, plaintiffs' arguments regarding BP's knowledge highlights a material defect in their pleading.  In their Complaint, plaintiffs allege that "BP has been aware of the defect in its Solar Panels since at least *2005*."  (Compl. ¶ 47 (emphasis added)).  But in opposition to the motion to dismiss, plaintiffs argue that "[i]t is reasonable to infer that BP had knowledge of the defect at least before *2009*."  (MTD Opp. at 19 (emphasis added); *id.* at 20 (("Plaintiffs have pled enough to suggest that BP know of the problem no later than 2009.").)  If, as plaintiffs now concede, the reasonable inference that one can draw from the alleged facts is that BP knew of the defect at least before 2009, the pleading is defective and must be amended.

1

2

       5.     Plaintiffs' UCL Claims Fail Under The Unlawful, Fraudulent, And Unfair Prongs

3

Plaintiffs seek relief under all three prongs of the UCL.  (Compl. ¶ 152.)

4

Allagas and Ray have failed to allege UCL violations under the unlawful prong

5

because all of the purported unlawful predicates (CLRA, Magnuson-Moss, and Song-

6

Beverly) fail as to them.[10]  (*Supra* Sec. A., B., C.1-4.)  All of the plaintiffs have also

7

failed to adequately plead causes of action under the fraudulent prong of the UCL.

8

(*Supra* at C.1-3.)  Allagas and Ray have also failed to state a claim under the unfair

9

prong because their claims are not tied or tethered to any violation of law.  (*Supra*

10

Sec. Sec. A., B., C.1-4.)  Moreover, their unfair prong claims fail because they have

11

not alleged that they lost any money or property as a result of the other[11] purported

12

unfair conduct alleged in the Complaint.  (MTD at 20-21.)

13

<u>Conclusion</u>

14

      For the foregoing reasons, BP respectfully requests that the Court grant this

15

motion to dismiss in its entirety.

16

Dated:  March 20, 2014.            ARNOLD & PORTER LLP

17

18

                    By:  /s/ Matthew T. Heartney

19

                        Matthew T. Heartney
                        Alex Beroukhim

20

                        Attorneys for Defendant
                        BP SOLAR INTERNATIONAL, INC.

21

                        and HOME DEPOT U.S.A., INC.

22

---

[10] Mohrman's express warranty claims, based on the Power Warranty, which give rise

23

to the Magnuson-Moss and Song-Beverly predicates, will be addressed in a later motion.

24

[11] Plaintiffs' safety-related claims fail because they are not pled with particularity.

25

(*Supra* Sec. C.3.)  Allagas and Ray must allege standing under Proposition 64 for the remaining claims – based on purported "Suppression" and "Exclusions" – but have

26

not alleged that they have been harmed by this conduct.  The cases cited by plaintiffs in support of the proposition that they have alleged "an injury 'fairly traceable' to

27

BP's conduct" (MTD Opp. at 22-23) are distinguishable because they all involve safety-related claims.

28