IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ALLAGAS, et al.,

    Plaintiffs,

v.

BP SOLAR INTERNATIONAL INC., et al.

    Defendants.

No. C 14-00560 SI

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE**

On April 18, 2014, the Court heard oral argument on the defendants' motions to dismiss and to strike class allegations. Docket Nos. 14-15. Having considered the arguments of counsel and the papers submitted, the Court GRANTS in part and DENIES in part defendants' motion to dismiss and DENIES defendants' motion to strike the class allegations.

**BACKGROUND**

The following facts are drawn from the operative complaint. Plaintiffs Michael Allagas, Arthur Ray, and Brett Mohrman seek recovery on behalf of themselves and all California residents who purchased solar panels manufactured by defendant BP Solar International, Inc., or purchased properties on which the solar panels were installed. Complt. ¶¶ 1,4. Plaintiffs allege claims for breach of express and implied warranties, and sales-related misrepresentations, under various California laws and under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2302.

In June, 2005, Allagas purchased a BP Solar Home Solution – which included twenty-four BP 4175B solar panels – from defendant Home Depot. *Id.* ¶ 5. In April, 2005, Ray purchased a solar system from Diablo Solar Services that consisted of eighteen BP SX 170B solar panels. *Id.* ¶¶ 6, 62. And in June, 2012, Mohrman purchased a home on which a solar system consisting of twenty BP 2150S solar panels was previously installed. *Id.* ¶¶ 7, 65.

One major issue in this case is the warranty issued by BP for the solar panels. The warranty states the panels will be "free from defect in materials and workmanship" for the term of the warranty (the "defect warranty") and the solar panels will produce at least ninety percent of their minimum peak power output for a period of years and at least eighty percent for a longer period from the date of installation (the "power warranty"). *Id.* ¶ 23. Allagas and Ray's defect warranties were for a period of five years and their power warranties were twelve and twenty-five years, respectively. *Id.* Mohrman's defect warranty was for a period of two years and his power warranty was for twelve and twenty-five years, respectively. *Id.* The warranty is enforceable by the first purchaser who purchased the panels or by purchasers of buildings on which the panels were first mounted. *Id.* ¶ 24. Plaintiffs allege Allagas and Ray were first purchasers of the panels and Mohrman purchased a property on which the panels were first mounted. *Id.* The warranty provides that in the event of a breach of the defect warranty, BP will replace or repair the solar panels or, at its option, refund the purchase price. *Id.* ¶ 25. The warranty further provides that in the event of a breach of the power warranty, BP will either repair or replace the solar panels or provide the purchasers with additional components to bring the aggregate power output to at least the warranted percentage of the specified minimum power output. *Id.*

Plaintiffs allege there is a defect in the solar panels. The panels are connected together by connection cables; the connection between the panels is made at a junction box attached to each solar panel. *Id.* ¶¶ 16-17. Plaintiffs allege that a defect in the solar panel junction box and the solder joints between the connecting cables causes the solder joint to overheat, and the solar panels to break. *Id.* ¶¶ 17-18. The heat melts the junction box, burns the cables and the solar panel, and shatters the glass cover of the solar panel. *Id.* ¶ 19. According to plaintiffs, because of the defect in the junction box, all solar panels relevant to this litigation have failed or will fail before the end of their expected useful life. *Id.* ¶ 20.

2

1   Also at issue in this case are the solar panel marketing and advertising materials BP produced; the warranties and representations BP made regarding the solar panels; the offers BP made to warranty claimants; and a product advisory issued by BP regarding risks when using certain solar panels. *Id.* at 4-12. Plaintiffs seek to represent a class composed of six subclasses, broken out according to various combinations of the nature of the purchase and the identity of the retailer. *Id.* ¶ 70.

This action was initially filed in Contra Costa County Superior Court on January 8, 2014, and was removed by defendants to this Court on February 16, 2014. Docket No. 1. Plaintiffs allege eight causes of action: 1) Plaintiffs and the consumer subclasses claim BP violated the CLRA; 2) Plaintiffs and the entire class claim breach of express warranty against BP; 3) Plaintiffs and the consumer subclasses claim breach of express warranty under the Magnuson-Moss Warranty Act against BP; 4) Plaintiffs and the consumer subclasses claim breach of express warranty under the Song-Beverly Consumer Warranty Act against BP; 5) Plaintiffs and the class claim breach of implied warranty against all defendants; 6) Plaintiffs and the consumer subclasses claim breach of implied warranty under the Magnuson-Moss Act against all defendants; 7) Plaintiffs and the consumer subclasses claim breach of implied warranty under the Song-Beverly Act against all defendants; and 8) Plaintiffs and the class claim BP violated California's Unfair Competition Law (UCL). Defendants now bring a motion to dismiss plaintiffs' claims for breach of express and implied warranties, violation of the CLRA and violation of the UCL for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 15. Defendants have also moved to strike plaintiffs' class allegations. Docket No. 14.

