1  David M. Birka-White (State Bar No. 85721)
   dbw@birka-white.com
2  Stephen Oroza (State Bar No. 84681)
   soroza@comcast.net
3  Mindy M. Wong (State Bar No. 267820)
   mwong@birka-white.com
4  BIRKA-WHITE LAW OFFICES
   65 Oak Court
5  Danville, CA 94526
   Telephone:  (925) 362-9999
6  Facsimile:  (925) 362-9970

7  *Attorneys for Individual and Representative Plaintiffs* Michael Allagas, Arthur Ray, and
8  Brett Mohrman

9  **UNITED STATES DISTRICT COURT**

10  **NORTHERN DISTRICT OF CALIFORNIA**

11  **SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICHAEL ALLAGAS, ARTHUR RAY and BRETT MOHRMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BP SOLAR INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  3:14-cv-00560-SI<br><br>**JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT**<br><br>*The Honorable Susan Illston*<br><br>Date:      August 22, 2014<br>Time:      2:30PM<br>Crtm:      10<br><br>Action Filed:  January 9, 2014<br>Trial Date:     TBD |

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

Plaintiffs Michael Allagas, Brett Mohrman, and Arthur Ray (collectively, "Plaintiffs") and Defendants BP Solar International, Inc. ("BP") and Home Depot U.S.A., Inc. ("Home Depot") (collectively, "Defendants") respectfully submit the following joint case management statement.

## 1. CASE SUMMARY

Plaintiffs filed this purported consumer class action on January 9, 2014. Thereafter, Defendants moved to dismiss the Complaint and strike the class allegations. On April 21, 2014, the Court granted in part and denied in part the motion to dismiss and denied the motion to strike. On May 23, 2014, Plaintiffs filed a First Amended Complaint ("FAC") re-pleading all of the claims that were initially dismissed. Defendants moved to dismiss the FAC. On July 9, 2014, the Court issued an Order taking the hearing on the motion to dismiss off calendar and informed the parties that the Court would rule on the papers. As of the time of this filing, the Court has not yet issued an order on the motion to dismiss.

## 2. JURISDICTION AND RELATED ISSUES

Plaintiffs filed this action on January 9, 2014 in the Contra Costa County Superior Court. On February 6, 2014, Defendants filed a petition for removal of this action to this Court. The parties agree that this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. No issues exist regarding personal jurisdiction or venue. No parties remain to be served.

## 3. FACTS

**Plaintiffs' Statement**

This case arises out of: (1) express and implied warranties arising from the sale of certain photovoltaic modules manufactured by BP ("Solar Panels") from 2001 to 2010; (2) BP's misrepresentations and omissions concerning defects in the Solar Panels both before and after their sale; and (3) unfair practices by BP in attempting to minimize its liability related to the Solar Panels. Plaintiffs contend that the Solar Panels are defective. BP ceased selling the Solar Panels in 2010 and issued a Product Advisory in 2012. Home Depot's liability arises solely from the implied warranty of merchantability arising from the sale of the Solar Panels.

BP issued a written warranty which contained warranties: (1) against defects in materials

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

1    Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

1   and workmanship for a specified period (the "Defect Warranty"); and (2) that represented the
2   Solar Panels would produce 80 or 90 percent of their rated power for longer periods (the "Power
3   Warranty").  Plaintiffs also assert that BP made a number of false statements concerning the Solar
4   Panels related to their safety, the robustness of their performance in the field, the reduction in
5   utility bills which could be achieved by installing the Solar Panels and the effect of the Solar
6   Panels on the value of the home on which they were installed.

7   Plaintiffs allege that BP has been aware of a defect in a component of the Solar Panels –
8   the junction box – since at least 2001 but both omitted to disclose the defect and made affirmative
9   representations concerning the Solar Panels which were false because of the defect.  Plaintiffs
10  further allege that BP made further misrepresentations concerning the Solar Panels – particularly
11  in minimizing the risk of fire when the Solar Panels fail – when it disclosed the defect and made
12  certain offers to settle claims arising from the defect in 2009, 2010 and 2012.

