1
2
3
4
5
6
7
8         IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 MICHAEL ALLAGAS, ARTHUR RAY,     No. C 14-00560 SI
AND BRETT MOHRMAN, et al.,
12                          **ORDER DENYING DEFENDANTS'**
        Plaintiffs,         **MOTION TO DISMISS THE FIRST**
13                          **AMENDED COMPLAINT AND**
   v.                     **DENYING DEFENDANTS' MOTION TO**
14                          **STRIKE**
BP SOLAR INTERNATIONAL INC., HOME
15 DEPOT U.S.A., INC., AND DOES 1-10,
inclusive,
16
        Defendants.
17 _____/

18
     Currently before the Court is defendants' motion to dismiss plaintiffs' first amended complaint
19
and defendants' motion to strike plaintiffs' class allegations.  Docket No. 36.  Pursuant to Civil Local
20
Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument.
21
For the reasons set forth below, the Court DENIES the motion to dismiss and DENIES the motion to
22
strike.
23

24                         **BACKGROUND**
25
     The following facts are drawn from the operative complaint.  Plaintiffs Michael Allagas, Arthur
26
Ray, and Brett Mohrman seek recovery on behalf of themselves and all California residents who
27
purchased solar panels manufactured by defendant BP Solar International, Inc., or purchased properties
28
on which the solar panels were installed.  First Amended Complaint (FAC) ¶¶ 1,4.  Plaintiffs allege

claims for breach of express and implied warranty under California law, the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2302; violation of the California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 *et seq.*; and violations of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*

In December 2005, plaintiff Allagas purchased a BP Solar Home Solution – which included twenty-four BP 4175B solar panels – from defendant Home Depot. *Id.* ¶ 5.  In August 2005, plaintiff Ray purchased a solar system from Diablo Solar Services that consisted of eighteen BP SX 170B solar panels.[1]  *Id.* ¶ 6.  And in June 2012, plaintiff Mohrman purchased a home on which a solar system consisting of twenty BP 2150S solar panels was previously installed. *Id.* ¶ 7.

Plaintiffs allege that there is a latent defect in the junction box of the BP solar panels that causes a junction box failure and results in a total loss of functionality of the solar panels.  FAC at 3.  The solar panels are installed on racks which are mounted on the roof of a house or the ground.  *Id.* ¶ 15.  The panels are connected together by connection cables.  *Id.* ¶ 16.  If one solar panel fails, the panels connected to it also stop functioning.  *Id.* ¶ 17.  The connection between the solar panels is made at a junction box attached to the back of each solar panel.  *Id.*  Plaintiffs allege that a defect in the junction box and the solder joints between the connecting cables causes the solder joint to overheat; the failed solder joints cause electrical arcing that generates temperatures of 2000-3000 degrees and results in the immediate total loss of the functionality of the solar panel and also creates a serious fire safety risk.  *Id.* ¶ 18.  The heat melts the junction box, burns the cables and solar panels, and shatters the glass cover of the panels.  *Id.* ¶ 19.  According to plaintiffs, because of the defect in the junction box, all solar panels relevant to this litigation have failed or will fail before the end of the expected useful life.  *Id.* ¶ 20.

Also at issue in this case are the solar panel marketing and advertising materials BP produced; the warranties and representations BP made regarding the solar panels; the offers BP made to warranty claimants; and a product advisory issued by BP regarding risks when using certain solar panels.  *Id.* at 8-18.

Plaintiffs seek to represent in this action a class composed of six subclasses:

---

[1] The Court notes that the dates cited in paragraphs 5 and 6 of the FAC differ from the dates cited in plaintiffs' original complaint.  *See* Docket No. 1-2, ¶¶ 5, 6.

1        1) <u>Initial Purchaser Subclass</u>: All persons or entities who purchased solar panels for installation in California.

2        2) <u>Initial Purchaser Consumer Subclass</u>: All persons who purchased solar panels for installation in California on a private residence.

3        3) <u>Home Depot Subclass</u>: All members of the Initial Purchaser Subclass who purchased solar panels from Home Depot.

4        4) <u>Home Depot Consumer Subclass</u>: All members of the Home Depot Subclass who purchased the solar panels for installation in California on a private residence.

5        5) <u>Subsequent Purchaser Subclass</u>: All persons or entities who purchased buildings in California on which the solar panels were first mounted.

6        6) <u>Subsequent Purchaser Consumer Subclass</u>: All persons who purchased private residences in California on which the solar panels were first mounted.

7  *Id.* ¶ 136.

