UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLAGAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BP SOLAR INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-00560-SI (EDL)<br><br>**ORDER ON MOTION TO COMPEL**<br><br>Re: Dkt. No. 56 |

On January 26, 2015, Plaintiffs filed this motion to compel against Defendant BP Solar International, Inc. ("Defendant"). On March 3, 2015, the Court held a hearing at which it ordered the Parties to meet and confer on the motion. Subsequently, the Parties stated on the record that they had resolved all the issues presented in the motion except for their dispute regarding requests for production numbers 17-19.

Each of these requests pertain to documents related to claims made by owners of the solar panels at issue. Defendant argues that because the complaint alleges defects in its solar panel junction boxes, it should only have to produce documents related to claims that concern junction box failure, which Defendant defines as claims that either "exhibit[] the 'signature' characteristics described in the [complaint]" or were "identified by either the claimant, [Defendant's] own analysis or any third-party inspection as caused by a failure of the junction box." (Opp. at 21.)[1] Plaintiffs dispute Defendant's characterization of the complaint, noting that they allege violations of "a number of representations and warranties made by [Defendant] to purchasers" concerning the solar panels that "extend well beyond failure of the junction box." (Reply at 13.) Plaintiffs

---

[1] Defendant stated at the hearing that it would not limit its responses to "warranty claims, requests for repair or service, or lawsuits or other legal proceedings" as argued in its opposition. (See Opp. at 20 (internal quotation marks omitted).)

also object that Defendant's definition of junction box failure is based on Defendant's own judgment as consumers "do not know why their panels failed." (Id. at 14.) Therefore, Plaintiffs ask that Defendant be compelled to produce documents related to *all* claims made by owners of the solar panels at issue.

Although Plaintiffs allege various violations of warranties and representations made by Defendant, the complaint alleges that junction box failure is the underlying cause of those violations. (See Cmplt. ¶ 53 ("The representations and warranties made by BP concerning the Solar Panels were false because: (1) the defect in the junction box significantly limited or completely eliminated the ability of the Solar Panels to produce electricity while posing serious risks of property damage and personal injury; and (2) the Solar Panels would not save the property owner money or increase the value of the property.").) The defect is the alleged reason that the solar panels did not save money and increase the value of the owner's property as represented. (See Cmplt. ¶¶ 15-23 (describing the defect in the solar panels).) Furthermore, all of the named Plaintiffs allege claims for which junction box failure is the root cause. Plaintiff Allagas alleges that "at no time did anyone . . . inform Allagas of the known junction box defect and potential fire safety risk of the Solar Panels." (Id. ¶ 89.) Plaintiffs allege that the "fire safety risk" is a result of the junction box defect. (Id. ¶¶ 18-19.) Plaintiff Allagas also alleges that he "was informed that [his] Solar Panels had burned junction boxes and the glass surface of two Solar Panels had shattered as a result of the resulting heat." (Id. ¶ 96.) The result of this failure was an increased electrical bill that Allagas alleges breached Defendant's warranties. (Id. ¶ 98.) Plaintiff Ray also alleges junction box defects which resulted in an increased electrical bill. (Id. ¶¶ 112-114.) Similarly, Plaintiff Mohrman alleges that "[a]s a result of the junction box failures, Mohrman's solar system was completely inoperable and failed to generate power levels promised in the Power Warranty." (Id. ¶ 127.)

Thus, Plaintiffs' requests are overbroad to the extent that they seek documents pertaining to claims unrelated to junction box failure, as Plaintiffs assert no free-standing claims for breach of warranties or representations that are independent of junction box failure. Nevertheless, Plaintiffs are correct that some claimants do not know why their solar panels failed. Defendant's proposal

does go beyond their customers who identified the junction boxes as the culprit, by also including claims that "exhibit[] the 'signature' characteristics" identified in the complaint or were "identified by . . . [Defendant's] own analysis or any third-party inspection as caused by a failure of the junction box."  Plaintiffs have not pointed out any other reliable method of identifying additional claims due to the junction box defect, but if they believe in good faith that such a method exists, they should meet and confer with Defendants on expanding the search accordingly for claims relevant to request numbers 17-19.  If the Parties cannot agree, they may submit a joint letter by April 3, 2015, of no more than five pages updating the Court as to what dispute remains.

**IT IS SO ORDERED.**

Dated: March 19, 2015

_____
Elizabeth D. Laporte
United States Magistrate Judge