UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLAGAS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BP SOLAR INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-00560-SI (EDL)<br><br>**ORDER FOLLOWING HEARING ON PLAINTIFFS' MOTION TO COMPEL**<br><br>Re: Dkt. No. 100 |

On July 28, 2015, Plaintiffs filed a motion to compel production of international warranty claims and soldering instructions. In their papers, Plaintiffs argued that although the class that it seeks to certify is limited to California consumers and they already obtained all warranty claims for the entire United States, all the international warranty claims for BP solar panel modules in production until 2007 are relevant to the existence of a common defect, and that they are also relevant to how early Defendants were on notice of the defect. Plaintiffs generally denied any disproportionate burden without particulars. Defendants countered that while international claims may have some relevance to common defect, the United States claims already produced are sufficient for statistically significant results on common defect, as supported by an expert declaration, and that claims after some time in 2004 when Defendants have acknowledged it first had notice of a "'burned' junction box" are irrelevant to notice. Therefore, Defendants argued that the extensive additional discovery entailed was overly burdensome, given the greater volume of claims outside the United States than domestic claims and the expectation that many claims would be made and/or discussed at least in part in languages other than English. Defendants did not provide a specific estimate or declaration about the number of additional claims it would have to search for with the previously agreed search terms used to find domestic claims (which are in English, so they would likely need to be translated) and then review for responsiveness, nor the subset of those claims occurring before some unknown date during 2004, nor the subset of claims in foreign languages. Neither side proposed any appropriate potential compromise, or explained

why potentially appropriate compromises, such as producing data from English-speaking countries only for the pre-2004 time period, would not achieve proportionality as required by Federal Rule of Civil Procedure 26(b)(1).

At the September 1, 2015 hearing, when questioned by the Court, Defendants roughly estimated that approximately 6400 claims, double the number of claims produced for the United States, would be located using the same (in its view over-inclusive) search terms, and each would then have to be reviewed for relevance. When questioned by the Court on claims filed in the English-speaking countries of Australia and the United Kingdom as opposed to other sales in Europe, Defendants could not give reliable figures but stated that the majority of sales were elsewhere. Defendants did not point to any attempt to test samples of the data to determine, for example, whether claims in the highest selling country of Germany were nonetheless often made or discussed in English.

Similarly, when questioned by the Court, Plaintiffs also relied primarily on generalities. They did not materially counter the argument that the United States data that had already been produced was sufficient for a statistically sound analysis of common defect, nor adequately explain why they needed claims after 2004 for notice purposes. Instead, they argued that the defect sometimes took a long time to manifest itself (which does not support their argument as to the relevance of post-2004 claims to notice) and expressed disbelief that there could be much burden without really grappling with the language or other issues. For example, in scoffing at Defendants' burden argument, Plaintiffs first contended that it would be easy for Defendants to simply produce all foreign photographs of the burned junction boxes, but when Defendants pointed out they would need additional information to make the photos useful, Plaintiffs acknowledged the obvious.

As the Court explained to the parties at the hearing, the Court cannot render a decision on this inadequate record due to the lack of specific information and the failure of the Parties in meeting and conferring to adequately explore less burdensome methods of producing a subset of relevant international claims, such as those made before Defendants acknowledge at least some notice in 2004. As to proof of common defect, the claims already produced appear to be adequate,

unless Defendants contend that only panels produced by particular plants were potentially subject to the defect, reducing the size of the relevant domestic information, which might or might not be sufficient for valid statistical analysis.  Therefore, the Parties were ordered to meet and confer further on this issue.  Should disputes remain, the Parties are ordered to file a joint letter of no more than 8 pages by September 8, 2015 detailing the specific information relevant to proportionality under Federal Rules of Civil Procedure 26(b)(1) and 26(g)(1)(B)(iii), and including a proposal for how the Court should resolve the issue.

With regard to soldering instructions, at the hearing, the Parties engaged in an unhelpful dispute about whether or not any such instructions have been produced so far.  Defendant is ordered to file a declaration confirming that "they have produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist."  (See Laporte Discovery Procedures ¶ 6.)

**IT IS SO ORDERED.**

Dated: September 2, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3