United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLAGAS, et al.,<br><br>          Plaintiffs,<br><br>      v.<br><br>BP SOLAR INTERNATIONAL, INC., et al.,<br><br>          Defendants. | Case No.  14-cv-00560-SI   (EDL)<br><br>**ORDER ON PLAINTIFFS' MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 99, 100, 113, 114 |

On July 28, 2015, Plaintiffs filed a motion to compel production of international warranty claims and soldering instructions.  As detailed in this Court's September 2, 2015 Order, the Parties' briefing and argument at the hearing presented an inadequate record, particularly with respect to information relevant to proportionality under Federal Rules of Civil Procedure 26(b)(1) and 26(g)(1)(B)(iii).  The Court thus ordered the Parties to file a joint letter addressing the deficiencies identified at the hearing and in the Court's September 2 Order, including a proposal for how the Court should resolve the issue.

In their joint letter, Plaintiffs propose ordering Defendant BP to produce all international warranty claims "in English," although they do not explain whether they mean claims that are entirely or partially in English.  In addition, Plaintiffs now seek all warranty claims from Germany, although following the September 1 hearing Plaintiffs initially only requested claims in English.  As Germany was by far the largest international market for the solar panels at issue, Plaintiffs in effect seek most of the claims sought in their original motion.  Plaintiffs argue that these claims are necessary to prove common defect as almost all the data they have on U.S. sales concerns panels manufactured in Frederick Maryland, rather than any of the other plants.

United States District Court
Northern District of California

1   However, Defendant responds that it "do[es] not contend that only panels produced in particular

2   plants are potentially subject to the junction box failure mode alleged in plaintiffs' second

3   amended complaint." Moreover, the data cited by Plaintiff indicates that over 90% of the panels

4   sold in the United States and thus the vast majority of the panels at issue in this litigation were

5   manufactured at the Frederick plant, for which Plaintiffs acknowledge they have sufficient data for

6   statistically significant proof of common defect.

7       Defendant BP proposes instead that it be ordered to produce all international warranty

8   claims for the period up to 2006, stored in a database called CoMa,[1] that can be captured using the

9   existing search protocol of English search terms. These claims are primarily relevant to when

10  Defendant had notice of the alleged defect, which was one of the main reasons Plaintiffs relied

11  upon in seeking international data in their motion. However, BP still fails to provide a reliable

12  basis for the Court to apply the proportionality factors. For example, BP does not state how many

13  international warranty claims are at issue, the approximate number of claims that are in English

14  and the extent to which foreign language is used in foreign claims, nor did BP conduct sampling

15  of the data from which to extrapolate that information.

16      As previously stated, this lack of specific information makes rendering a decision difficult.

17  Nevertheless, provided that Defendant BP unequivocally agrees that it will not argue that the

18  defect alleged by Plaintiffs is only tied to particular manufacturing plants, or that the effect of the

19  alleged defect varies based on the plant of manufacture, or make similar arguments tied to the

20  plant of manufacture, Plaintiffs do not have a sufficient need for additional evidence relevant to

21  common defect to outweigh the burden of additional production of all German claims, as Plaintiffs

22  now request. The Parties should agree on a stipulation to be filed with the Court to that effect.

23      Accordingly, BP is ordered to produce: (1) all non-United States warranty claims recorded

24  in its warranty databases for the period up to 2006 that can be captured using the existing search

25  protocol worked out between the Parties without translating that protocol into other languages

26  (whether or not the claims include any information in languages besides English), and (2) all

27  _____

28  [1] CoMA is a database that was used by BP in Europe from 2001-2005. Defendant states that it possesses no database other than CoMa for non-U.S. claims prior to 2006.

claims from the two foreign English-speaking countries where the panels were sold, the United Kingdom and Australia,[2] that can be captured using the existing search protocol for the entire time period relevant to the complaint, which will not likely impose any translation burden[3]

**IT IS SO ORDERED.**

Dated: September 16, 2015

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
Northern District of California

---

[2] These two countries accounted for about 5% of BP's total international sales.  (<u>See</u> Dkt. 118 at 10 n.1; Dkt. 107-5 ¶ 3.)
[3] Plaintiffs' unopposed motions to seal exhibits to the Desai declaration in support of its motion (Dkt. 99), for leave to file a supplemental declaration (Dkt. 113) and to seal exhibits to that supplemental declaration (Dkt. 114) are GRANTED.