UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLAGAS, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BP SOLAR INTERNATIONAL, INC., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-00560-SI   (EDL)<br><br>**ORDER**<br><br>Re: Dkt. No. 121 |

On July 28, 2015, Plaintiffs filed a motion to compel production of international warranty claims and soldering instructions. On September 16, 2015, this Court issued an order on that motion stating, in part, that if Defendant BP confirms that it will not argue that the defect alleged by Plaintiffs is only tied to particular manufacturing plants, then the burden of producing additional international warranty claims outweighs Plaintiffs' need for those documents. Subsequently, Defendant indicated that it is unwilling to do so and Plaintiff requested that their motion to compel production of all international warranty claims be "granted in full."

In response, Defendant proposed that it be ordered to produce a random sample of 1,000 warranty claims for solar panels produced at its plants in Madrid, Spain and Bangalore, India. On October 9, 2015, Plaintiffs filed a letter indicating that they are "open to accepting a sample, but need some summary level information to evaluate the adequacy of the sample size, and to be able to draw inferences from the sample," including the total number of warranty claims, the total number of panels at issue, and the number of panels associated with each claim broken down by manufacturing site and year. Plaintiffs did not file a declaration explaining their need for this information. On October 19, 2015, this Court ordered Defendants to either produce this information or explain why the burden of production would be disproportionate.

On October 22, 2015, Defendant filed a letter indicating that "the total universe of relevant warranty claims number[s] 5,495, of which the 1,000 claim sample proposed by BP represents 18 percent." Defendant estimated based on a statistical analysis of is claims production for panels produced in the United States that there are on average five solar panels at issue in each of the 5,495 claims, for a total 27,475 panels. Further, Defendant indicated that breaking down each panel by manufacturing site and year would be burdensome as this information is not easily obtainable from its database and compiling this information would require an extensive manual review. Defendant estimated that this review will take 685 hours of work at a minimum. As Plaintiffs have not established that they have a sufficient need for the manufacturing site and year data to outweigh the burden of compiling the information, their request for this data is denied. Moreover, it appears based on Defendant's declaration that a random sample of 1,000 warranty claims for panels produced in Defendant's factories in Madrid and Bangalore is highly likely to identify statistically significant differences in warranty claim rates, to the extent they exist. Accordingly, if it has not already, Defendant is ordered to produce its proposed random sample of 1,000 warranty claims to Plaintiffs by November 5, 2015.

**IT IS SO ORDERED.**

Dated: October 29, 2015



ELIZABETH D. LAPORTE
United States Magistrate Judge