UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLAGAS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BP SOLAR INTERNATIONAL, INC., et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-00560-SI<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 149 |

Plaintiffs have filed an administrative motion to seal. Dkt. No. 149. Plaintiffs seek to seal exhibits to the declaration of Nimish R. Desai in support of plaintiff's motion for class certification. Plaintiffs also seek to file a redacted copy of their motion for class certification, redacting those portions of the memorandum that reference the exhibits sought to be sealed.

**LEGAL STANDARD**

With the exception of a narrow range of documents that are "traditionally [] kept secret," courts begin their sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). Where a party seeks to seal documents attached to a non-dispositive motion, "a particularized showing . . . under the 'good cause' standard" of Federal Rule of Civil Procedure 26(c) is required. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal "must be narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ.

L.R. 79-5(b). Because a motion for class certification is not dispositive, the "good cause" standard applies.

**DISCUSSION**

Plaintiffs seek to file over fifty exhibits under seal, in addition to filing eight redacted exhibits.[1] *See* Desai Decl. at 2-7. Neither plaintiffs nor defendants attempt to explain why public filing of the documents in question would cause harm to itself or third parties, or otherwise meet the "good cause" standard. Plaintiffs explain that the documents include those "produced by Defendants and third parties" and which the producing parties have designated as confidential under the protective order. Motion at 6 (citing Dkt. No. 59). Defendants state that the "exhibits contain confidential business information," along with "highly sensitive, non-public information which, if revealed publicly, could potentially cause irreparable harm to BP." Beroukhim Decl. ¶ 6. Good cause, however, "cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential . . . ." *Bain v. AstraZeneca LP*, 2011 WL 482767, at *2 (N.D. Cal. Feb. 7, 2011); *see also* Civil L.R. 79-5(d)(1)(A).

The only exhibit for which either party offers further explanation is Exhibit 10. This exhibit contains declarations of proposed class members and is sought to be sealed in its entirety. *See* Motion at 6. Plaintiffs state that because these declarations "discuss the terms of accepted warranty offers that *may* be subject to confidentiality clauses," plaintiffs sought to seal Exhibit 10 "[o]ut of an abundance of caution . . . ." *Id*. (emphasis added). Sealing these declarations in their entirety, particularly when their confidential status is in question, fails to meet the "narrow tailoring" requirement.

Accordingly, plaintiffs' motion to seal is DENIED. Plaintiffs may file a new motion in compliance with Civil Local Rule 79-5. Under the local rules, such a motion must be

---

[1] Plaintiffs originally sought to file even more documents under seal, but defendants clarified that they had inadvertently designated six of these documents as confidential and that they did not in fact need to be sealed. *See* Beroukhim Decl. ¶¶ 3-4.

accompanied by "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). The declaration must also "identify the party that has designated the material as confidential ("the Designating Party"). Civ. L.R. 79-5(e). The motion shall be accompanied by "[a] proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(d)(1)(B).

## CONCLUSION

For the foregoing reasons, plaintiffs' administrative motion to seal is DENIED without prejudice to the parties' filing a new motion in compliance with Civil Local Rule 79-5.

**IT IS SO ORDERED**.

Dated: January 13, 2016

_____
SUSAN ILLSTON
United States District Judge