UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLAGAS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BP SOLAR INTERNATIONAL, INC., et al., <br><br> Defendants. | Case No. 14-cv-00560-SI <br><br> **ORDER DENYING DEFENDANTS' MOTION TO SEAL** <br><br> Re: Dkt. No. 154 |

Currently before the Court is defendants' motion to seal documents filed in conjunction with plaintiffs' motion for class certification. Dkt. No. 154. Having considered the papers filed, including the motion, the declaration of E. Alex Beroukhim in support of the motion, and the documents proposed to be sealed, the Court DENIES defendants' motion without prejudice.

**BACKGROUND**

On January 8, 2016, plaintiffs filed a motion for class certification. Dkt. No. 148. That same day, they filed a motion to seal certain exhibits attached to the declaration of Nimish R. Desai filed in support of plaintiffs' motion for class certification. Dkt. No. 149. Plaintiffs also sought to file a redacted version of their brief where the brief referenced exhibits that plaintiffs sought to seal. On January 13, 2016, the Court denied plaintiffs' motion to seal without prejudice, stating that "[p]laintiffs may file a new motion in compliance with Civil Local Rule 79-5." Dkt. No. 153 at 2.

On January 19, 2016, defendants filed the present motion to seal. Dkt. No. 154. They seek to seal largely the same documents that plaintiffs previously sought to seal. These are: the brief in support of plaintiffs' motion for class certification, Dkt. No. 150; and exhibits 10-12, 14, 16-28,

32, 36-40, 42, 44-53, 55-59, 61, 63-70, 72-74, 76, 81-82, 86-91, and 93 to the declaration of Nimish R. Desai filed in support of plaintiffs' motion, Dkt. No. 149-1. With this motion, defendants also seek to redact an additional page of Exhibit 40. Motion at 5. Defendants have submitted a new, redacted version of Exhibit 10, which plaintiffs originally sought to seal in its entirety. *Id*. They clarify that six exhibits that plaintiffs originally sought to seal (Exhibits 2, 3, 15, 54, 60, and 62) "were inadvertently marked as 'CONFIDENTIAL'" and therefore defendants do not seek to seal those exhibits or the corresponding portions of plaintiffs' brief. Beroukhim Decl. ¶¶ 5-6. Defendants state that the documents sought to be sealed "contain confidential information regarding BP's business and products that would cause irreparable harm to BP if revealed publicly."[1] Motion at 4; *see also* Beroukhim Decl. ¶ 7.

## LEGAL STANDARD

With the exception of a narrow range of documents that are "traditionally [] kept secret," courts begin their sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134-35 (9th Cir. 2003). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). In addition, all requests to file under seal "must be narrowly tailored," such that only sealable information is sought to be redacted from public access. Civ. L.R. 79-5(b).

Where a party seeks to seal documents attached to a non-dispositive motion, "a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is required. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–cv–01846, 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any

---

[1] Defendants make no assertions regarding confidentiality or harm specific to defendant Home Depot.

1  specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184.
2  Neither do "broad allegations of harm, unsubstantiated by specific examples or articulated
3  reasoning . . . ." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th
4  Cir. 2002) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).
5  Because a motion for class certification is not dispositive, the "good cause" standard applies.

## DISCUSSION

8  The Court finds that defendants have not met their burden obtain a sealing order. The vast
9  majority of the proposed redactions are not narrowly tailored. Most of the exhibits sought to be
10 sealed are not "privileged, protectable as trade secret or otherwise entitled to protection under the
11 law . . . ." *See* Civ. L.R. 79-5(b). Further, aside from a blanket statement that the documents
12 "contain highly sensitive, non-public information which, if revealed publicly, could potentially
13 cause irreparable harm to BP," defendants have not demonstrated what "specific harm or prejudice
14 will result" if the documents are not sealed. *See Apple*, 2012 WL 4120541, at *1 (citing Fed. R.
15 Civ. P. 26(c)); Beroukhim Decl. ¶ 7.

16 Defendants seek to seal sixty-one exhibits along with the portions of plaintiffs' motion for
17 class certification that reference those exhibits. Motion at 2-4; Beroukhim Decl. ¶ 7. Of the sixty-
18 one exhibits, the parties have offered to file nine in redacted form; the remainder are sought to be
19 sealed in their entirety. *See* Motion at 2-4. Of the documents for which redactions are offered,
20 only one contains line-by-line redactions (Exhibit 10, Dkt. No. 154-4, 154-5); for the remainder,
21 defendants offer "redactions" of entire pages, not all of which contain sealable information.
22 Defendants seek to seal Exhibit 24, for instance, the September 9, 2015 deposition transcript of
23 John Wohlgemuth. Defendants claim the exhibit "contains confidential information concerning
24 product design," but the pages that defendants seek to seal include admonitions regarding the
25 deposition process, questions regarding Mr. Wohlgemuth's employment history, and objections
26 made on the record by defendants' counsel. Exhibit 66, an expert rebuttal report, is presented in
27 redacted form, but defendants seek to redact pages that cannot possibly contain confidential
28 information: the report cover page—which defendants did <u>not</u> seek to seal in Exhibit 65, the initial

3

report filed by the same expert—and two pages that are marked "Page Left Intentionally Blank." Similarly, defendants seek to seal entire emails—including information about the sender, the date sent, and the subject line—rather than redact only those portions that are sealable. *See, e.g,* Ex. 11, 32, 38, 42, 51-52, 61, 70, 73, 81, 86-89. The Court finds that defendants have failed to meet the "narrowly tailored" requirement.

Even if defendants' request were narrowly tailored, the motion would still fail because it is not clear that the contents of the documents are sealable or that any particular harm would befall defendants if the contents were disclosed. For instance, defendants seek to seal documents concerning marketing strategies such as Exhibit 12 (a 2005 communications plan), Exhibit 16 (radio advertisement communications), and Exhibit 19 (employee training materials). These materials do not apparently contain any privileged or trade secret information. Likewise, defendants seek to seal numerous documents that reference warranty claims and settlement offers. There is no apparent privilege or trade secret matter at stake if these documents are disclosed. The Court can only assume that defendants wish to avoid embarrassment or exposure to further litigation, but these reasons will not suffice for the Court to issue a sealing order. *See Foltz*, 331 F.3d at 1136. Absent a particularized showing from the defendants, the Court is especially skeptical that harm will result where, as plaintiffs allege, defendant BP ceased producing solar panels several years ago. *See* Second Amended Complaint ¶ 9.

The Court notes that it might be inclined to grant a motion to seal some of the documents concerning product design, testing, and evaluation, for these may contain proprietary and trade secret information. However, in their presently submitted state, the documents are neither narrowly tailored nor are they supported by a description of how their disclosure would result in harm.

For the above reasons, the Court DENIES the motion to seal. Defendants may file a new motion, keeping in mind that the Court will not take at face value that a given document is sealable, simply because defendants say it is so. The motion must comply with Civil Local Rule 79-5, must be narrowly tailored to seal only sealable material, and must describe what specific harm or prejudice will result as to each exhibit if that exhibit is not sealed.

**CONCLUSION**

For the foregoing reasons, defendants' administrative motion to seal is DENIED without prejudice to the parties' filing a new motion.

**IT IS SO ORDERED**.

Dated: January 27, 2016

_____
SUSAN ILLSTON
United States District Judge