Robert J. Nelson (Cal. Bar No. 132797)
rnelson@lchb.com
Nimish R. Desai (Cal Bar No. 244953)
ndesai@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

John T. Spragens (*pro hac vice*)
jspragens@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
One Nashville Place
150 4th Avenue North, Suite 1650
Nashville, TN 37219-2423
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

David M. Birka-White (Cal. Bar No. 85721)
dbw@birka-white.com
Mindy M. Wong (Cal. Bar No. 267820)
mwong@birka-white.com
BIRKA-WHITE LAW OFFICES
65 Oak Court
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile: (925) 362-9970

*Attorneys for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL ALLAGAS, ARTHUR RAY and BRETT MOHRMAN, and BRIAN DICKSON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BP SOLAR INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. and DOES 1-10, inclusive,<br><br>Defendants. | Case No.  3:14-cv-00560-SI (EDL)<br><br>**DECLARATION OF INDEPENDENT CLAIMS ADMINISTRATOR JENNIFER M. KEOUGH**<br><br>Judge:  Hon. Susan Illston |

I, Jennifer M. Keough, declare as follows:

1.      I am a Managing Director and Co-Founder of JND Legal Administration (JND), the firm appointed by the Court to serve as Independent Claims Administrator (ICA) in this case. I respectfully submit this Declaration to update the Court on the Claims administration process. The following statements are based on my personal knowledge and information provided by other experienced employees working under my supervision, and if called upon to do so, I could and would be competent to testify to the facts herein.

2.      Together, my partners Neil Zola, David Isaac, and I have over 70 years of combined experience in the law and legal administration industries.  Prior to forming JND, I served as chief operating officer (COO) and executive vice president for one of the then largest legal administration firms in the country.  Before that, I worked as a class action business analyst at one of the country's well-known law firms, responsible for managing complex class action settlements and remediation programs, including the selection, retention and supervision of legal administration firms.

3.      I earned a J.D., M.S.F. (with honors), and B.A. from Seattle University.  In 2013, I was profiled in a CNN article, "What Changes With Women in the Boardroom," and in 2015, I was named a "Woman Worth Watching" by Profiles in Diversity Journal.

4.      JND's responsibilities as ICA are detailed in the Settlement and the Claims Protocol.  In summary, the ICA's role in implementing the Settlement is to receive and process claims and effectuate the Common Fund and Claims Made Program as provided in the Settlement Agreement.  This entails creating and monitoring the Settlement Website and toll-free telephone number, processing and reviewing claim forms, retaining and deploying solar panel inspectors to Class Members' properties, making and issuing Claim decisions, engaging remediation contractors, processing objections and requests for exclusion, and disbursing Settlement funds to Class Members.

5.      To perform the first phase of its duties under the Settlement, JND established a Settlement Website (www.BPSolarSettlement.com) containing information about the Settlement and copies of documentation relating to the Settlement, including the Claim Form and copies of

1   the Notice in English and Spanish.  JND also established a 24-hour toll-free telephone number (1-

2   844-360-2767) with live operators and recorded messaging (IVR) that Class Members can use to

3   obtain more information about the Settlement and submit Claims.  Both the telephone number and

4   website went live on September 2, 2016.  To date, over 65,000 users have accessed the Settlement

5   Website, and we have received over 730 telephone calls on the toll-free number.

6           6.      Pursuant to the Court's September 2, 2016 Order, JND also implemented a Direct

7   Notice mailing program.  JND received data for the Direct Notice Mailing from BP and Class

8   Counsel.  The Notice Mailing began September 9, 2016 and consisted of 4,889 Notices to Class

9   Members.  Since then, JND has mailed additional Notices to Class Members, for a total of 6,392

10  mailed Notices.  As of the date of this Declaration, 55 Notices have been returned with a

11  forwarding address from the United States Postal Service, and JND promptly re-mailed those

12  notices to the address provided.  A total of 675 Notices, including two (2) Notices that had been

13  re-mailed to a forwarding address, have been returned as undeliverable; and after performing an

14  address search, JND successfully re-mailed 284 of those previously undeliverable Notices

15  without having them returned as undeliverable.  A true and correct copy of the Notice mailed to

16  the Class together with the Spanish Notice made available on the Settlement Website is attached

17  as Exhibit A to this Declaration.

18          7.      Pursuant to the Court's September 2, 2016 Order, JND also implemented an Email

19  Notice program.  The Email Notice campaign began on September 9, 2016, using email address

20  data provided by BP and Class Counsel.  In total, JND sent Email Notice to 2,995 email

21  addresses.  A true and correct copy of the Email Notice is attached as Exhibit B to this

22  Declaration.  A total of 2,446 copies of the Email Notice successfully reached their target email

23  address (i.e., were not returned as undeliverable).

24          8.      As of the date of this Declaration, JND has received 627 claims from putative

25  Class Members.  My staff has reviewed claimant responses received as of that date and estimate

26  that the Claims break down as follows:

27          a.      381 Claims (60.73%) have been received from Category 1 (FDK+)

28  claimants;

b.      53 Claims (8.50%) have been received from Category 2 (Non-FDK+) claimants;

c.      87 Claims (13.77%) have been received from claimants whose panels may either fall into Category 1 or Category 2;

d.      70 Claims (11.33%) have been received from claimants whose panel category is unknown, or whose Claim form was left blank; and

e.      36 Claims (5.67%) have been received from claimants whose panel category is outside the scope of the Settlement.

9.      JND has received and processed all requests for exclusion, consistent with the Settlement Agreement and as required by the Court's September 2, 2016 Order.  As of November 1, 2016, JND has not received any exclusion requests or objections from Class Members.  We have received four (4) letters from non-Class Members regarding the Settlement, true and correct copies of which are attached as collective Exhibit C to this Declaration.

10.      JND will continue to administer the Settlement through all phases of Claims administration, as required by the Settlement Agreement, this Court's September 2, 2016 Order, and pursuant to any future Orders of this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 2, 2016, at Seattle, Washington.

By:___/s/_____ *Jennifer M. Keough*_____

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

# If You Have BP Solar Panels
# You May Be Entitled to Replacement of the Solar Panels and/or a New Inverter From a Class Action Settlement

*A federal judge authorized this notice.  This is not a solicitation from a lawyer.*

**Para una notificación en Español, visitar www.BPSolarSettlement.com.**

- Please read this notice carefully as it impacts your rights and provides you with information regarding how to file a claim.  Your legal rights may be affected whether or not you take action.

- A Settlement has been reached in a class action lawsuit about solar panels manufactured by BP Solar International, Inc. ("BP") between 1999 and early 2007 with an S-type junction box ("Class Panels").  *See* Question 3, below for a list of affected BP model numbers. The Plaintiffs' complaint alleges the Class Panels are prone to junction box failures, which could cause burn marks, shattered glass at the junction box, and a potential fire hazard.  The Defendants deny these allegations.

- Generally, the Settlement includes anyone in the United States who purchased Class Panels for initial installation on a property, or who purchased a property on which Class Panels had first been installed, and who currently own some or all of those Panels (*see* Question 6 for any exclusions).   This lawsuit and Settlement do **not** cover BP solar panels manufactured after 2007, or panels manufactured from 1999-2007 without an S-type junction box.  Those solar panels may look similar but have a different junction box and therefore are not involved in this Settlement.

- The Settlement will provide for removal and disposal of the Class Panels, and replacement with new solar panels, for eligible class members in Category 1 (*see* Question 3 below).  If additional costs such as construction permits and/or a new inverter are required by law in order to replace your system (under your local building code), you may be required to pay all or part of those costs (*see* Question 9).

- The Settlement will provide a free visual inspection, replacement of failed panels, potential replacement of all Class Panels, and/or installation of a new inverter with arc fault detection for eligible class members with Class Panels in Category 2 (*see* Question 3 below).

**Your legal rights are affected even if you do nothing.**
**Please read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM** | You must submit a claim to get benefits. |
| **ASK TO BE EXCLUDED** | Get no benefits from the Settlement.  This is the only option that allows you to sue the Defendants over the claims resolved by this Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment or replacement.  Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Benefits will only be provided if the Court approves the Settlement and after any appeals are resolved.  The final approval hearing is scheduled for December 22, 2016 (*see* Question 21).  Please be patient.