**LEGAL STANDARD**

**I.   Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to

3

"raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings, without thereby transforming the motion into a motion for summary judgment. *Id.* at 688-89. If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**II.     Motion to Strike Class Allegations**

Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading "any insufficient defense or any redundant, immaterial, or impertinent and scandalous matter." Fed. R. Civ. P. 12(f). A defendant may move to strike class actions prior to discovery where the complaint demonstrates a class action cannot be maintained on the facts alleged therein. *Sanders v. Apple, Inc.*, 672 F.Supp. 2d 978, 990 (N.D. Cal. 2009). To grant a motion to strike, "the court must be convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *Id*.

4

**DISCUSSION**

**I.     Motion to Dismiss**

Defendants have moved to dismiss plaintiffs' claims for breach of express and implied warranty under California law, the Song-Beverly Act, and the Magnuson-Moss Act; violation of the CLRA; and violation of the UCL. The Court addresses defendants' motion as to the claims of the three named plaintiffs – Allagas, Ray, and Mohrman.

**A.     Express Warranty Claims**

Plaintiffs' second, third, and fourth causes of action are against BP for breach of express warranty under California law, the Song-Beverly Act, and the Magnuson-Moss Act. The parties do not dispute the elements of a cause of action for breach of express warranty under California law or the Song-Beverly Act, but disagree as to the facts supporting plaintiffs' allegations.[1]

On the face of the operative complaint, plaintiffs have failed to state a claim for breach of the express defect warranty as to all three named plaintiffs under both California law and the Song-Beverly Act. None of the named plaintiffs have alleged that the defects manifested during the defect warranty period such that they are covered by the express warranty. And because plaintiffs have failed to allege

---

[1] Defendants assert that BP has satisfied its warranty obligations to Allagas and Ray by offering replacement systems, so plaintiffs are barred from asserting express warranty claims against BP. Motion at 14. Defendants request the Court take judicial notice of e-mails sent by BP to plaintiffs. Motion at 13-14; Request for Judicial Notice at 2-3. Plaintiffs have objected to defendants' request for judicial notice of these exhibits. Docket No. 19. In considering a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). A court may consider evidence on which the complaint necessarily relied if: the complaint refers to the document; the document is central to the plaintiff's claim; and no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Court has reviewed the e-mails submitted by defendants and finds that they are not material to the issues presented in the instant motion nor central to the plaintiffs' claims for breach of the express power warranty. These e-mails go to a disputed factual allegation in this action and are best addressed in the context of a summary judgment motion. Accordingly, the Court DENIES defendants' request for judicial notice as to the e-mail correspondence.

5

a cause of action for breach of express defect warranty under state law, they have not stated a claim under Magnuson-Moss.[2]

Mohrman's allegations state a claim for breach of the express power warranty under both California law and the Song-Beverly Act, and thus also state a claim under the Magnuson-Moss Act.[3] Allagas has stated a claim for breach of the express power warranty under the Song-Beverly and Magnuson-Moss Acts, but has failed to allege a claim under California law because Allagas has not alleged reliance upon the power warranty. Ray has failed to state any claims for breach of the express power warranty because Ray has not alleged notice, a power failure, or reliance upon the power warranty.

The Court GRANTS defendants' motion to dismiss all claims for breach of the express defect warranty, and GRANTS plaintiffs leave to amend. The Court also GRANTS defendants' motion to dismiss all of Ray's claims for breach of the express power warranty and Allagas' claims under California law; the Court GRANTS plaintiffs leave to amend these claims. The Court DENIES defendants' motion to dismiss Allagas and Mohrman's claims for breach of the express power warranty under the Magnuson-Moss Act, Allagas' claim under the Song-Beverly Act, and Mohrman's claims under California law and the Beverly-Song Act.

### B. Implied Warranty Claims

Plaintiffs' fifth, sixth, and seventh causes of action are against all defendants for breach of implied warranty under California law, the Song-Beverly Act, and the Magnuson-Moss Act.

---

[2] The Court's disposition of the state law warranty claims determines the disposition of the Magnuson-Moss claims. The Magnuson-Moss Act authorizes a civil suit by a consumer to enforce the terms of an implied or express warranty. "Magnuson-Moss calls for the application of state written and implied warranty law, not the creation of additional federal law, except in specific instances in which it expressly prescribes a regulating rule." *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 833 (Cal. Ct. App. 2006) (citation and internal quotation marks omitted). A failure to state a warranty claim under state law necessarily constitutes a failure to state a claim under Magnuson-Moss. *Id.*

[3] Mohrman has alleged the terms of the warranty, reliance upon the warranty, a failure of the system to produce the warranted power output, out of pocket expenses and additional energy bill costs, notice to BP of the failed system, and a settlement offer from BP that is far less than the estimated cost of repair and replacement.