13  In addition, Plaintiffs allege that BP is attempting to enforce against claimants a number
14  of alleged limitations of its liability contained in its written warranty (the "Warranty Exclusions")
15  – particularly provisions purporting to exclude liability, labor costs, lost energy and other
16  consequential damages – which are unenforceable under applicable law.  Plaintiffs allege that the
17  enforcement of the Warranty Exclusions deprives claimants of more than half of the
18  compensation to which they are legally entitled (approximately two-thirds in the case of
19  Plaintiffs).

20  Finally, Plaintiffs allege that by its enforcement of the Warranty Exclusions, the making
21  of two very low public settlement offers (the "2009 Offer" and the "2010 Offer") and undertaking
22  certain other practices alleged in the First Amended Complaint[1], BP engaged in a conscious effort
23  (the "Claims Suppression Strategy") to pick off homeowners one at a time and offer them
24  settlements worth far less than the actual value of their claims.

25  **Defendant's Statement**

26  For the reasons set forth in the motion to dismiss the FAC, it is Defendants' position that
27  Plaintiffs' claims are legally defective and should be dismissed.  Further, with respect to the

28  ---
[1] First Amended Complaint, Document No. 36 ("*FAC*") at ¶¶ 79-84.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

2                                Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

factual allegations in the FAC, BP reserves all rights and in no way concedes any of the positions stated above.

## 4. LEGAL ISSUES

The following issues are fully briefed in Defendants' motion to dismiss, Plaintiffs' opposition, and Defendants' reply. These are the legal issues that are currently at issue. Defendants believe the parties cannot meaningfully address other potential legal issues until the Court rules on the motion to dismiss.

### A. Implied Warranty Claims

1. *Statute of limitations*:

**Plaintiffs' Statement**

Plaintiffs assert that their claims are timely because almost all statute of limitations accrue on discovery of the facts giving rise to the claim and that Plaintiffs did not discover the facts giving rise to the claim until very recently. Plaintiffs also assert that Defendants are estopped to plead statute of limitations as a defense.

**Defendants' Statement**

Defendants assert that Plaintiffs' implied warranty claims are untimely because Plaintiffs' claims were filed more than four years after the products were purchased.

2. *Privity*:

**Plaintiffs' Statement**

Plaintiffs assert vertical privity is not required because: (1) all Plaintiffs are intended third-party beneficiaries of warranties between BP and its initial buyer; and (2) vertical privity is not required under Song-Beverly or Magnuson-Moss.

**Defendants' Statement**

Defendants assert that Plaintiffs' implied warranty claims based on general California law fail because Plaintiffs lack vertical privity with BP and Ray and Mohrman lack vertical privity with Home Depot.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

3   Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

3. *Tender of Performance*:

**Plaintiffs' Statement**

Plaintiffs assert that the alleged tender was inadequate to constitute full performance of the warranty because, *inter alia*, it did not include any offer to repair substantial consequential damage or to reimburse Plaintiffs for lost power.

**Defendants' Statement**

Defendants assert that BP tendered performance sufficient to cure the damages attributable to the alleged defect in the Solar Panels.

**B.** **Express Warranty Claims**

*Lack of Manifestation*:

**Plaintiffs' Statement**

Plaintiffs assert that Plaintiffs Allagas and Ray experienced defects within the warranty period.

**Defendants' Statement**

Defendants assert that Plaintiffs' claims for breach of the Defect Warranty fail because Plaintiffs do not allege that defects manifested during the defect warranty period.

**C.** **CLRA Claims**

1. *"Puffery:"*

**Plaintiffs' Statement**

Plaintiffs assert that statements made by BP in the warranty and various marketing documents are actionable misrepresentations which are factual in nature and would affect the decision of a reasonable consumer concerning whether to purchase the Solar Panels.

**Defendants' Statement**

Defendants assert that the alleged misrepresentations relating to the sale of the Solar Panels are non-actionable puffery.