8        This purported class action was initially filed in Contra Costa County Superior Court on January

9  8, 2014, and was removed by defendants to this Court on February 16, 2014. Docket No. 1. On

10  February 27, 2014, defendants filed a motion to dismiss plaintiffs' complaint, which the Court granted

11  in part and denied in part, with leave to amend. Docket Nos. 15, 30. Plaintiffs amended their complaint

12  on May 23, 2014. Docket No. 36. Now before the Court is defendants' motion to dismiss plaintiffs'

13  First Amended Complaint and defendants' motion to strike plaintiffs' class allegations. Docket No. 37.

14

15                         **LEGAL STANDARD**

16  **I.    Motion to Dismiss**

17        To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a

18  claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This

19  "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer

20  possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While

21  courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to

22  "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that

23  offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

24  do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it

25  tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S.

26  at 557). "While legal conclusions can provide the framework of a complaint, they must be supported

27  by factual allegations." *Id.*

28

**United States District Court**
For the Northern District of California

1    In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the

2    complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d

3    949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are

4    merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec.*

5    *Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials

6    beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th

7    Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of

8    "matters of public record," such as prior court proceedings, without thereby transforming the motion

9    into a motion for summary judgment. *Id.* at 688-89. If the Court dismisses a complaint, it must decide

10   whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should

11   grant leave to amend even if no request to amend the pleading was made, unless it determines that the

12   pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122,

13   1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

14

15   **II.     Motion to Strike Class Allegations**

16   Pursuant to Federal Rule of Civil Procedure 12(f), a party may move to strike from a pleading

17   "any insufficient defense or any redundant, immaterial, or impertinent and scandalous matter." Fed. R.

18   Civ. P. 12(f). A defendant may move to strike class actions prior to discovery where the complaint

19   demonstrates a class action cannot be maintained on the facts alleged therein. *Sanders v. Apple, Inc.*,

20   672 F.Supp. 2d 978, 990 (N.D. Cal. 2009). To grant a motion to strike, "the court must be convinced

21   that any questions of law are clear and not in dispute, and that under no set of circumstances could the

22   claim or defense succeed." *Id*.

23

24                                        **DISCUSSION**

25   **I.      Motion to Dismiss**

26   Defendants have moved to dismiss plaintiffs' claims for breach of express and implied warranty

27   under California law, the Song-Beverly Act, and the Magnuson-Moss Act; violation of the CLRA; and

28

4

United States District Court
For the Northern District of California

1   violation of the UCL.  The Court addresses defendants' motion as to the claims of the three named

2   plaintiffs – Allagas, Ray, and Mohrman.

3

4        **A.      Express Warranty Claims**

5        Plaintiffs' second, third, and fourth causes of action are against BP for breach of the express

6   defect and power warranties under California law, the Song-Beverly Act, and the Magnuson-Moss Act.

7   Defendants move to dismiss the claims of Allagas and Ray.  Motion at 2.

8        Plaintiffs have amended their complaint to allege that there is a latent defect in the junction box

9   of the solar panels that causes a junction box failure and results in a total loss of functionality of the

10  solar panels.  FAC ¶¶ 17-18.  Because of the defect in the junction box, all solar panels relevant to this

11  litigation have failed or will fail before the end of their expected useful life.  *Id*. ¶ 20.  Plaintiffs allege

12  that the latent defect in the panels is not discoverable until the customer experiences a junction box

13  failure or fire.  *Id*. ¶ 22.  Allagas and Ray further allege that they relied upon the express defect and

14  power warranties.  *Id*. ¶¶ 91, 109.

15       The Court finds that plaintiffs have sufficiently pled their express defect warranty claim under

16  California law and the Song-Beverly Act for latent defects that existed at the time the product was sold.

17  *See Hicks v. Kaufman & Broad Home Corp.*, 89 Cal. App. 4th 908, 918, 923 (2001) (concluding that

18  proof of an inherent defect which is substantially certain to result in malfunction during the useful life

19  of the product establishes breach of express warranty); *see also Hewlett-Packard v. Superior Court*, 167

20  Cal. App. 4th, 87, 96 (2008) (reasoning that an actual malfunction of the product would not be necessary

21  to establish defect, if it could be established that the product was substantially certain to fail

22  prematurely).[2]  Accordingly, plaintiffs have stated express defect warranty claims under California law,

23  the Song-Beverly Act, and the Magnuson-Moss Act.