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION**...................................................................... **4**

    1.   Why is there a notice?

    2.   What is this about?

    3.   Which BP model numbers are included in this Settlement?

    4.   Why is this a class action?

    5.   Why is there a Settlement?

**WHO IS PART OF THE SETTLEMENT?** ......................................................... **6**

    6.   How do I know if I am part of the Settlement?

    7.   How can I tell if I have BP solar panels?

    8.   What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** .............................................................. **7**

    9.   What does the Settlement provide?

**HOW TO GET BENEFITS** ................................................................. **9**

    10.   How do I get benefits?

    11.   What is the deadline for submitting claims?

    12.   When will I receive benefits?

    13.   What am I giving up to stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................. **11**

    14.   How do I get out of the Settlement?

    15.   If I do not exclude myself, can I sue the Defendants for the same thing later?

    16.   If I exclude myself, can I still get benefits?

**OBJECTING TO THE SETTLEMENT** ....................................................... **12**

    17.   How do I tell the Court if I do not like the Settlement?

    18.   What is the difference between objecting and asking to be excluded?

**THE LAWYERS REPRESENTING YOU** ..................................................... **13**

    19.   Do I have a lawyer in the case?

    20.   How will the lawyers be paid?

**THE FAIRNESS HEARING** ............................................................... **13**

    21.   When and where will the Court decide whether to approve the Settlement?

    22.   Do I have to attend the hearing?

    23.   May I speak at the hearing?

**GETTING MORE INFORMATION** ........................................................... **14**

    24.   How do I get more information?

## BASIC INFORMATION

### 1. Why is there a notice?

A Court has authorized this notice because you have a right to know about a proposed Settlement of a class action lawsuit involving BP solar panels and your options before the Court decides whether to give final approval to the proposed Settlement. This notice explains the lawsuit, the proposed Settlement, the benefits available, and your legal rights.

The Honorable Susan Illston of the United States District Court for the Northern District of California is overseeing this case. The case is known as *Michael Allagas, et al. v. BP Solar International, Inc., et al.*, Case No. 3:14-cv-00560-SI. The people who sued are called the Plaintiffs, and the companies they sued are called Defendants. The Defendants in this case are: BP Solar International, Inc. and Home Depot U.S.A., Inc.

### 2. What is this about?

The lawsuit claims that the BP solar panels manufactured with S-type junction boxes are defective and prone to premature failure, do not generate the expected level of power, and create a potential fire hazard. The Defendants deny these claims. The photos below show examples of failed panels.






**Clockwise from upper left: burn mark and shattered glass on front of panel; burnt junction box on back of panel; junction box damage on back of panel; and burn mark (without shattered glass) on front of panel.**

## 3. Which BP model numbers are included in this Settlement?

The solar panels included in this Settlement are called "Class Panels." Class Panels include all BP solar panels manufactured between 1999 and 2007 with an S-type junction box. This includes the model numbers listed below.

**Category 1 ("FDK+ Panels")**

| | | | | |
|---|---|---|---|---|
| BP170I | BP175B | BP175I | BP3140S* | BP3160B* |
| BP170B | BP3160S | BP4170B | BP3150S | BP4175I |
| BP3165S | SX160B | SX170B | BP4175B | BP2150S |
| SX150B* | BPSX150S | BPSX3150S | SX4175S (a/k/a BPS4175S) | SX140S |
| BP5170S | SX150S | SX160S | BPSX3160S | SX150L |

(If the model number has an asterisk, it means that some of those panels are in Category 2. If you have one of those model numbers, the Claims Administrator can help you determine which Category your panels belong to.)

**Category 2 ("Non-FDK+ Panels")**

All other BP solar panels manufactured between 1999 and 2007 with an S-type junction box which are not included in Category 1, including the following model numbers:

| | | | | |
|---|---|---|---|---|
| BP3140B | BP3115S | BP3123XR | BP3125Q | BP3125S |
| BP3160B | BP3140S | BP3150B | BP3150L | BP3155S |
| BP380S | BP3160L | BP3160QS | BP375S | BP380L |
| MSX110 | BP4150S | BP4160S | BP4170S | BP485L |
| SX120S | BP2140S | BP585DB | BP7190S | SX3190B |
| SX3195S | MSX110L | MSX120 | MSX120L | BPSX140S |
| SX3195B | SX140B | SX150B | SX3190S | SX110S |

This Settlement does **not** cover BP solar panels without the S-type junction box, which BP stopped using in 2007 at the latest. These solar panels look very similar to the Class Panels included in the

Settlement, but are different products.  If you don't know whether your BP product is included in this Settlement, contact the Claims Administrator at 1-844-360-2767 for help.

## 4.  Why is this a class action?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims.  The class representatives and those with similar claims are referred to as the "settlement class" or "settlement class members."  In this Settlement, the Class Representatives are Michael Allagas, Brett Mohrman, Arthur Ray, and Brian Dickson.  One court resolves the issues for all members of the Settlement Class, except for those who exclude themselves from the Settlement Class.

## 5.  Why is there a Settlement?

The Court has not decided in favor of the Plaintiffs or the Defendants.  Instead, both sides have agreed to a Settlement.  By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and the people affected will get a chance to receive replacement or removal of their Class Panels, or a free inspection of their system and new inverter with arc fault detection.  The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.  The Settlement does not mean that the Court has determined that Defendants have done anything wrong.

# WHO IS PART OF THE SETTLEMENT?

If you received mailed notice of the Settlement, then you may be a member of the Settlement Class.  But even if you did not receive a notice by mail, you may be a member of the Settlement Class, as described below.

## 6.  How do I know if I am part of the Settlement?

You are included in the Settlement and deemed a Settlement Class Member if you purchased Class Panels for initial installation on a property, or you acquired a property on which Class Panels had first been installed, and, in either case, you currently own some or all of those Panels.

"Property" means any structure, including but not limited to homes, townhouses, condominiums, apartments, multi-unit housing structures, hotels, motels, hospitals, schools, churches or other places of worship, commercial structures, government structures, homes within a homeowners association or other similar entities, other types of buildings (e.g., guest houses, garages, workshops, sheds, hangers), or other structures of any kind, whether commercial or residential (including permanent or temporary residential structures), or any improvement to real property.

The Settlement Class does not include the Defendants or any entity in which a Defendant owns a controlling interest and their legal representatives, heirs, and successors.  The Settlement Class also does not include the judge or judges to whom this case is assigned and their immediate family members.

## 7.  How can I tell if I have BP solar panels?

The BP solar panel model number is located on the sticker affixed to the back of the solar panel. This information may also be contained in your purchase agreement or other documentation. Additional information about determining whether your Panels are BP panels can be obtained by contacting:

> **BP Solar Panel Settlement**
> **c/o JND Legal Administration**
> **PO Box 6878**
> **Broomfield, CO 80021**

Or call the toll-free number:  **1-844-360-2767.**

## 8.  What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-844-360-2767 with questions or visit www.BPSolarSettlement.com.  You may also write with questions to BP Solar Panel Settlement:

> **BP Solar Panel Settlement**
> **c/o JND Legal Administration**
> **PO Box 6878**
> **Broomfield, CO 80021**
> **Website: www.BPSolarSettlement.com**

# THE SETTLEMENT BENEFITS

## 9.  What does the Settlement provide?

### Common Fund for Category 1 (FDK+ Panels)

A Common Settlement Fund will be established to pay for the removal, replacement, and disposal of Class Panels that fall into Category 1 (FDK+ Panels) (*see* Question 3 above).  The Defendants will pay $45.33 million into the Settlement Fund.  Settlement administration costs, notice costs, attorney fees and costs, and any court-approved payments to the Settlement Class Representatives will come out of this fund (*see* Question 20).

- The net Settlement Fund will be available to pay to replace the Class Panels or otherwise compensate Settlement Class Members.  Labor, materials, and replacement solar panels will be provided and installed by licensed contractors approved by the Claims Administrator.

- If it is determined that additional costs, such as construction permits and/or a new inverter, are required by law to replace your system (under your local building code), you will be

required to pay those costs. Three years into the program, an annual assessment will be made to determine whether there are sufficient funds to reimburse some or all necessary out-of-pocket costs. Reimbursement is not guaranteed.

- The replacement solar panels will come with an industry standard manufacturer's warranty issued by the manufacturer of the replacement panels.

- The labor work provided will come with an industry standard warranty from the contractor hired to perform the replacement work, including any contractors hired by the Claims Administrator.

- You may opt to use your own replacement contractor (instead of a contractor hired by the Claims Administrator) to replace Class Panels, but all Class Panel removal and disposal will be handled by the Claims Administrator. Once the Class Panels have been removed, you will receive payment up to the rate of $2.35 per watt removed, minus the removal and disposal costs.

**Claims Made Program for Category 2 (Non-FDK+ Panels)**

A separate Settlement Fund will be established for Settlement Class Members with Class Panels that fall into Category 2 (Non-FDK+ Panels) (*see* Question 3 above). These model numbers have a lower failure rate than the Category 1 Panels (FDK+). Defendants shall pay up to $20 million into the Claims-Made Settlement Fund for Category 2 (Non-FDK+ Panels) claims, inclusive of inspection and administration costs, for payments to Settlement Class Members who fall within Category 2.