6

The fifth cause of action does not state the particular California laws that plaintiffs believe govern their implied warranty claims. Paragraph 127 alleges that the solar panels are (1) not fit for their intended use, and (2) not of merchantable quality. The Court construes plaintiffs' fifth cause of action as a claim for breach of the implied warranties of merchantability and fitness, Cal. Comm. Code. §§ 2314-2315. In their fifth cause of action, plaintiffs have not pled that the breach of the implied warranties occurred within the statutory duration of the warranties.[4]

Similarly, in their seventh cause of action for breach of implied warranty under the Song-Beverly Act, plaintiffs have not alleged that the breach occurred within the implied warranty period, and thus have not stated a claim for relief. In their opposition, plaintiffs refer to implied warranty claims under Song-Beverly based on a latent defect. However, from the face of the complaint, plaintiffs have not stated that there was a latent defect in the solar panels. Plaintiffs' failure to state an implied warranty claim under California law and the Beverly-Song Act necessarily constitutes a failure to state a claim under the Magnuson-Moss Act.

The Court GRANTS defendants' motion to dismiss plaintiffs's claims for breach of implied warranty under California law, the Song-Beverly Act, and the Magnuson-Moss Act and GRANTS plaintiffs leave to amend.

**C.    CLRA Claims**

Plaintiffs' first cause of action for violation of the CLRA purports to incorporate the 86 preceding paragraphs of the complaint. Complt. ¶ 87. It is unclear from plaintiffs' statements under their first cause of action, which particular facts and allegations plaintiffs wish to reference in making their CLRA claim. Under their first cause of action, plaintiffs state only that BP violated the CLRA by representing "through advertising and other express representations that the Solar Panels had benefits or characteristics they did not actually have and were of a certain standard or quality, when they were not," and by including in the warranty unconscionable warranty exclusions. Complt. ¶¶ 93-94.

---

[4] While the fifth cause of action purports to incorporate by reference each allegation set forth in the preceding 122 paragraphs, the plaintiffs have not, within their discussion of the breach of implied warranty, specified particular facts they wish to incorporate to support their claim. Plaintiffs, in their amendment, should specify the particular paragraph numbers they wish to incorporate to support their causes of action.

7

1 Plaintiffs' CLRA cause of action states that had plaintiffs and consumer subclass members known the
2 representations and warranties made were false and installation posed a risk of fire, they would not have
3 purchased the panels or properties on which panels were installed. *Id.* ¶ 95. However, plaintiffs have
4 not specified which facts they rely upon to make this claim or which of the paragraphs of the complaint
5 support their claim. The Court GRANTS defendants' motion to dismiss the CLRA claim and GRANTS
6 plaintiffs leave to amend the complaint.

### D. UCL Claims

Plaintiffs' eighth cause of action is for violations of the UCL by BP. Complt. at 27. California's UCL prohibits unfair competition by means of any unlawful, unfair or fraudulent business practice. Cal. Bus. & Prof. Code §§ 17200-17210. "Each prong of the UCL is a separate and distinct theory of liability." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). To have standing under the UCL, as amended by California's Proposition 64, "plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959-960 (9th Cir. 2009).[5] "Thus, to plead a UCL claim, the plaintiffs must show, consistent with Article III, that they suffered a distinct and palpable injury as a result of the alleged unlawful or unfair conduct." *Id*.

#### (1) Unlawful Prong of the UCL

By proscribing any unlawful business practice, the UCL "borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1360-61 (Cal. Ct. App. 2010) (internal citation and quotation mark omitted). "Virtually any law – federal, state or local – can serve as a predicate" for an action under the UCL. *Id*. Plaintiffs allege that BP's conduct was unlawful, under the UCL, because it violated the CLRA, the Magnuson-Moss Act, and the Song-Beverly Act. Complt. ¶ 154. For the reasons discussed

---

[5] Proposition 64 prohibits "private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact *under the standing requirements of the United States Constitution*." *Buckland Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 814 (Cal. Ct. App. 2007) (quoting Prop. 64, § 1, (e)) (emphasis in original).