2. *Lack of Exposure/Reliance*:

**Plaintiffs' Statement**

Plaintiffs assert that Plaintiffs Allagas and Ray, the only Plaintiffs who assert CLRA and

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

4   Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

UCL claims, have plead direct exposure to representations by BP and indirect exposure to the representations by persons authorized and trained by BP to make representations concerning the Solar Panels.

**Defendants' Statement**

Defendants assert that Plaintiffs have failed to allege reliance on the misrepresentations and omissions by BP with sufficient particularity, and Plaintiffs' new-found theory of indirect reliance upon third parties who might have received unspecified marketing information from BP also fail.

3.  *Omissions*:

**Plaintiffs' Statement**

Plaintiffs assert that BP's failure to disclose the defect in the Solar Panels and the risk of fire arising therefrom is actionable. Plaintiffs further assert that BP was obligated to disclose these facts because the omitted facts: (1) affect safety-related issues; (2) contradict statements made by BP concerning the Solar Panels; (3) were within the exclusive knowledge of BP and unknown to Plaintiffs; and (4) were actively concealed by BP.

**Defendants' Statement**

Defendants assert that Plaintiffs have not alleged with specificity that they were "exposed"--either directly or indirectly--to any specific misrepresentations by BP and that absent such exposure, Plaintiffs cannot prove that had the omitted information been disclosed, they would have been aware of it and behaved differently.

4.  *Unconscionable Provisions in Warranty*:

**Plaintiffs' Statement**

Plaintiffs assert that certain provisions of BP's warranty – particularly those which purport to limits Plaintiffs' remedies are unconscionable and that such provisions have been asserted against Plaintiffs.

**Defendants' Statement**

Defendants' position is that BP's warranty that expressly provides that any limitations are applicable only to the extent permitted by law.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

5     Case No. 3:14-cv-00560-SI

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

**D.     UCL Claims**

The first three issues addressed in connection with Plaintiffs' CLRA claims apply to Plaintiffs' UCL claims as well.

*Claim Suppression Strategy*:

**Plaintiffs' Statement**

Plaintiffs assert that BP has developed and implemented a strategy to misrepresent the legal rights and remedies of its customers, to suppress evidence of the risk of fire arising from the defect in the Solar Panels and take certain other actions in order to undercompensate purchasers of the Solar Panels.  Plaintiffs allege that the implementation of this strategy is an unfair business practice and that they were personally subjected to the practice.

**Defendants' Statement**

BP asserts that Plaintiffs lack both standing and any legitimate grounds to pursue their claims based on "enforcement and threatened enforcement of the Warranty Exclusions, the Claim Suppression Strategy and the understatement and nondisclosure risks of fire resulting from the Solar Panels."  BP further asserts that Allagas's and Ray's claims that they were harmed by the "Claim Suppression Strategy" is belied by their admission that BP offered to replace their solar systems.

**5.     MOTIONS**

The parties cannot fully address possible future motions until the Court rules on Defendants' motion to dismiss.  However, Plaintiffs will file a motion for class certification after class discovery has been completed.

**6.     AMENDMENT OF PLEADINGS**

Plaintiff's filed a First Amended Complaint on May 23, 2014.  The parties cannot address the timing of further possible amendments until the Court rules on Defendants' motion to dismiss.

**7.     EVIDENCE PRESERVATION**

BP has taken necessary steps to ensure preservation of potentially relevant documents.

**8.     RULE 26 DISCLOSURES:**

The parties have not yet exchanged initial disclosures pursuant to Fed. R. Civ. P. 26.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

6     Case No. 3:14-cv-00560-SI

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

1  Plaintiffs were ready and willing to exchange initial disclosures on June 20, 2014. However, as
2  stated below in Paragraph 9(D)(1), the parties have agreed to extend the time to exchange initial
3  disclosures pending this Court's ruling on Defendants' motion to dismiss. Once the parties
4  exchange initial disclosures, to the extent that there are any perceived deficiencies in the
5  disclosures, the parties will meet and confer and, if an agreement cannot be reached, the parties
6  will advise the Court of any need to compel further disclosures.