24

25      [2]   The BP express warranty does not, "by its express terms cover[] only defects that result in
    product failure during the warranty period." *Tietsworth v. Sears*, 720 F.Supp. 2d 1123, 1141 (N.D. Cal.
    2010).  The BP warranty provides that for the term of the warranty:

26       Your BP SOLAR Product sold hereunder shall be free from defects in materials and
         workmanship.  If, during the term of your warranty, there is such a defect, then BP

27       SOLAR will, at its sole option, repair or replace Your BP SOLAR Product with an
         equivalent product, or refund the purchase price to you.

28  Docket No. 36-1, Ex. F.

United States District Court
For the Northern District of California

1   As to plaintiffs' express power warranty claims, the Court finds that Allagas and Ray have stated

2   claims under California law and the Magnuson-Moss Act because the amended complaint alleges their

3   reliance upon the power warranty.  FAC ¶¶ 88, 90-91, 107, 109.  Additionally, the amended complaint

4   alleges Ray's notice to BP and a power failure, so Ray has also stated a claim for breach of the express

5   power warranty under the Song-Beverly Act.  *Id.* ¶¶ 112-17.

6   The Court DENIES defendants' motion to dismiss plaintiffs' express warranty claims.

7

8   **B.    Implied Warranty Claims**

9   Plaintiffs' fifth, sixth, and seventh causes of action are against all defendants for breach of

10   implied warranty under California law, the Song-Beverly Act, and the Magnuson-Moss Act.  Defendants

11   move to dismiss all plaintiffs' implied warranty claims.  Motion at 9.

12   The amended complaint now clearly alleges a latent defect in the solar panels that renders them

13   unmerchantable and unfit for their intended use.  FAC ¶¶ 205.  Additionally, Allagas has alleged privity,

14   and Ray and Mohrman have alleged that they were the intended beneficiaries of the implied warranties.

15   *Id.* ¶¶ 200-204.  The Court finds that Allagas, Ray, and Mohrman have sufficiently alleged their implied

16   warranty claims under California law, and thus have also stated claims under the Magnuson-Moss Act.

17   *See Gilbert Financial Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 69-70 (1978); *see also*

18   *Shell v. Schmidt*, 126 Cal. App. 2d 279, 290 (1954).

19   As to plaintiffs' claims under the Song-Beverly Act, defendants maintain these claims fail as a

20   matter of law because they are untimely.  Motion at 9, Reply at 5.  Plaintiffs contend that their claims

21   under the Song-Beverly Act accrue at the time of discovery of the breach, because the BP warranty

22   extends to future performance of the solar panels, and that their claims are timely under the relevant

23   statute of limitations.  Opp. at 20.  "A motion to dismiss based on the running of the statute of

24   limitations period may be granted only if the assertions of the complaint, read with the required

25   liberality, would not permit the plaintiff to prove that the statute was tolled."  *Supermail Cargo, Inc. v.*

26   *U.S.*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th

27   Cir. 1980) (internal quotation mark omitted).  The Court cannot say that plaintiffs will be unable to

28

1    prove a set of facts establishing the timeliness of their claims.  Accordingly, the Court DENIES

2    defendants' motion to dismiss plaintiffs' implied warranty claims.

3

4         **C.    Claims Under the CLRA and the Fraud Prong of the UCL**

5         Plaintiffs allege that BP violated the CLRA by making false representations and warranties about

6    the solar panels and failing to disclose facts it was required to disclose, and by including in the warranty

7    unconscionable warranty exclusions.  FAC ¶¶ 162, 237, 240.  Defendants assert that claims made under

8    the CLRA and fraud prong of the UCL must be dismissed because all of the allegedly misleading

9    statements are non-actionable puffery and the claims are not pled with the requisite particularity under

10   Federal Rule of Civil Procedure 9(b).  Motion at 14-21, Reply at 8-14.

11        The Court disagrees.  Plaintiffs cite various broad representations in the promotional materials,

12   including promises the solar panels will "drastically reduce or eliminate your electric bills . . . forever,"

13   will "increase the value of your home," and "[n]o other system can operate at a higher level of safety

14   than those offered by BP Solar."  FAC ¶ 51.  In addition, however, plaintiffs also cite representations

15   and warranties in the solar panel product data sheets warranting 80% power output for a 25 year period

16   and  a 90% power output for a 12 year period, together with a 5-year limited warranty of materials and

17   workmanship.  *Id*.  Taken together, these statements are "factual representations" that could be "likely

18   to deceive a reasonable consumer."  *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th

19   1351, 1361-62 (2003).  A reasonable consumer could have relied on these statements as descriptions

20   of the quality and power capabilities of the solar panels.