- Category 2 claimants will be entitled to a free visual inspection of their BP solar system to identify any failed panels. If the claimant's system's failure rate exceeds 20% (inclusive of any documented past failures), the claimant will be entitled to a full replacement of their Class Panels.

- If the inspection does not result in full replacement, the claimant will receive a new inverter with arc fault detection, installed at no cost to the claimant. An arc fault is a high energy failure that can occur if these panels fail. Arc fault detection technology is designed to preemptively shut down a system that is experiencing an arc fault failure, thus preventing any resulting harm. The Settlement Fund will not be responsible for the warranty, performance, maintenance or ongoing operation of the new inverter (including, without limitation, any obligation to test or check system shutdowns or faults).

- If a Category 2 claimant suffers additional failed panels after the initial inspection, the claimant can make subsequent claims to the Settlement until the program ends. If the subsequent claim demonstrates that the failure rate has exceeded 20%, the claimant is eligible for replacement of all remaining Class Panels. However, the Settlement Class Member shall either reimburse the Settlement for the cost of the new inverter and its installation before the replacement of the remaining Class Panels takes place or, if the Settlement Class Member elects to receive a monetary payment, the cost of the new inverter and its installation shall be subtracted from this amount. In extreme cases, if the Claims

Administrator determines that a Claimant has made a subsequent claim without any reasonable basis to believe that additional panel failures have occurred, the Claims Administrator reserves the right to seek reimbursement for the cost of responding to that claim.

- The Claims Made program will end after three years of operation, or after the $20 million fund is exhausted, whichever is first.  After that, Category 2 Class Members retain their preexisting rights under their BP warranty certificate except as to claims presented to the Settlement, and can claim any further failed panels under BP's standard warranty program.

**Large Non-Residential Customers**

A claimant with a non-residential solar system with 400 or more solar panels that includes Class Panels ("LNR Class Member") will be invited to commercial negotiations between BP and the claimant, mediated by the Claims Administrator or other agreed upon third-party.  If negotiations fail, the LNR claimant may opt-out of the settlement, even if the opt-out period has expired, and the claimant will retain all its rights under BP's warranty certificate.

This program will remain open at least through 2017.  More details, including on the precise claims period, are available in a document called the Settlement Agreement, which is available at www.BPSolarSettlement.com, or by consulting the Claims Administrator.

## HOW TO GET BENEFITS

### 10.  How do I get benefits?

All Settlement Class Members will need to submit a Claim Form to receive benefits.  If you did not receive a Claim Form in the mail, Claim Forms are available at www.BPSolarSettlement.com or by calling 1-844-360-2767.  Please submit your Claim Form as soon as possible; priority in scheduling will be based on the order in which Claim Forms are received.  Please read the instructions carefully, and fill out the Claim Form and mail it.  Please submit the Claim Form to:

> **BP Solar Panel Settlement**
> **c/o JND Legal Administration**
> **PO Box 6878**
> **Broomfield, CO 80021**
> **Fax: 1-888-533-1637**
> **Email: info@BPSolarSettlement.com**
> **Website: www.BPSolarSettlement.com**

### 11.  What is the deadline for submitting claims?

The Claims Administrator can only begin processing claims after the Court grants final approval of the Settlement and after any appeals are resolved (see "The Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.  Once the Settlement is approved, the

settlement website will be updated with actual dates for these deadlines, so be sure to check the website for any updates periodically after the Fairness Hearing on December 22, 2016.

Once the Settlement program starts:

- Category 1 claims will be paid until the Common Fund is spent. Therefore, while there is no firm claims deadline, if you have Category 1 panels, it is best to submit your claim soon after the program begins.

- The program for Category 2 claims will last for three years after it starts, or until the $20 million fund is spent. Therefore, while there is no firm claims deadline, if you have Category 2 panels, it is best to submit your claim soon after the program begins.

### 12.  When will I receive benefits?

The Settlement program will begin after the Court grants final approval of the Settlement and after any appeals are resolved (see "The Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

### 13.  What am I giving up to stay in the Settlement Class?

Unless you "opt out" or exclude yourself, you are accepting the Settlement.  This allows you to obtain the Settlement benefits described above, but requires that you give up your right to separately sue anyone, including but not limited to the Defendants, for any claims being resolved by this Settlement, specifically, any claims related to alleged junction box failure or defect in the Class Panels, including any alleged property damage caused by the Class Panels.  This includes all claims relating to the design, manufacturing, materials used, testing performed, warnings provided, marketing, advertising, sale, installation, instructions, performance or any failure to perform (including energy production or lack of energy savings or production), including any defect or warranty claim, as more fully described in Section XII of the Settlement Agreement. Personal injury claims, however, are released only if they arose or arise after you receive full replacement of all your Class Panels, or installation of a new inverter with arc fault protection. Category 1 Class Members give up all of their rights to file suit on any of these claims in the future. After the Claims Made Program ends, Category 2 Class Members will retain their pre-existing rights under the BP warranty certificate except as to claims presented to the Settlement, but will give up the right to seek class-wide adjudication of any of these claims.

Section XII of the Settlement Agreement describes the released claims in more detail, so read it carefully.  The Settlement Agreement is available online at www.BPSolarSettlement.com. If you have any questions you can talk to the law firms listed in Question 19 for free or you can, if you wish, talk to your own lawyer at your own expense if you have questions about what this means.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want the benefits from this Settlement, and you want to keep the right to sue the Defendants or anyone else about the issues in this case, then you must take steps to opt out of the Settlement. This is called excluding yourself from, or "opting out" of, the Settlement Class.

### 14. How do I get out of the Settlement?

To exclude yourself or "opt out" from the Settlement, you must mail a letter or other written document to the Claims Administrator. Your request must include:

- Your full name, current address, telephone number, and the property location where your Class Panels are installed (if different from your current address);
- A statement that you "want to be excluded from the proposed class in *Allagas v. BP Solar International, Inc*. and receive none of the benefits of the Settlement";
- Your signature; and
- The name and signature of your attorney (if you are represented by one)

In addition, please also provide the following information with your opt out request if known to you:

- The model number(s) and/or serial numbers of your Class Panels;
- Date of purchase or installation of your Class Panels; and
- The number of Class Panels you own.

You must mail your exclusion request, **postmarked no later than November 28, 2016** to:

> **BP Solar Panel Settlement**
> **c/o JND Legal Administration**
> **PO Box 6878**
> **Broomfield, CO 80021**

### 15. If I do not exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up the right to sue anyone, including but not limited to Defendants, for the claims that this Settlement resolves. See Question 13 for a description of the claims you are giving up by staying in the Settlement.

### 16. If I exclude myself, can I still get benefits?

No. You will not get benefits if you exclude yourself from the Settlement.

## OBJECTING TO THE SETTLEMENT

### 17.  How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member and do not opt out, you can object to the Settlement if you don't like some part of it.  The Court will consider your views.  To object, you must submit a letter that includes the following:

- Your full name, current address, telephone number, and the property location where your Class Panels are installed (if different from your current address);
- Statement under penalty of perjury that you are the current owner of the Class Panels;
- The date(s) of purchase and installation of the Class Panels;
- Model numbers and/or serial numbers of your Class Panels;
- The reasons you object to the Settlement, along with any supporting materials;
- Whether you intend to appear at the Fairness Hearing (*see* Question 21);
- Your signature; and
- The name and signature of your attorney (if you are represented by one).

You must mail your objection to the following addresses, postmarked by **November 28, 2016**:

| | |
|---|---|
| United States District Court<br>Northern District of California<br>450 Golden Gate Avenue, Box 36060<br>San Francisco, CA 94102-3489<br>Attn: BP Solar Settlement (Judge Illston) | BP Solar Panel Settlement<br>c/o JND Legal Administration<br>PO Box 6878<br>Broomfield, CO 80021 |
| Lieff Cabraser Heimann & Bernstein, LLP<br>Attn: BP Solar Settlement<br>275 Battery St, 29th Fl<br>San Francisco, CA 94111 | Arnold & Porter LLP<br>Matthew T. Heartney<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA  90017 |

### 18.  What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you don't like something about the Settlement.  You can object only if you don't exclude yourself from the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 19.  Do I have a lawyer in the case?