8

above, the Court finds that plaintiffs have adequately pled certain claims for breach of express and implied warranty under California law, Song-Beverly Act, and Magnuson-Moss Act and have alleged that they "suffered injury-in-fact, lost money, and lost property, in that they have incurred out-of-pocket labor costs and energy loss associated with the faulty solar system." Complt. ¶ 158. The properly pled warranty claims may serve as predicate offenses for plaintiffs' action under the unlawful prong of the UCL. Accordingly, the Court DENIES defendants' motion as to Mohrman and Allagas' express power warranty claims. The court GRANTS the motion as to all three plaintiffs' express defect and implied warranty claims, Ray's express power warranty claims, and Allagas' express power warranty claim under California law; the Court GRANTS plaintiffs leave to amend.

### (2) Unfair Prong of the UCL

To plead a claim under the UCL's unfair prong, plaintiffs must allege facts to support: substantial consumer injury that is not outweighed by any countervailing benefits to consumers or competition, and that the consumer injury is not an injury the consumers could reasonably have avoided. *Daughterty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 839 (Cal. Ct. App. 2006). To have standing, plaintiffs must plead they suffered a distinct and palpable injury as a result of the alleged unlawful or unfair conduct. *Birdsong*, 590 F.3d at 959-960.

Here, plaintiffs have not shown the requisite injury to themselves and therefore lack standing for a claim under the unfair prong of the UCL. Plaintiffs state that "by threatening to enforce and actually enforcing the Warranty Exclusions, by engaging in the Claim Suppression Strategy and by understating and failing to disclose the risk of fire resulting from the failure of the Solar Panels, BP acted unfairly and unlawfully against all members of the Class." Complt. ¶ 160. But the complaint does not allege that
plaintiffs have suffered a distinct and palpable injury as a result of the enforcement of the warranty exclusions against them, the application of the suppression strategy against them or injury from fire resulting from the solar panels. Accordingly, the three plaintiffs lack standing for failure to plead a distinct and palpable injury as a result of BP's allegedly unfair conduct.

9

1  The Court GRANTS defendants' motion as to this claim and GRANTS plaintiffs leave to amend
2  the complaint.

### (3) Fraud Prong of the UCL

Claims brought under the fraudulent prong of the UCL are governed by the reasonable consumer standard. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002). Under the reasonable consumer standard, a plaintiff must show that members of the public are likely to be deceived. *Williams*, 552 F.3d at 938. Because plaintiffs are proceeding in federal court, Rule 9(b)'s heightened pleading requirement applies. *See Kearns*, 567 F.3d at 1125.

Plaintiffs allege that BP's advertising and sale of the solar panels by brochures and warranties was fraudulent because it was likely to and did deceive purchasers into believing the panels were durable, safe, and reliable but the solar panels are not durable or safe and fail to produce the specified power level within the warranty period. Complt. ¶ 155. The complaint alleges BP's conduct was specifically designed to and did induce Allagas, Ray, and members of the initial purchaser subclass to purchase the solar panels. *Id.* ¶ 156. However, plaintiffs have not alleged, with specificity, which allegedly fraudulent statements Allagas and Ray found material to their decision to purchase the solar panels. Plaintiffs must allege BP's fraudulent conduct with reasonable particularity and must state "the who, what, when, where, and how" of the conduct. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2013).

Accordingly, the Court GRANTS defendants' motion to dismiss the fraudulent prong of the UCL claims and GRANTS plaintiffs leave to amend.

### II. Motion to Strike Class Allegations

Defendants move to strike plaintiffs' class allegation. Docket No. 14 at 1. Motions to strike class allegations are rarely granted at the pleading stage. *See In re Wal-Mart, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007). The better practice is to assess class allegations through a motion for class certification. *Cruz v. Sky Chefs, Inc.*, No. C–12–02705 DMR, 2013 WL 1892337,

at * 6 (N.D. Cal. May 6, 2013) (citing cases from both before and after *Twombly* for the proposition that class allegations should rarely be stricken at the pleading stage). Therefore, the Court DENIES defendants' motion to strike the class allegations.

## CONCLUSION

The Court GRANTS defendants' motion to dismiss: all claims for breach of the express defect warranty; all claims for breach of implied warranty; all of Ray's claims for breach of the express power warranty; Allagas' claims for breach of the express power warranty under California law; plaintiffs' CLRA claim; and the claims made under the unfair and fraudulent prongs of the UCL. The Court GRANTS plaintiffs leave to amend the complaint. Any amendments shall be submitted no later than **May 23, 2014**.

The Court DENIES defendants' motion to dismiss Mohrman's claims for breach of the express power warranty, Allagas' claim for breach of express warranty under the Song-Beverly and Magnuson-Moss Acts, and claims made under the unlawful prong of the UCL.

The Court also DENIES defendants' motion to strike the class allegations.

**IT IS SO ORDERED.**

Dated: April 21, 2014

SUSAN ILLSTON
United States District Judge

11