**9.  DISCOVERY**

A. <u>Discovery Taken to Date</u>: No discovery has been exchanged to date.

B. <u>Scope of Discovery and Proposed Limitations</u>: The parties agree that discovery initially should be limited to issues relevant to class certification. However, the nature of discovery relating to class certification has not been discussed. Plaintiffs are ready to move forward with the discovery process. However, Defendants are awaiting the Court's ruling on Defendants' motion to dismiss before addressing these issues.

C. <u>Stipulated E-Discovery Order</u>: The parties have considered entering into a stipulated e-discovery order and are continuing to discuss the issues related to e-discovery.

D. <u>Discovery Plan</u>:

1. *Changes to the timing, form or requirement for disclosures (Rule 26(f)(3)(A))*: The parties have agreed to extend the time to exchange initial disclosures. A date has not yet been set as Defendants are currently waiting for the Court's ruling on Defendants' motion to dismiss. They have discussed the issues related to the scope of such disclosures and the disclosure of ESI. The parties will advise the Court at the Case Management Conference of any issues which need to be resolved concerning these disclosures.

2. *The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues Rule 26(f)(3)(B)*:

    a. *Limitation and phasing of discovery*: The parties agree that discovery should initially be limited to issues related to class certification.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

7  Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

   b. *Subjects on which discovery may be needed*:

**Plaintiffs' Statement**

Plaintiffs believe that class discovery should include at least the following issues:

  i. The contentions of the parties concerning the suitability or unsuitability of class treatment of the claims in this case;

  ii. The design and manufacture the Solar Panels, including changes to the design or manufacturing methods;

  iii. Testing of the Solar Panels by BP and any other person or entity, including results obtained related to the junction box defect and design;

  iv. BP's knowledge that the Solar Panels were not free from defects in materials and workmanship;

  v. BP's knowledge of the risk of fire posed by defects in the Solar Panels;

  vi. Representations by Defendants made concerning the Solar Panels, including those made in marketing materials and advertisements;

  vii. The materiality of Defendants' representations and omissions regarding the Solar Panels,

  viii. The dissemination of such marketing information through distributors, sellers, installers and others in the chain of distribution;

  ix. Information possessed by BP which it failed to disclose to its distributors, sellers and installers related to the quality or performance of the Solar Panels;

  x. The intended audience for representations made by BP concerning the Solar Panels;

  xi. Communications between BP and its authorized distributors, dealers, and installers, including Home Depot related to the Solar Panels;

  xii. Communications between Home Depot and persons authorized by Home Depot to install the Solar Panels;

  xiii. The dollar and unit volume of sales of each of the Solar Panels in

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

8   Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

California;

xiv. Claims made and litigation filed against BP concerning the Solar Panels and resolution of such claims and litigation;

xv. Communications between BP or its representatives and claimants or their representatives concerning claims related to the Solar Panels;

xvi. Representations made by BP to any person related to the cause of any failure of the Solar Panels;

xvii. The circumstances surrounding the creation and enforcement of the Warranty Exclusions, including representations made by BP to claimants concerning the Warranty Exclusion;

xviii. Evidence related to BP's approach to the settlement of claims, including enforcement of the Warranty Exclusions, requiring return of the Solar Panels, the methods by which BP determined how much to offer claimants and BP's intentions in adopting this approach;

xix. Evidence related to the basis for making the 2009 and 2010 Offers and the results obtained in settlement of claims as a result thereof; and

xx. Evidence related to the basis for making the 2012 Product Advisory and the results obtained in settlement of claims as a result thereof.

**Defendants' Statement**

Defendants assert that the subjects on which discovery may be needed is premature, as the scope of this case will necessarily depend on this Court's ruling on the pending motion to dismiss.

c. *Time of completion of discovery*:

**Plaintiffs' Statement**

Plaintiffs believe that class certification discovery should be complete within six months of the date on which it is commenced.

**Defendants' Statement**

Defendants are unable to estimate the time needed to complete class discovery at this time

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

9 Case No. 3:14-cv-00560-SI

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

1  as the relevant discovery will depend on the Courts' ruling on the motion to dismiss.