21        Defendants further argue plaintiffs have failed to plead their claims with the requisite

22   particularity.  To satisfy the heightened Rule 9(b) pleading standard, plaintiffs "must set forth what is

23   false and misleading about a statement, and why it is false."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

24   1097,  1106 (9th Cir. 2003).  Allegations of fraud "must be accompanied by the who, what, when,

25   where, and how of the misconduct charged."  *Id*. (citation and internal quotation mark omitted).  The

26   amended complaint details BP's marketing plan and relationship with distributors and sellers of the solar

27   panels, the warranty statements and why they are misleading and false, where and when the warranty

28   statements were made to Allagas and Ray, and plaintiffs' reliance upon them.  FAC ¶¶ 20-23, 39, 51,

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

53-70, 85-91, 106-111. The amended complaint also alleges BP's knowledge of the latent defect in the solar panels, BP's concealment of the defect, particular instances when information regarding the defect and risk of fire could have been revealed, and the warranties all three plaintiffs relied upon that failed to include the concealed information. *Id.* ¶¶ 24- 28, 86-91, 106-111, 122-23. The Court therefore DENIES defendants' motion as to plaintiffs' claims under the CLRA and the fraud prong of the UCL.

### D. Claims Under the Unfair Prong of the UCL

Defendants assert that plaintiffs have failed to allege injury, and their claims under the unfair prong of the UCL must therefore be dismissed. Motion at 22, Reply at 15. California's UCL prohibits unfair competition by means of any unlawful, unfair or fraudulent business practice. Cal. Bus. & Prof. Code §§ 17200-17210. To have standing under the UCL, as amended by California's Proposition 64, "plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959-960 (9th Cir. 2009).[3] "Thus, to plead a UCL claim, the plaintiffs must show, consistent with Article III, that they suffered a distinct and palpable injury as a result of the alleged unlawful or unfair conduct." *Id.*

Plaintiffs claim they have suffered injury as a result of BP's unfair methods of competition and unfair practices. FAC ¶ 243. Plaintiffs allege they have been injured by the enforcement of the warranty exclusions, claim suppression strategy, and BP's concealment of the risk of fire from the solar panels. *Id.* ¶¶ 91, 102, 109, 117, 123, 128, 149, 245. Plaintiffs also allege that but for BP's unfair business practices, they would not have purchased the solar systems. *Id.* ¶¶ 91, 109, 123. Additionally, the amended complaint details plaintiffs' injuries from lost property, out-of-pocket inspection costs, and electricity bills associated with the defective solar systems. *Id.* ¶¶ 94-105, 112-121, 149. Plaintiffs have incurred concrete financial losses in the form of ascertainable out-of-pocket damages due to BP's allegedly unfair business practices and thus have demonstrated injury under the UCL. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011) (explaining that economic injury from unfair

---

[3] Proposition 64 prohibits "private attorneys from filing lawsuits for unfair competition where they have no client who has been injured in fact *under the standing requirements of the United States Constitution*." *Buckland Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 814 (Cal. Ct. App. 2007) (quoting Prop. 64, § 1, (e)) (emphasis in original).

competition may be shown by plaintiff's surrender in a transaction more than he or she otherwise would have; loss of a present or future property interest; or where plaintiff is required to enter into a transaction costing money that would have otherwise been unnecessary).

The Court finds that plaintiffs have sufficiently plead their claim under the unfair prong of the UCL and DENIES defendants' motion as to this claim.

**II.   Motion to Strike Class Allegations**

Defendants again move to strike plaintiffs' class allegation.  Docket No. 37.  Motions to strike class allegations are rarely granted at the pleading stage.  *See In re Wal-Mart, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007).  The better practice is to assess class allegations through a motion for class certification.  *Cruz v. Sky Chefs, Inc.*, No. C–12–02705 DMR, 2013 WL 1892337, at * 6 (N.D. Cal. May 6, 2013) (citing cases from both before and after *Twombly* for the proposition that class allegations should rarely be stricken at the pleading stage).  Therefore, the Court DENIES defendants' motion to strike the class allegations.

**CONCLUSION**

The Court DENIES defendants' motion to dismiss plaintiffs' claims for breach of express and implied warranties, and claims made under the CLRA and UCL.  The Court also DENIES defendants' motion to strike the class allegations.  This disposes of Docket No. 36.

**IT IS SO ORDERED.**

Dated: September 8, 2014

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

9