Yes, the Court has appointed the following to represent all Settlement Class Members as "Class Counsel:"

| | |
|---|---|
| Birka-White Law Offices | Lieff Cabraser Heimann & Bernstein, LLP |
| 65 Oak Court | 275 Battery Street, 29th Floor |
| Danville, CA 94526 | San Francisco, CA 94111 |
| Telephone: (925) 362-9999 | Telephone:  (415) 956-1000 |
| Facsimile:  (925) 362-9970 | Facsimile:   (415) 956-1008 |

You will not be charged for contacting these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 20.  How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees of up to $11 million, plus reimbursement for costs and expenses up to $600,000, for a total of $11.6 million.  Of this, $9.6 million will be paid from the Common Fund, and $2 million will be paid from the Claims Made Settlement Fund.  (The $2 million paid from the Claims Made Settlement Fund is in addition to the $20 million maximum amount Defendants will contribute to pay for Settlement benefits to Category 2 claims.)

The Court will decide the amount of attorneys' fees and costs to award.  Class Counsel will also request a special service award to be paid to each of the Settlement Class Representative for their service to the Settlement Class as follows: $7,500 each to Michael Allagas, Arthur Ray, Brett Mohrman from the Common Settlement Fund, and $3,500 to Brian Dickson from the Claims Made Settlement Fund.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses.  You may attend and you may ask to speak, but you do not have to.

### 21.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 3:00 p.m. on Thursday, December 22, 2016 at 450 Golden Gate Avenue, Courtroom 1, 17th Floor, San Francisco, CA 94102.  The hearing may be moved by the Court to a different date or time without additional mailed notice to you, so it is a good idea to check www.BPSolarSettlement.com or call 1-844-360-2767 for updates about the hearing.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel.  The motion for attorney's fees and costs and class representative service payments will be posted on

www.BPSolarSettlement.com.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

## 22.  Do I have to attend the hearing?

No.  Class Counsel will answer questions the Court may have.  But you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  You may also hire a lawyer to attend, but it is not required.

## 23.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  If you are objecting and intend to request permission to speak, you should include that request in your written objection (*see* Question 17).

## GETTING MORE INFORMATION

## 24.  How do I get more information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement or Claim Form at:

**www.BPSolarSettlement.com**

You also may write with questions to:

**BP Solar Panel Settlement**
**c/o JND Legal Administration**
**PO Box 6878**
**Broomfield, CO 80021**

Or call the toll-free number:  **1-844-360-2767.**

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS, DISTRITO NORTE DE CALIFORNIA**

# Si usted tiene Paneles Solares BP puede tener derecho a un reemplazo de los Paneles Solares y/o a un Nuevo Inversor a partir de un acuerdo de demanda colectiva.

*Esta notificación ha sido autorizada por un juez federal. No es una solicitud de un abogado.*

**Para obtener una notificación en español, visite el sitio web www.BPSolarSettlement.com.**

- Por favor, lea esta notificación cuidadosamente debido a que puede afectar sus derechos y le brinda información sobre cómo realizar un reclamo. Sus derechos pueden verse afectados sea que decida actuar o no.

- Se ha llegado a un Acuerdo de demanda colectiva relacionada con paneles solares fabricados por BP Solar International, Inc. ("BP") entre 1999 y comienzos de 2007 con una caja de conexión tipo S ("Paneles Colectivos"). *Véase* la Pregunta 3 a continuación para consultar una lista de los números de modelos de BP afectados. La demanda entablada por los Demandantes sostiene que los Paneles Colectivos son propensos a las fallas en las cajas de conexión, lo que puede producir marcas de quemaduras, vidrios astillados en la caja de conexión y un peligro potencial de incendio. Los Demandados niegan dichos argumentos.

- En general, el Acuerdo incluye a cualquier persona dentro de los EE.UU. que haya comprado Paneles Colectivos para su instalación por primera vez en una propiedad, o que haya comprado una propiedad en la que los Paneles Colectivos habían sido primeramente instalados, y que actualmente posee algunos de esos Paneles o todos ellos (*Véase* la Pregunta 6 para consultar las exclusiones). Esta demanda y Acuerdo no incluyen a los paneles solares BP fabricados después de 2007, o a los paneles fabricados de 1999 a 2007 sin la caja de conexión tipo S. Dichos paneles solares pueden lucir similares, pero tienen una caja de conexión diferente y en consecuencia no se encuentran incluidos en este Acuerdo.

- El Acuerdo establece el desmontaje y la eliminación de los Paneles Colectivos y su reemplazo por nuevos paneles solares en el caso de los Demandantes Colectivos correspondientes a la Categoría 1 (*Véase* la Pregunta 3 a continuación). En el caso de que haya gastos adicionales, tales como permisos de construcción y/o de nuevos inversores, requeridos por la ley para reemplazar su sistema (conforme a su código local de construcción), se le podrá exigir que pague todos esos costos o parte de ellos (*Véase* la Pregunta 9).

- El Acuerdo estipula que se realice una inspección visual gratuita, el reemplazo de los paneles con fallas, el reemplazo potencial de todos los Paneles Colectivos y/o la

instalación de un nuevo inversor con un detector de fallas de arco para los Demandantes Colectivos con Paneles Colectivos correspondientes a la Categoría 2 (*Véase* la Pregunta 3 a continuación).

### Sus derechos se verán afectados ya sea que actúe o no.
### Por favor, lea esta notificación cuidadosamente.

| SUS DERECHOS Y OPCIONES EN ESTE ACUERDO | |
|---|---|
| **PRESENTAR UN RECLAMO** | Deberá presentar un reclamo para poder obtener beneficios. |
| **SOLICITAR QUE LO EXCLUYAN** | No obtendrá los beneficios del Acuerdo. Esta es la única opción que le permite accionar contra los Demandados con respecto a los reclamos que este Acuerdo resuelva. |
| **OBJETAR EL ACUERDO** | Escriba al Tribunal si no está conforme con el Acuerdo. |
| **ASISTIR A UNA AUDIENCIA** | Solicite hablar con el Tribunal acerca de la equidad del Acuerdo. |
| **NO HACER NADA** | No obtendrá ningún pago ni ningún reemplazo. Renunciará a sus derechos. |

- Estos derechos y opciones (**y las fechas límite para ejercerlos**) se encuentran explicados en esta notificación.

- El Tribunal a cargo de la causa aún debe decidir si aprobará el Acuerdo. Los beneficios solo serán otorgados si el Tribunal aprueba el Acuerdo y después de que se resuelvan todas las posibles apelaciones. La audiencia de aprobación final se encuentra fijada para el 22 de diciembre de 2016 (*Véase* la Pregunta 21).  Por favor, tenga paciencia.

| ¿QUÉ CONTIENE ESTA NOTIFICACIÓN? |
|---|

**INFORMACIÓN BÁSICA....** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **4**
1. ¿Por qué existe una notificación?
2. ¿De qué se trata?
3. ¿Qué números de modelos de BP se encuentran incluidos en este Acuerdo?
4. ¿Por qué es esta una demanda colectiva?
5. ¿Por qué existe un Acuerdo?

**¿QUIÉN ESTÁ INCLUIDO EN EL ACUERDO?** . . . . . . . . . . . . . . . . . . . . . . . . . . . **6**
6. ¿Cómo sé si soy parte del Acuerdo?
7. ¿Cómo puedo saber si tengo paneles solares BP?
8. ¿Qué sucede si no estoy seguro de estar incluido en el Acuerdo?

**BENEFICIOS DEL ACUERDO** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **7**
9. ¿Qué establece el Acuerdo?

**CÓMO OBTENER BENEFICIOS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **9**
10. ¿Cómo puedo obtener beneficios?
11. ¿Cuál es la fecha límite para la presentación de reclamos?
12. ¿Cuándo recibiré los beneficios?
13. ¿A qué estoy renunciando si decido seguir siendo parte del Acuerdo Colectivo?

**SOLICITAR SU EXCLUSIÓN DEL ACUERDO** . . . . . . . . . . . . . . . . . . . . . . . . . . **11**
14. ¿Cómo logro salir del Acuerdo?
15. Si no decido excluirme del Acuerdo, ¿puedo accionar contra los Demandados por el mismo motivo después?
16. Si decido excluirme, ¿aún puedo obtener beneficios?

**OBJETAR EL ACUERDO** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **12**
17. ¿Cómo le informo al Tribunal si no estoy conforme con el Acuerdo?
18. ¿Cuál es la diferencia entre objetar el acuerdo y solicitar mi exclusión de éste?

**LOS ABOGADOS QUE LO REPRESENTARÁN** . . . . . . . . . . . . . . . . . . . . . . . . . **13**
19. ¿Tengo un abogado en esta causa?
20. ¿Cómo se le pagará a los Abogados?

**AUDIENCIA DE EQUIDAD** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **14**
21. ¿Cuándo y dónde decidirá el Tribunal aprobar el Acuerdo?
22. ¿Debo asistir a la audiencia?
23. ¿Puedo hablar en la audiencia?

**CÓMO OBTENER MÁS INFORMACIÓN** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **15**
24. ¿Dónde puedo obtener información adicional?