2        3.    *Rule 26(f)(3)(C)*: *Issues about disclosure or discovery of electronically stored*

3  *information, including the form or forms in which it should be produced.*

4        The parties have discussed issues about disclosure or discovery of electronically stored

5  information, including the form or forms in which it should be produced. Plaintiffs have

6  requested that Defendants provide them with information concerning the types of electronic

7  information maintained by Defendants. Defendants' position is that disclosure regarding the

8  native format of every single responsive document is premature at this stage in the case.

9        4.    *Rule 26(f)(3)(D)*: *Issues about claims of privilege or of protection as trial-*

10 *preparation materials, including – if the parties agree on a procedure to assert these claims after*

11 *production – whether to ask the court to include their agreement in an order.*

12       The parties agree that a protective order is necessary in this case. The parties are in the

13 process or drafting a protective order, which they will ask the Court to enter.

14       5.    *Rule 26(f)(3)(E)*: *What changes should be made in the limitations on discovery*

15 *imposed under these rules or by local rule, and what other limitations should be imposed.*

16       **Plaintiffs' Statement**

17       Plaintiffs do not currently know whether they will need more than ten (10) depositions or

18 one hundred (100) interrogatories. Plaintiffs will meet and confer with Defendants, as necessary,

19 and will present to the Court any dispute concerning changing these limits.

20       **Defendants' Statement**

21       At this stage, Defendants do not believe it is necessary to make any change to the

22 limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local

23 Rules.

24       6.    *Rule 26(f)(3)(F)*: *Any other orders under Rule 26(c) or under Rule 16(b) and (c).*

25 In light of the fact that disclosure of confidential information, trade secrets, proprietary or other

26 confidential commercial information will become necessary in this case, the parties will make

27 good faith attempts to agree on a protective order pursuant to Rule 16(c) and will request that the

28 Court enter the order.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

10    Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

10. **CLASS ACTIONS**

**Plaintiffs' Statement**

A. *The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action*: Plaintiffs seek to certify a class in this case under Rule 23(b)(3).

B. *A description of the class or classes on whose behalf the action is brought*: The Class which Plaintiffs seek to represent in this action is composed of six Subclasses defined as follows:

>   Initial Purchaser Subclass: All persons or entities who purchased Solar Panels for installation in California.
>
>   Initial Purchaser Consumer Subclass: All persons who purchased Solar Panels for installation in California on a private residence.
>
>   Home Depot Subclass: All members of the Initial Purchaser Subclass who purchased Solar Panels from Home Depot.
>
>   Home Depot Consumer Subclass: All members of the Home Depot Subclass who purchased the Solar Panels for installation in California on a private residence.
>
>   Subsequent Purchaser Subclass: All persons or entities who purchased buildings in California on which the Solar Panels were first mounted.
>
>   Subsequent Purchaser Consumer Subclass: All persons who purchased private residences in California on which the Solar Panels were first mounted.

The subclasses reflect the fact that: (1) certain of the claims brought by Plaintiffs can only be brought by persons defined as "consumers" under the relevant statutes (Song-Beverly, Magnuson-Moss and CLRA); (2) the claims of initial purchasers of the Solar Panels are more extensive than those of subsequent purchasers because subsequent purchasers cannot assert claims based on misrepresentations or omissions relating the sale of the Solar Panels; and (3) members of the Class who did not purchase the Solar Panels from Home Depot do not have

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

11   Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

claims against Home Depot.

C. *Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b)*

1. <u>Numerosity (Rule 23(a)(1))</u>: While there is no fixed rule regarding the requisite number of class members, a class with more than 40 members is generally sufficient. *E.g., Jordan v. County of Los Angeles*, 669 F.2d 1311, 1319, n.10 (9th Cir. 1982), *opinion amended*, 726 F.2d 1366 (9th Cir. 1984) (collecting cases); *Harriss v. Pan American World Airways, Inc.*, 74 F.R.D. 24, 45 (N.D. Cal. 1977) (over 30 members generally sufficient). Plaintiffs do not have information concerning the exact number of purchasers of the Solar Panels but believe that such purchasers number at least in the tens of thousands.