# INFORMACIÓN BÁSICA

## 1. ¿Por qué existe una notificación?

Un Tribunal ha autorizado el envío de esta notificación porque usted tiene derecho a saber sobre un Acuerdo de Demanda Colectiva que involucra a los paneles solares BP y sobre sus opciones antes de que el Tribunal decida si va a darle la aprobación final al Acuerdo propuesto. Esta notificación explica la demanda, el Acuerdo propuesto, los beneficios disponibles y sus derechos.

Su Señoría Susan Illston del Tribunal de Distrito de los Estados Unidos en el Distrito Norte de California está a cargo de la causa. La causa está caratulada como *Michael Allagas, et al. v. BP Solar International, Inc., et al.*, Case No. 3:14-cv-00560-SI. Las personas que realizan la demanda son llamadas Demandantes y las empresas que ellas demandan son llamadas Demandados. Los Demandados en esta causa son: BP Solar International, Inc. y Home Depot U.S.A., Inc.

## 2. ¿De qué se trata?

La demanda sostiene que los paneles solares BP fabricados con cajas de conexión tipo S son defectuosos y propensos a fallas prematuras, no generan el nivel de energía esperado y generan un peligro potencial de incendio. Los Demandados niegan dichos reclamos. Las fotos que aparecen a continuación muestran ejemplos de paneles con fallas.






**En el sentido del reloj, desde arriba a la izquierda: marca de quemadura y vidrio astillado en el frente del panel, caja de conexión quemada en la parte de atrás del panel, daño de la caja de conexión en la parte de atrás del panel y marca de quemadura (sin vidrio astillado) en el frente del panel.**

## 3. ¿Qué números de modelos de BP se encuentran incluidos en este Acuerdo?

Los paneles solares incluidos en este Acuerdo son llamados "Paneles Colectivos". Los Paneles Colectivos incluyen todos los paneles solares de BP construidos entre 1999 y 2007 con una caja de conexión tipo S. Ello incluye los números de modelo mencionados a continuación:

### Categoría 1 ("FDK+ Paneles")

| | | | | |
|---|---|---|---|---|
| BP170I | BP175B | BP175I | BP3140S* | BP3160B* |
| BP170B | BP3160S | BP4170B | BP3150S | BP4175I |
| BP3165S | SX160B | SX170B | BP4175B | BP2150S |
| SX150B* | BPSX150S | BPSX3150S | SX4175S (conocido como BPS4175S) | SX140S |
| BP5170S | SX150S | SX160S | BPSX3160S | SX150L |

(Si el número de modelo tiene un asterisco, significa que algunos de esos paneles están en la Categoría 2). Si usted tiene alguno de esos números de modelo, el Administrador de los Reclamos podrá ayudarlo a determinar a qué Categoría pertenecen sus paneles).

### Categoría 2 ("No-FDK+ Paneles")

Todos los otros paneles solares BP fabricados entre 1999 y 2007 con una caja de conexión tipo S que no se incluyen en la Categoría 1, incluidos los siguientes números de modelo:

| | | | | |
|---|---|---|---|---|
| BP3140B | BP3115S | BP3123XR | BP3125Q | BP3125S |
| BP3160B | BP3140S | BP3150B | BP3150L | BP3155S |
| BP380S | BP3160L | BP3160QS | BP375S | BP380L |
| MSX110 | BP4150S | BP4160S | BP4170S | BP485L |
| SX120S | BP2140S | BP585DB | BP7190S | SX3190B |
| SX3195S | MSX110L | MSX120 | MSX120L | BPSX140S |
| SX3195B | SX140B | SX150B | SX3190S | SX110S |

Este Acuerdo **no** incluye a los paneles solares BP sin la caja de conexión tipo S, los cuales BP dejó de usar a más tardar en el año 2007. Estos paneles solares lucen muy similares a los Paneles Colectivos incluidos en este Acuerdo, pero son productos diferentes. Si no sabe si su producto

BP está incluido en este Acuerdo, contáctese con el Administrador de los Reclamos al 1-844-360-2767 para obtener ayuda.

## 4.  ¿Por qué es esta una demanda colectiva?

En una demanda colectiva una o más partes, llamadas "Representantes de la Demanda Colectiva", interponen una demanda en representación de ellos mismos y de otras personas con reclamos similares. Los Representantes de la Demanda Colectiva y aquellos con reclamos similares son denominados "Demanda Colectiva" o "Demandantes Colectivos". En este Acuerdo, los Representantes de la Demanda Colectiva son Michael Allagas, Brett Mohrman, Arthur Ray y Brian Dickson. El Tribunal resolverá los problemas de todos los miembros de la Demanda Colectiva, excepto en el caso de aquellos que soliciten su exclusión de la Demanda Colectiva.

## 5.  ¿Por qué existe un Acuerdo?

El Tribunal no ha decidido a favor de ninguna de las partes en la causa. En lugar de ello, ambas partes han decidido llegar a un acuerdo. Al aceptar el Acuerdo, las Partes evitan los costos y la incertidumbre de ir a juicio y las personas afectadas tendrán la oportunidad de que se haga un reemplazo o el desmonte de sus Paneles Colectivos, o de una inspección gratuita de su sistema y un nuevo inversor con un detector de fallas de arco. Los Representantes de la Demanda Colectiva y sus abogados consideran que esta Acuerdo es lo mejor para los Demandantes Colectivos. El Acuerdo no implica que el Tribunal haya determinado que los Demandados han hecho algo malo.

## ¿QUIÉN ESTÁ INCLUIDO EN EL ACUERDO?

Si recibió una notificación del Acuerdo por correo, es posible que sea un Demandante Colectivo. Pero, incluso si no recibió una notificación por correo, puede ser que sea un Demandante Colectivo según se describe a continuación.

## 6.  ¿Cómo sé si soy parte del Acuerdo?

Usted estará incluido en el Acuerdo y será considerado un Demandante Colectivo en el caso de que haya comprado Paneles Colectivos para su instalación por primera vez en una propiedad, o que haya adquirido una propiedad en la que los Paneles Colectivos hayan sido primeramente instalados, y si en cualquiera de los dos casos, actualmente posee algunos de esos Paneles o todos ellos.

"Propiedad" significa cualquier estructura, lo que incluye entre otras, casas, casas adosadas, condominios, departamentos, estructuras de viviendas de unidades múltiples, hoteles, moteles, hospitales, escuelas, iglesias u otros lugares de culto, estructuras comerciales o gubernamentales, casas dentro de una sociedad de propietarios u otras entidades similares, otros tipos de construcciones (por ejemplo casas de huéspedes, garajes, talleres, cobertizos, hangares), u otras estructuras de cualquier tipo, sean de naturaleza comercial o residencial (incluidas las estructuras residenciales permanentes o temporales), o cualquier mejora a un bien inmueble.

Los Demandantes Colectivos no incluyen a los Demandados ni a cualquier entidad en la que los Demandados posean una participación mayoritaria ni a sus representantes legales, herederos y sucesores. Asimismo, Los Demandantes Colectivos no incluyen al juez o a los jueces a los que se les asigne esta causa y sus familiares cercanos.

## 7.  ¿Cómo puedo saber si tengo paneles solares BP?

El número de modelo de los paneles solares BP se encuentra ubicado en la etiqueta pegada en la parte de atrás del panel solar. Esta información también puede encontrarse en su contrato de compra o en otros documentos. Podrá obtener información adicional para determinar si sus Paneles son paneles solares BP escribiendo a:

**BP Solar Panel Settlement**
**c/o JND Legal Administration**
**PO Box 6878**
**Broomfield, CO  80021**

O llame al número gratuito: **1-844-360-2767.**

## 8.  ¿Qué sucede si no estoy seguro de estar incluido en el Acuerdo?

Si no está seguro de ser parte del Acuerdo, puede llamar al 1-844-360-2767 con su consulta o visitar el sitio web www.BPSolarSettlement.com. También podrá escribirle con sus consultas a BP Solar Panel Settlement:

**BP Solar Panel Settlement**
**c/o JND Legal Administration**
**PO Box 6878**
**Broomfield, CO  80021**
**Website: www.BPSolarSettlement.com**

## BENEFICIOS DEL ACUERDO

## 9.  ¿Qué establece el Acuerdo?

**Fondo Común para la Categoría 1 (FDK+ Paneles)**

Se establecerá un Fondo Común del Acuerdo para pagar el desmonte, reemplazo y eliminación de los Paneles Colectivos que entran en la Categoría 1 (FDK+ Paneles) (*Véase* la Pregunta 3 anterior). Los Demandados ingresarán $45.33 millones al Fondo del Acuerdo. Los costos de administración del Acuerdo, los gastos de notificación y los honorarios de los abogados así como cualquier pago aprobado por el Tribunal a los Representantes de la Demanda Colectiva provendrá de dicho fondo (*Véase* la Pregunta 20).