2. <u>Commonality (Rule 23(a)(2))</u>: In order to satisfy Rule 23(a)(2), Plaintiffs need only demonstrate that one issue can be resolved for the class as a whole. *E.g., Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). One such issue is whether BP knew and was obligated to disclose to Plaintiffs and the Class that the junction box was defective and that this defect presented a risk of fire. Plaintiffs have alleged substantial facts supporting the allegation that BP knew of the defect in the junction box at all times relevant to this litigation and that it was obligated to disclose those facts to Plaintiffs and the Class. *FAC* at ¶¶ 24-37 and Exhibits thereto. A second issue common to the Class is whether Defendants breached the implied warranty of merchantability by selling Solar Panels with a latent defect which would result in the failure of all Solar Panels within their expected useful life. There are a number of other issues which are also common to the Class.

3. <u>Typicality (Rule 23(a)(3))</u>: The claims of the class representatives need only be "reasonably co-extensive" with the claims of members of the class. *E.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir, 1998). Plaintiffs Allagas and Ray are initial purchasers of the Solar Panels and assert all claims asserted on behalf of all initial purchaser subclasses, including breaches of express and implied warranty and violation of the CLRA and the UCL. Plaintiff Allagas purchased his Solar Panels from Home Depot and thus can represent the Home Depot subclasses. Both Allagas and Ray heard and relied on the false statements made by BP

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

12   Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

directly in its warranty and marketing materials and during conversations with third parties trained in the use of BP materials. Plaintiff Mohrman purchased a home with the Solar Panels already installed and thus can represent the subsequent purchaser subclasses.

All of the Plaintiffs have suffered substantial failures of the Solar Panels and have suffered similar damages to those of Class members, including the difference in value between the Solar Panels as represented and as delivered and consequential damages for loss of power and expenses which have been or will be incurred to replace the roof. All of the Plaintiffs have received offers from BP which exclude compensation for remedies to which they are entitled. Individually and collectively, they assert the same claims as all other Class members. Plaintiffs' experiences are typical of the ways in which Class members were persuaded to purchase the Solar Panels, or properties on which they were installed, the losses they suffered and the limitations in recoveries which BP has offered them. Their claims are all "reasonably co-extensive" with those of other Class members.

4. <u>Adequacy of Representation (Rule 23(a)(4))</u>: The Ninth Circuit has held that the adequacy requirement of Rule 23(a)(4) requires the Court to consider two questions: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members; and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003); *Hanlon*, *supra*, 150 F.3d at 1020. Plaintiffs are not aware of any conflict between the interests of the named Plaintiffs and those of the Class generally.

All Plaintiffs are aware of the duties of class representatives and have stated their willingness to discharge those duties faithfully and vigorously. Plaintiffs' counsel has been in practice for over thirty-five years and has been appointed lead counsel in over thirty class action cases, almost of all of which were product liability and related representation-based claims. Plaintiffs' counsel are highly experienced in all aspects of class litigation, including class certification motions, discovery, trial, settlement and post-settlement administration. Plaintiffs' counsel have tried class action cases to verdict or judgment.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

13     Case No. 3:14-cv-00560-SI

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

5. <u>Superiority and Manageability (Rule 23(a)(4))</u>: In order to certify a class under Rule 23(b)(3), the Court must find that: (1) the questions of law or fact common to class members predominate over any questions affecting only individual members; and (2) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The principal questions of law and fact relevant to this litigation are whether the statements made by BP in its warranty and marketing documents are false, whether BP knew they were false and also knew facts it was obligated to disclose, whether certain provisions of BP's warranty are enforceable and whether BP intentionally misrepresented both the legal rights of its customers and the risk that they incurred in retaining the Solar Panels in order to effectuate settlements of claims for unreasonably small amounts.

All of these issues are completely common to the Class and will be difficult, expensive and time-consuming to litigate. Accordingly, they should tried once in a single action rather than piecemeal in dozens or hundreds of cases. The size of an individual claim is small enough – in the low tens of thousands – to make it uneconomic to pursue each claim individually. BP will have a much greater interest and economies of scale in defending claims than any individual plaintiff will have in pursuing them. This means that a class action is the only means available to level the playing field.