- El Fondo Neto del Acuerdo se encontrará disponible para pagar el reemplazo de los Paneles Colectivos o compensar de otro modo a los Demandantes Colectivos. La mano de obra, los materiales y los paneles solares de reemplazo serán otorgados e instalados por contratistas matriculados aprobados por el Administrador de los Reclamos.

- En el caso de que haya gastos adicionales, tales como permisos de construcción y/o de nuevos inversores, requeridos por la ley para reemplazar su sistema (conforme a su código local de construcción), se le podrá exigir que pague todos esos costos o parte de ellos. Luego de tres años dentro del programa, se realizará una evaluación anual para determinar si hay fondos suficientes para reembolsar parte de los gastos pagados en efectivo o la totalidad de éstos. El reembolso no está garantizado.

- Los paneles solares de reemplazo vendrán con una garantía de fabricación industrial estándar emitida por el fabricante de los paneles solares de reemplazo.

- El servicio de mano de obra se desarrollará con una garantía industrial estándar de parte del contratista contratado para llevar a cabo los trabajos de reemplazo, lo que incluye a cualquier contratista contratado por el Administrador de los Reclamos.

- Podrá optar por usar su propio contratista para el reemplazo (en lugar de un contratista contratado por el Administrador de los Reclamos) para reemplazar los Paneles Colectivos, pero todo el desmonte y la eliminación de los Paneles Colectivos será manejado por el Administrador de los Reclamos. Una vez que los Paneles Colectivos hayan sido desmontados, recibirá un pago de hasta una tasa de $2,35 por watt quitado, menos los gastos de desmonte y eliminación.

**Programa de Reclamos Realizados para la Categoría 2 (No FDK+ Paneles)**

Se establecerá un Fondo del Acuerdo separado para los Demandantes Colectivos con Paneles Colectivos que entran en la Categoría 2 (No FDK+ Paneles) (*Véase* la Pregunta 3 anterior). Estos números de modelo tienen un índice de fallas inferior al de los Paneles de la Categoría 1 (FDK+ Paneles). Los Demandados deberán ingresar una suma de hasta $20 millones en el Fondo del Acuerdo para Reclamos Realizados correspondiente a los reclamos de la Categoría 2 (No FDK+ Paneles), incluyendo los gastos de inspección y de administración y los pagos a los Miembros de la Demanda Colectiva que entran en la Categoría 2.

- Los Demandantes dentro de la Categoría 2 tendrán derecho a una inspección visual gratuita de su sistema de paneles solares BP para identificar si hay paneles con fallas. Si la tasa de fallas del sistema del Demandante excede el 20% (lo que incluye a cualquier otra falla registrada en el pasado), el Demandante tendrá derecho a un reemplazo total de sus Paneles Colectivos.

- Si la inspección no determina que debe haber un reemplazo total, el Demandante recibirá un nuevo inversor con detector de fallas de arco que se instalará sin costo alguno. Una falla de arco es una gran falla de energía que puede ocurrir si estos paneles fallan. La tecnología de detección de fallas de arco se encuentra diseñada para apagar de forma preventiva un sistema que está experimentando una falla de arco, para así impedir que

ocasione un daño. El Fondo del Acuerdo no se responsabilizará por la garantía, desempeño, mantenimiento o funcionamiento continuo del nuevo inversor (lo que incluye, entre otras, la obligación de examinar o revisar los cierres o fallas del sistema.

- Si un Demandante de la Categoría 2 posee paneles fallados adicionales después de la inspección inicial, podrá realizar reclamos subsecuentes al Acuerdo hasta que el programa termine. Si el reclamo subsecuente demuestra que el índice de fallas ha excedido el 20%, el Demandante tendrá derecho al reemplazo de todos los Paneles Colectivos restantes. Sin embargo, el Demandante Colectivo deberá reembolsar al Acuerdo el costo del nuevo inversor y su instalación antes del reemplazo de los Paneles Colectivos restantes o, si el Demandante Colectivo decide recibir una compensación monetaria, se descontará de dicha compensación el gasto del nuevo inversor y su instalación. En casos extremos, si el Administrador del Reclamo determina que el Demandante ha realizado un reclamo subsecuente sin una base razonable para creer que han ocurrido fallas adicionales en los paneles, el Administrador del Reclamo se reserva el derecho de exigir el reembolso del costo de responder a dicho reclamo.

- El Programa de Reclamos Realizados terminará después de tres años de funcionamiento, o después de que el fondo de $20 millones se haya acabado, lo que suceda primero. Después de ello, los Demandantes Colectivos de la Categoría 2 conservarán sus derechos preexistentes conforme a su certificado de garantía de BP excepto en lo que respecta a los reclamos presentados al Acuerdo, y podrán reclamar cualquier otro panel fallado conforme al programa de garantía estándar de BP.

**Grandes clientes no residenciales**

Un Demandante que posea un sistema de paneles solares no residencial con 400 paneles solares o más que incluya a los Paneles Colectivos ("Demandante Colectivo GNR") será invitado a realizar negociaciones comerciales con BP, las cuales serán mediadas por el Administrador del Acuerdo u otro tercero que se acuerde. Si fallan las negociaciones, el Demandante Colectivo GNR podrá optar por salir del Acuerdo, incluso si el período para optar salir del Acuerdo se ha terminado, y el Demandante conservará todos sus derechos conforme al certificado de garantía de BP.

El programa permanecerá abierto hasta al menos durante el año 2017. Encontrará más información disponible, incluido el periodo de reclamo exacto, en un documento denominado Acuerdo de Conciliación, el cual se encuentra disponible en www.BPSolarSettlement.com o mediante su consulta al Administrador de los Reclamos.

## CÓMO OBTENER BENEFICIOS

## 10.  ¿Cómo puedo obtener beneficios?

Todos los Demandantes Colectivos deberán presentar un Formulario de Reclamo para recibir beneficios. Si no recibió un Formulario de Reclamo por correo, encontrará Formularios de Reclamo disponibles en www.BPSolarSettlement.com o llamando al 1-844-360-2767. Por favor, presente su Formulario de Reclamo lo antes posible. La prioridad en la planificación estará

basada en el orden en el que los Formularios de Reclamo son recibidos. Por favor, lea las instrucciones cuidadosamente, complete el Formulario de Reclamo y envíelo por correo. Envíe el Formulario de Reclamo a:

>**BP Solar Panel Settlement**
>**c/o JND Legal Administration**
>**PO Box 6878**
>**Broomfield, CO  80021**
>**Fax: 1-888-533-1637**
>**Email: info@BPSolarSettlement.com**
>**Website: www.BPSolarSettlement.com**

## 11.  ¿Cuál es la fecha límite para la presentación de reclamos?

El Administrador de los Reclamos solo podrá comenzar a procesar los reclamos después de que el Tribunal otorgue la aprobación final del Acuerdo y después de que todas las apelaciones hayan sido resueltas (Véase "Audiencia de Equidad" a continuación). Si existen apelaciones, resolverlas puede llevar tiempo. Por favor, tenga paciencia. Una vez que el Acuerdo sea aprobado, el sitio web del Acuerdo será actualizado con las fechas ciertas para estas fechas límites. Asegúrese de revisar el sitio web para obtener actualizaciones periódicamente después de la Audiencia de Equidad del 22 de diciembre de 2016.

Una vez que comience el programa del Acuerdo:

- Los reclamos de la Categoría 1 serán pagados hasta que el Fondo Común se haya gastado. En consecuencia, mientras que no haya una fecha límite firme para los reclamos, si usted posee Paneles de la Categoría 1, es mejor que presente su reclamo rápidamente después de que el programa comience.

- El programa para la Categoría 2 tendrá una duración de 3 años desde su comienzo o hasta que el fondo de $20 millones sea gastado. En consecuencia, mientras que no haya una fecha límite firme para los reclamos, si usted posee Paneles de la Categoría 2, es mejor que presente su reclamo rápidamente después de que el programa comience.

## 12.  ¿Cuándo recibiré los beneficios?

El programa del Acuerdo comenzará después de que el Tribunal otorgue la aprobación final del Acuerdo y después de que todas las apelaciones hayan sido resueltas (Véase "Audiencia de Equidad" a continuación). Si existen apelaciones, resolverlas puede llevar tiempo. Por favor, tenga paciencia.