Where reliance of BP's misrepresentations and omissions is an issue (the CLRA and UCL claims), the issues will still be predominantly common. Reliance on omissions, by its very nature raises common questions. The facts detailing BP's knowledge of the defect in the Solar Panels and its obligation to disclose the facts of which it was aware are detailed at Paragraphs 24-37 of the First Amended Complaint.

Plaintiffs have alleged detailed facts demonstrating that BP ensured that its affirmative claims for the Solar Panels were uniformly presented to prospective purchases by training distributors, sellers and installers in the use of BP's marketing materials. The facts supporting these allegations are detailed in Paragraphs 54-70 of the First Amended Complaint. The causal relation between damage to the Class and these omissions and misrepresentations is detailed, *inter alia*, at Paragraphs 70, 91, 109 and 123. Because BP's misrepresentations and omissions

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

14  Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

1  were material and uniform, the causal relation between those misrepresentations and damage to
2  the Class will also be uniform.

3  The only issue which will need to be addressed individually is the measure of damage for
4  each Class member. The fact that each Class member's damages might need to be calculated
5  individually does not change the fact that common questions predominate. *Blackie v. Barrack*,
6  524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question
7  and does not defeat class action treatment"); *Jordan v. Paul Financial, LLC*, 285 F.R.D. 435, 466
8  (N.D. Cal. 2012).

9  D. *Date for the Court to consider whether the case can be maintained as a class*
10 *action*. Plaintiffs propose that a motion for class certification be filed thirty days after the close of
11 class discovery.

12 **Defendants' Statement**

13 Defendants assert that the claims at issue are highly individualized and, for that reason,
14 not amenable to class adjudication. Reserving all rights, defendants preliminarily note the
15 following certification issues:

16 First, the proposed class offered by Plaintiffs is fatally overbroad in numerous respects,
17 and any effort to correct these issues by altering the class definition would introduce a need for
18 individualized fact finding that would render the class not ascertainable. Second, even if a class
19 could be defined, it will not be possible to render class-wide relief since the claimed injuries vary
20 greatly from plaintiff to plaintiff. Third, each of the named plaintiffs are individual consumers
21 and, for this reason, are not able to adequately represent the interests of the many putative class
22 members who are not consumers. Finally, class adjudication will not be possible in any event
23 because the named plaintiffs may properly prosecute on behalf of the proposed class only those
24 claims which survive the pending motion to dismiss, leading to unsolvable claim splitting issues
25 for absent class members who may be entitled to assert claims in addition to those which the
26 named plaintiffs may pursue.

27 The timing of a motion for class certification cannot be addressed meaningfully until the
28 Court rules on the motion to dismiss.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

15     Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

**11.  RELATED CASES**

The parties are unaware of any related cases currently pending before this Court, or any other court or administrative body.

**12.  RELIEF**

**Plaintiffs' Statement**

Plaintiffs request relief on behalf of themselves and all members of the Class. Plaintiffs seek the following relief for the claims alleged in the Complaint:

    a.    Compensatory damages, according to proof;

    b.    Restitution and/or disgorgement of revenues, earnings, profits, compensation, and benefits which were received by BP as a result of unlawful business acts or practices, according to proof;

    c.    An injunction enjoining BP from enforcing, threatening to enforce or claiming the right to enforce any of the Warranty Exclusions and from further pursuit of the Claims Suppression Strategy, including a requirement that: (1) BP advise consumers affirmatively of their rights to all damages to which they are lawfully entitled; (2) BP make full disclosure to all members of the Class concerning the risk of fire or electrocution resulting from the failure of the Solar Panels and advise members of the Class how they can determine if their Solar Panels have failed;

    d.    Exemplary and punitive damages according to proof; and

    e.    Attorney fees.