### 13. ¿A qué estoy renunciando si decido seguir siendo parte del Acuerdo Colectivo?

A menos que decida salir o solicitar su exclusión, usted acepta el Acuerdo. Esto le permitirá obtener los beneficios del Acuerdo descripto anteriormente, pero exige que renuncie a su derecho de demandar de forma individual a alguien, lo que incluye, entre otros, a los Demandados, por cualquier reclamo que sea resuelto por este Acuerdo, específicamente, todo reclamo relacionado con presuntas fallas o defectos en la caja de conexión de los Paneles Colectivos, lo que incluye todo daño presunto a una propiedad causado por los Paneles Colectivos. Esto incluye a todos los reclamos relacionados con el diseño, la fabricación, los materiales usados, las evaluaciones realizadas, las advertencias efectuadas, el marketing, la publicidad, la venta, la instalación, las instrucciones, el funcionamiento o cualquier falla en el funcionamiento (incluida la producción de energía o la falta de ahorro o producción de energía), incluyendo todo defecto o reclamos a la garantía, según se lo describe más detalladamente en el Artículo XII del Acuerdo de Conciliación. Sin embargo, los reclamos por lesiones personales son eximidos solo si ocurrieron u ocurren después de que recibió el reemplazo total de sus Paneles Colectivos, o de la instalación de un nuevo inversor con protección contra fallas de arco. Los Demandantes Colectivos de la Categoría 1 renuncian a todos sus derechos de iniciar acciones legales con respecto a cualquiera de estos reclamos en el futuro. Después de que el Programa de Reclamos Realizados termine, los Demandantes Colectivos de la Categoría 2 conservarán sus derechos preexistentes conforme a su certificado de garantía de BP excepto en lo que respecta a los reclamos presentados al Acuerdo, pero renunciarán al derecho de exigir el pronunciamiento de una sentencia colectiva sobre cualquiera de estos reclamos.

El Artículo XII del Acuerdo de Conciliación describe con más detalle los reclamos eximidos, por lo que deberá leerlo cuidadosamente. El Acuerdo de Conciliación se encuentra disponible en línea en www.BPSolarSettlement.com. Si tiene alguna pregunta, puede hablar con los estudios de abogados enumerados en la Pregunta 19 de forma gratuita o, si lo desea, puede hablar con su propio abogado a su costo si tiene preguntas acerca de lo que esto implica.

## SOLICITAR SU EXCLUSIÓN DEL ACUERDO

Si no desea recibir los beneficios de este Acuerdo y quiere conservar su derecho de iniciar acciones contra los Demandados o cualquier otra persona acerca de los asuntos a los que esta causa se refiere, deberá tomar las medidas correspondientes para salir de este Acuerdo. Esto se denomina solicitar su exclusión o "salirse" del Acuerdo Colectivo.

### 14. ¿Cómo logro salir del Acuerdo?

Para solicitar su exclusión o "salirse" del Acuerdo, deberá enviar una carta por correo u otro documento por escrito al Administrador de los Reclamos. Su solicitud deberá incluir:

- Su nombre completo, domicilio actual, número de teléfono y la ubicación de la propiedad en la que sus Paneles Colectivos se encuentran instalados (si difiere de su domicilio actual);

- Una declaración de que usted "quiere ser excluido del acuerdo propuesto en *Allagas v. BP Solar International, Inc.* y que no desea recibir ninguno de los beneficios del Acuerdo".
- Su firma, y
- el nombre y la firma de su abogado (en caso de que sea representado por uno).

Además, por favor envíe la siguiente información, si la conoce, junto con su solicitud para salirse del acuerdo:

- Los números de modelo y/o los números de serie de sus Paneles Colectivos;
- La fecha de compra o de instalación de sus Paneles Colectivos; y
- La cantidad de Paneles Colectivos que posee.

Deberá enviar por correo su solicitud de exclusión **matasellada a más tardar el 28 de noviembre de 2016** a:

> **BP Solar Panel Settlement**
> **c/o JND Legal Administration**
> **PO Box 6878**
> **Broomfield, CO  80021**

## 15.  Si no decido excluirme del Acuerdo, ¿puedo accionar contra los Demandados por el mismo motivo después?

No. Al menos que solicite su exclusión, renuncia al derecho de demandar a alguien, lo que incluye, entre otros, a los Demandados, por los reclamos que este Acuerdo resolverá. Véase la Pregunta 13 para consultar una descripción de los reclamos a los que se debe renunciar al decidir quedarse en el Acuerdo.

## 16.  Si decido excluirme, ¿aún puedo obtener beneficios?

No. No obtendrá beneficios si decide solicitar su exclusión del Acuerdo.

## OBJETAR EL ACUERDO

## 17.  ¿Cómo le informo al Tribunal si no estoy conforme con el Acuerdo?

Si usted es un Demandante Colectivo y no decide salirse del Acuerdo, podrá hacer objeciones a éste si no está conforme con alguna parte de él. El Tribunal tendrá su opinión en cuenta. Para realizar una objeción, deberá presentar una carta que incluya lo siguiente:

- Su nombre completo, domicilio actual, número de teléfono y la ubicación de la propiedad en la que sus Paneles Colectivos se encuentran instalados (si difiere de su domicilio actual);

- Una declaración bajo delito de perjurio de que es el propietario actual de los Paneles Colectivos;
- La fecha o fechas de compra e instalación de los Paneles Colectivos;
- Los números de modelo y/o los números de serie de sus Paneles Colectivos;
- Las razones por las que realiza una objeción al Acuerdo, junto con documentación respaldatoria;
- Si tiene la intención de presentarse en la Audiencia de Equidad (*Véase* la Pregunta 21);
- Su firma, y
- el nombre y la firma de su abogado (en caso de que sea representado por uno).

Deberá enviar por correo su objeción, **matasellada a más tardar el 28 de noviembre de 2016**, a los siguientes domicilios:

| | |
|---|---|
| United States District Court<br>Northern District of California<br>450 Golden Gate Avenue, Box 36060<br>San Francisco, CA 94102-3489<br>A la atención de: BP Solar Settlement (Judge Illston) | BP Solar Panel Settlement<br>c/o JND Legal Administration<br>PO Box 6878<br>Broomfield, CO  80021 |
| Lieff Cabraser Heimann & Bernstein, LLP<br>A la atención de: BP Solar Panel Settlement<br>275 Battery St, 29th Fl<br>San Francisco, CA 94111 | Arnold & Porter LLP<br>Matthew T. Heartney<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA  90017 |

## 18. ¿Cuál es la diferencia entre objetar el Acuerdo y solicitar mi exclusión de éste?

Objetar el Acuerdo es simplemente informarle al Tribunal que no está conforme con algo de éste. Solo podrá realizar una objeción si no se excluye del Acuerdo Colectivo. Solicitar su exclusión es decirle al Tribunal que no quiere ser Demandante Colectivo ni parte del Acuerdo. Si decide solicitar su exclusión, no tendrá base para objetar el Acuerdo porque la causa ya no lo afectará.

## LOS ABOGADOS QUE LO REPRESENTARÁN

## 19. ¿Tengo un abogado en esta causa?

Sí, el Tribunal ha designado los siguientes abogados para representar a todos los Demandantes Colectivos y actuar como "Abogados de la Demanda Colectiva":

| Birka-White Law Offices | Lieff Cabraser Heimann & Bernstein, LLP |
|---|---|
| 65 Oak Court | 275 Battery St, 29th Fl |
| Danville, CA 94526 | San Francisco, CA 94111 |
| Teléfono: (925) 362-9999 | Teléfono: (415) 956-1000 |
| Facsímil: (925) 362-9970 | Facsímil: (415) 956-1008 |

No se le cobrará por contactar a estos abogados. Si desea que su propio abogado lo represente, podrá contratar a uno a su exclusivo cargo.

## 20. ¿Cómo se le pagará a los Abogados?

Los Abogados de la Demanda Colectiva le solicitarán al Tribunal un monto de honorarios de hasta $11 millones, más el reembolso de los correspondientes costos y gastos por hasta $600.000, lo que arroja un total de $11.6 millones. De esa suma, $9.6 millones serán abonados con el Fondo Común y $2 millones serán abonados con el Fondo del Acuerdo para Reclamos Realizados. (Los $2 millones abonados con el Fondo del Acuerdo para Reclamos Realizados son aparte del monto máximo de $20 millones que los Demandados contribuirán para pagar los Beneficios del Acuerdo para los reclamos de la Categoría 2).

El Tribunal decidirá el monto que será otorgado en concepto de gastos y honorarios de los abogados. Además, los Abogados de la Demanda Colectiva solicitarán un incentivo por servicios a ser abonado a cada uno de los Representantes de la Demanda Colectiva, por sus servicios a la Demanda Colectiva de la siguiente forma: $7.500 (para cada uno) a Michael Allagas, Arthur Ray y Brett Mohrman del Fondo Común del Acuerdo, y $3.500 a Brian Dickson del Fondo del Acuerdo para Reclamos Realizados.