The common measures of damage is an amount equal to the difference in value between the Solar Panels had they been as represented by BP and the value of the Solar Panels as actually delivered by BP plus consequential damages, including costs and expenses incurred by Class members to: (1) investigate the reasons for the failure of their Solar Panels; (2) remove and replace the Solar Panels; (3) pay increased electricity costs resulting from the loss of electricity generated by the Solar Panels. These amounts include sums necessary to repair damage to the roof which occurs because the mounts for the Solar Panels must be removed, as well as the cost

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

16     Case No. 3:14-cv-00560-SI

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

of building permits and the cost to replace the inverters for the solar system. In addition, the acts of BP in misrepresenting and omitting relevant facts concerning the Solar Panels, deceiving Plaintiffs and the Class concerning the safety and reliability of the Solar Panels, enforcing the Warranty Exclusions and implementing the Claim Suppression Strategy entitles Plaintiffs and the Class to punitive damages according to proof.

**Defendants' Statement**

Defendants assert that Plaintiffs are not entitled to the relief sought under any of their theories of liability.

**13. SETTLEMENT AND ADR**

The parties have discussed settlement and ADR in compliance with Local Rule 3-5 on several occasions, but have not reached an agreement on whether ADR is appropriate for this case. The parties do agree that this case is best suited for private mediation. However, Defendants need additional time to evaluate the merits of Plaintiffs' claims before agreeing to discuss settlement. A Notice of Need for ADR Phone Conference was filed on April 15, 2014. The ADR telephone conference with Daniel Bowling was held on May 27, 2014.

**14. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants have declined to proceed before a Magistrate Judge for all purposes.

**15. OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**16. NARROWING OF ISSUES**

The parties are not presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion; (b) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues; or (c) bifurcate the issues, claims or defenses at trial. The parties might be in a better position to address these issues after the Court rules on Defendants' motion to dismiss the First Amended Complaint.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

17  Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

**17.   EXPEDITED TRIAL PROCEDURE**

This is a complex class action case that cannot be handled on an expedited basis with streamlined procedures.

**18.   SCHEDULING**

The parties agree that scheduling of the case cannot be addressed meaningfully until the Court rules on Defendants' motion to dismiss the First Amended Complaint.

**19.   TRIAL**

Plaintiffs have demanded a jury trial. At the present time, the parties do not have enough information to provide an estimate of the expected length of the trial.

**20.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiffs' Statement**

Plaintiffs are individuals and not subject to Civil Local Rule 3-16. Plaintiffs hereby acknowledge that no parties other than themselves and the members of the Class is known to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or, (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendants' Statement**

Defendants BP Solar International, Inc. and Home Depot U.S.A., Inc. filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-16 on February 6, 2014, stating that the following entities have a financial interest in the subject matter in controversy or in a party to the proceeding: (1) BP p.l.c., (2) BP Holdings North America Limited, (3) BP America, Inc., and (4) BP Corporation North America Inc.

**21.   OTHER MATTERS**

The parties are not presently aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Pursuant to Local Rule 5-1(i)(3), David M. Birka-White attests that concurrence in the filing of the document has been obtained from the other signatories which shall serve in lieu of

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

18   Case No. 3:14-cv-00560-SI
JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT

1 | their signatures on the document.

2 | DATED:  August 15, 2014                          BIRKA-WHITE LAW OFFICES

3

4 |                                                                           By:  /s/ David M. Birka-White
                                                                                   DAVID M. BIRKA-WHITE
5 |                                                                           *Attorneys for Individual and Representative
                                                                               Plaintiffs* MICHAEL ALLAGAS,
6 |                                                                           ARTHUR  RAY and BRETT MOHRMAN

7 | DATED:  August 15, 2014                          ARNOLD & PORTER LLP

8

9

10 |                                                                          By:  /s/ E. Alex Beroukhim
                                                                                  E. ALEX BEROUKHIM
                                                                              *Attorneys for Defendants* BP SOLAR
11 |                                                                          INTERNATIONAL, INC. and HOME DEPOT
                                                                              U.S.A., INC.

Birka-White Law Offices
65 Oak Court
Danville, CA 94526
(925) 362-9999

19                                    Case No. 3:14-cv-00560-SI

JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND RULE 26(f) REPORT