### AUDIENCIA DE EQUIDAD

El Tribunal celebrará una audiencia para decidir si aprobará el Acuerdo y cualquier solicitud de honorarios y gastos. Puede asistir a la audiencia y pedir permiso para hablar, pero no es necesario hacerlo.

## 21. ¿Cuándo y dónde decidirá el Tribunal aprobar el Acuerdo?

El Tribunal celebrará la Audiencia de Equidad el jueves, 22 de diciembre de 2016 a las 03:00 p.m. en 450 Golden Gate Avenue, Sala 1, 17° piso, San Francisco, CA 94102. La audiencia puede ser movida por el Tribunal a una fecha u horario diferente sin enviarle otra notificación por correo, por lo que es una buena idea revisar el sitio web www.BPSolarSettlement.com o llamar al 1-844-360-2767 para obtener novedades sobre la audiencia. En dicha audiencia, el Tribunal considerará si el acuerdo es justo, razonable y adecuado. Si existen objeciones, el Tribunal las considerará y escuchará a las personas que han solicitado permiso para hablar durante la audiencia. El Tribunal también podrá decidir cuánto se le abonará a los Abogados de la Demanda Colectiva. La petición de honorarios y gastos de los abogados y de los incentivos por servicio para los Representantes de la Demanda Colectiva serán publicados en www.BPSolarSettlement.com. Luego de la audiencia, el Tribunal decidirá si aprobará el Acuerdo. No sabemos cuánto demorará esta decisión.

## 22.  ¿Debo asistir a la audiencia?

No. El Abogado de la Demanda Colectiva responderá todas las preguntas que el Tribunal pueda tener, pero será bienvenido si desea asistir a su propio costo. Si envía una objeción, no necesita venir al Tribunal para hablar sobre ella. También podrá contratar a un abogado propio para que asista a la audiencia, pero ello no es necesario.

## 23.  ¿Puedo hablar en la audiencia?

Puede solicitarle al Tribunal permiso para hablar en la Audiencia de Equidad. Si ha realizado una objeción al Acuerdo y tiene la intención de solicitar permiso para hablar en la audiencia, debe incluir dicha solicitud en su objeción por escrito (*Véase* la Pregunta 17).

### CÓMO OBTENER MÁS INFORMACIÓN

## 24.  ¿Dónde puedo obtener información adicional?

Esta notificación sintetiza el Acuerdo propuesto. Existe más información disponible en el Acuerdo de Conciliación. Podrá obtener una copia del Acuerdo de Conciliación o del Formulario de Reclamo en:

### www.BPSolarSettlement.com

También podrá escribirle con sus consultas a:

> **BP Solar Panel Settlement**
> **c/o JND Legal Administration**
> **PO Box 6878**
> **Broomfield, CO  80021**

O llame al número gratuito: **1-844-360-2767.**

# EXHIBIT B

**Subject:** BP Solar Panel Settlement – Important Court-Ordered Notice

Dear [Recipient (as identified in data provided by parties for List of Potential Class Members)],

You have been identified as a potential Class Member in the BP Solar Panel Settlement.  You may be entitled to replacement solar panels and/or a new inverter under the terms of the settlement.   Please review the Long Form Notice carefully.  Your legal rights are affected even if you do nothing.  Additional information and a Claim Form is available at **www.BPSolarSettlement.com.**

You also may write with questions to:

**BP Solar Panel Settlement**
**c/o JND Legal Administration**
**PO Box 6878**
**Broomfield, CO 80021**
**Toll-Free:  1-844-360-2767**

*Para una notificación en Español, llamar 1-844-360-2767 o visitar www.bpsolarsettlement.com.*

The United States District Court, Northern District of California has ordered this email notice to be sent. If you wish to UNSUBSCRIBE from future email messages from the Independent Claims Administrator with regard to this settlement, please click on this link: Click here to unsubscribe.

# EXHIBIT C

# Smith
## 82 Maple Ln
## Blairstown, NJ 07825

September 14, 2016

BP Solar Panel Settlement
c/o JND Legal Administration
PO Box 6878
Broomfield, CO 80021-6878

Claims Administrator;

I wish to be excluded from the Settlement of *Allagas v. BP Solar International, Inc.* and receive none of the benefits of the settlement.. My information is as follows;

Art Smith
82 Maple Ln
Blairstown, NJ 07825
908-362-6664

Our original panels were SX160B's or SX170B's (I don't remember) and BP has already recalled and replaced all of them at their cost. We had 42 panels. Our original panels were installed in 2006 or 2007. I see <u>no reason for this to have gone to a class action.</u>

Very truly yours.

Art Smith

cc;

United States District Court
Northern District of California
450 Golden Gate Ave, Box 36060
San Francisco, CA 94102-3489
Attn: BP Solar Settlement (Judge Illston)

BPS900001

# Smith
## 82 Maple Ln
## Blairstown, NJ 07825

September 14, 2016

BP Solar Panel Settlement
c/o JND Legal Administration
PO Box 6878
Broomfield, CO 80021-6878

Claims Administrator;

I wish to be excluded from the Settlement of *Allagas v. BP Solar International, Inc.* and receive none of the
benefits of the settlement.. My information is as follows;

Lorrie Smith
82 Maple Ln
Blairstown, NJ 07825
908-362-6664

Our original panels were SX160B's or SX170B's (I don't remember) and BP has already recalled and replaced
all of them at their cost. We had 42 panels. Our original panels were installed in 2006 or 2007. I see no reason
for this to have gone to a class action.

Very truly yours,

Lorrie Smith

cc;

United States District Court
Northern District of California
450 Golden Gate Ave, Box 36060
San Francisco, CA 94102-3489
Attn: BP Solar Settlement (Judge Illston)

*BPS900003*

9/24/2016

RE: BP SOLAR PANEL SETTLEMENT

TO: CLAIMS ADMINISTRATOR

FROM: NICHOLAS JON MEYER

I WISH TO BE EXCLUDED FROM THE PROPOSED CLASS IN ALLAGAS V. BP SOLAR INTERNATIONAL, INC., AND RECEIVE NONE OF THE BENEFITS OF THE SETTLEMENT.

IN 2013, I REACHED A PRIVATE SETTLEMENT WITH BP SOLAR, WHEREIN MY BP PANELS WERE RETURNED TO BP AND NEW PANELS INSTALLED. I REMAIN SATISFIED WITH THIS SETTLEMENT AND DO NOT BELIEVE I AM ENTITLED TO ANY FURTHER BENEFIT.

SINCERELY,

Nichols J. Meyer

922 BUCKSKIN ROAD

ANGELS CAMP, CA 95222

(209) 785-9066

BPS900003

September 27, 2016

United States District Court
Northern District of California
450 Golden Gate Avenue, Box 36060
San Francisco CA 94102-3489
Attn: BP Solar Settlement (Judge Illston)

RECEIVED OCT 0 4 2016

Dear Hon. Judge Illston,

In October 2005, I bought 40 defective BP solar panels that were supposed to be
warranted for 25 years, for the grand sum of $33,466.40 AFTER THE REBATE. I really
fell for the hype of trying to help the environment, and I also had to save money (I'm
retired and my income is fixed.)  Shortly after the installation, some of the panels went on
fire.  The installer changed them, under the terms of the warranty.  A couple of years after
that, slowly but surely, my solar system failed again.

As I was unable to reach my installer (phone disconnected, no forwarding number),
Home Depot (said they wouldn't help me), and BP Solar Warranty (offered me $200 for
one panel they claimed was the problem and told me I'd give up my rights to pursue the
matter any further if I accepted their offer), I called a local REPUTABLE company,
Renova Solar.   Renova Solar inspected my system and said it had failed and that it
wasn't worth fixing.  So, I leased a new system from Renova Solar, and gave my old BP
solar system, with full disclosure that it was defective, to "Habitat for Humanity."

So Judge, I ask you.......

Should I be excluded from the BP settlement because I wanted to continue to help our
environment and I couldn't afford to pay Southern California Edison their outrageous
charges for 10 or more years while waiting for the wheels of "justice" to turn?

Respectfully,

Richard E. Fearns
589 N. Monterey Road
Palm Springs, CA  92262

cc: JND Legal Administration
    Lieff Cabraseer Heimann & Bernstein, LLP
    Arnold & Porter, LLP

Richard E. Fearns
589 N. Monterey Rd.
Palm Springs, CA USA 92262

SN BERNARDINO CA 923

28 SEP 2016 PM 5 L

BP Solar Panel Settlement
c/o JND Legal Administration
PO Box 6878
Broomfield, CO USA 80021-0015



OCT 04 2016
11:14A

80021-001578