1  Robert J. Nelson (Cal. Bar No. 132797)
   rnelson@lchb.com
2  Nimish R. Desai (Cal Bar No. 244953)
   ndesai@lchb.com
3  LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA 94111-3339
   Telephone:  (415) 956-1000
5  Facsimile:  (415) 956-1008

6  David M. Birka-White (Cal. Bar No. 85721)
   dbw@birka-white.com
7  Mindy M. Wong (Cal. Bar No. 267820)
   mwong@birka-white.com
8  BIRKA-WHITE LAW OFFICES
   65 Oak Court
9  Danville, CA 94526
   Telephone: (925) 362-9999
10 Facsimile: (925) 362-9970

11 *Attorneys for Plaintiffs and the Class*

12                 UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16 MICHAEL ALLAGAS, ARTHUR RAY           Case No.  3:14-cv-00560-SI (EDL)
   and BRETT MOHRMAN, on behalf of
   themselves and all others similarly situated,   [~~PROPOSED~~] ORDER GRANTING
17                                        MOTION FOR ATTORNEYS' FEES AND
                   Plaintiffs,            COSTS AND CLASS REPRESENTATIVE
18                                        SERVICE AWARDS
   v.
19                                        Judge:  Hon. Susan Illston
   BP SOLAR INTERNATIONAL, INC.,         Date:   December 22, 2016
20 HOME DEPOT U.S.A., INC. and           Time:   10:00 AM
   DOES 1-10, inclusive,                 Crtm:   1
21
                   Defendants.
22

23

24         Plaintiffs' Motion for Attorneys' Fees and Costs and Incentive Awards ("Fee Motion")

25 came before the Court for hearing on December 22, 2016.  The Court has read and considered the

26 Fee Motion, all supporting declarations and all related materials.  For the reasons stated herein,

27 the motion is granted.

28

A.   **The requested fee is reasonable and supported under the percentage-of-fund and lodestar methods.**

"'While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount.'" *Jordan v. Paul Fin., LLC*, No. C 07-04496 SI, 2013 WL 6086037, at *2 (N.D. Cal. Nov. 19, 2013) (quoting *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)).

The Ninth Circuit has approved two different methods to calculate reasonable attorneys' fees: the percentage-of-recovery or the lodestar method. *Id.* "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth*, 654 F. 3d at 942. The Ninth Circuit has repeatedly noted that 25% of the common fund is the "benchmark" for a reasonable fee award. *See id; see also Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir.1990). Under the lodestar method, by contrast, the "figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Id.* Though not mandatory, the Ninth Circuit has "encouraged courts to guard against an unreasonable result by cross-checking their calculations against a second method." *Id.* at 944; *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050–51 (9th Cir. 2002).

The Settlement establishes a $45.33 million common fund to be used for Class Members with higher failure rate, FDK+ panels, and makes available another $20 million for lower failure rate, Non-FDK+ panels. The Settlement also provides that Defendants will not oppose Class Counsel's fee request of up to $11 million, plus $600,000 in costs and expenses.[1]

Though it has both common fund and claims made elements, the Settlement is predominantly a common fund settlement warranting a percentage of recovery award. Under that

---

[1] The Settlement Agreement provides that $9 million of the fee award will be paid from the Common Fund, and that Defendants will separately pay the additional $2 million.

[PROPOSED] ORDER GRANTING MOTION FOR FEES, COSTS, AND SERVICE AWARDS
CASE NO. 3:14-CV-00560-SI (EDL)

1   analysis, the Court finds the requested fee award to be reasonable and supported.  The Settlement

2   has created a minimum fund value of $47.33 million ($45.33 million common fund plus $2

3   million separate fee payment), making the $11 million fee approximately 23.2% of the minimum

4   fund value.  When accounting for the $20 million in additional relief made available to Class

5   Members with lower failure rate models (which only reverts to Defendants if it is not exhausted

6   within the lengthy three-year claims period punctuated by a second notice program half-way

7   through), the overall percentage sought by Class Counsel is 16.3% (= $11M/$67.33M).

8          Both of these percentages are below the Ninth Circuit's 25% benchmark, and the Court

9   finds that either percentage is warranted based on the relevant factors, which include (1) the

10  results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the

11  contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards

12  made in similar cases.  *Vizcaino*, 290 F.3d at 1048-50.

13         First, Class Counsel has secured certain and substantial benefits for the Class, as detailed

14  in the Court's final approval order, and it is notable that no Class Member objected to the

15  Settlement or the requested fees, costs, and service awards.  Class Members who own models

16  with relatively higher failure rates, referred to as FDK+ or Category 1 Class Panels, will receive

17  full replacement of all of their Class Panels whether or not they show signs of failure, or they can

18  opt for a cash payment.  Class Members with Non-FDK+ or Category 2 panels receive a series of

19  benefits: a free inspection to identify failed panels; free replacement of any failed panels, or full

20  replacement if the documented failure rate exceeds 20% at any time during the claims period; and

21  for any system that does not receive full replacement, installation of a new inverter with advanced

22  safety technology.  Finally, Large Non-Residential (LNR) Class Members, *i.e.*, those with 400 or

23  more panels in a non-residential setting, are invited to participate in mediated commercial

24  negotiations with BP Solar, a valuable procedural mechanism that short circuits expensive

25  litigation.

26         Second, Class Counsel achieved this result in the face of significant litigation hurdles and

27  risks, including developing a uniform defect theory applicable to hundreds of thousands of Class

28  Panels, overcoming BP's arguments regarding non-uniform marketing of its products, obtaining

and maintaining class certification through trial and appeal, proving liability at trial, and developing a damages model for panels in service for a decade or more.  Third, Class Counsel are highly experienced in prosecuting and settling complex class actions, including product defect cases.  *See* Nelson Decl., ¶¶ 3-9, 16-17; Birka-White Decl., ¶¶ 3-7 and Ex. A.  Fourth, their representation was contingent in nature, meaning they took on substantial risk of nonpayment over the course of many years.  In light of these factors, the Court finds that the requested payment of 16.3% of the total settlement value, or 23.2% of the absolute minimum settlement value, to be reasonable and supported.

The Court has also conducted a lodestar cross-check to ensure the reasonableness of the requested fee.  Class Counsel have spent approximately 12,570 hours investigating, analyzing, researching, litigating, and negotiating a resolution of this action.  Birka-White Decl., ¶ 49; Nelson Decl., ¶ 17.  Class Counsel's hourly rates, used to calculate the lodestar here, are in line with prevailing rates in this District, and have recently been approved by federal and state courts. Birka-White Decl., ¶ 35; Nelson Decl., ¶ 16; *see United Desert Charities, Inc., et al. v. Sloan Valve Company, et al.*, 2:12-cv-06878 SJO (SHx) (C.D. Cal. August 25, 2014) (approving Birka-White Law Offices rates); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding reasonable rates for Bay Area attorneys, including those from Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), of between $475-$975 for partners, $300-$490 for associates, and $150-$430 for litigation support and paralegals); *In re A-Power Energy Generation Systems, Ltd. Securities Litig*., No. MDL 11-2302-GE (CWx), Dkt. No. 123 (C.D. Cal. Aug. 29, 2013) (granting LCHB's requested attorneys' fees); *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litig*., No. 10-ml-02151 NS (FMOx), Dkt. No. 3933 (C.D. Cal. June 24, 2013) (awarding LCHB's requested fees and finding that "[c]lass counsel's experience, reputation, and skill, as well as the complexity of the case" justified their rates that ranged from $150 to $950); *White v. Experian Information Solutions, Inc*., No. CV 05-1070 DOC (MLGx), Dkt. No. 775 (C.D. Cal. June 15, 2011) (approving LCHB's billing rates as justified "in light of the attorney's reputation and experience" and the prevailing rates in the district); *Berger v. Property ID. Corp*., No. CV 05-5373-GHK

1   (CWx), Dkt. No. 899 (C.D. Cal. Jan. 28, 2009) (awarding LCHB's requested fees).

2          The resulting total lodestar is $7,220,010.00.  The requested $11 million fee constitutes a

3   multiplier of 1.52, which is well within the limits established by precedent.  *See In re LinkedIn*

4   *User Privacy Litigation*, 309 F.R.D. 573, 591 (N.D. Cal. 2015) ("most multipliers range between

5   1.0 and 4.0" (citing *Vizcaino*)); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-

6   LHK, 2015 WL 5158730, at *10-11 (N.D. Cal. Sept. 2, 2015) (awarding a $40.043 million fee

7   with a 2.2 (net 2.5) multiplier, and praising the work of class counsel, including LCHB); *Moore v.*

8   *Verizon Commc'ns Inc.*, No. C 09-1823 SBA, 2014 WL 588035, at *9 (N.D. Cal. Feb. 14, 2014)

9   (awarding a $7.5 million fee with a 1.58 multiplier, and noting that class counsel, including

10   LCHB, deserved a multiplier of at least 1.5 "given the results achieved, Class Counsel's efforts

11   on behalf of the class, and the substantial risk that Plaintiffs would not succeed at the class

12   certification or merits stage of the litigation").  Further, the current 1.52 multiplier will inevitably

13   decrease over time given the additional work Class Counsel will expend in monitoring and

14   helping to implement the Settlement terms.  Under a lodestar analysis, this multiplier is warranted

15   here for all the reasons described above:  the quality of the result, and the sustained effort by

16   Class Counsel in achieving that result in the face of significant risks and difficulties, including the

17   real risk of nonpayment in this contingency matter.  *See Hanlon v. Chrysler Corp.*, 150 F.3d

18   1011, 1029 (9th Cir. 1998) (lodestar figure may be adjusted upward to account for several factors

19   including the quality of the representation, the benefit obtained for the class, the complexity and

20   novelty of the issues presented, and the risk of nonpayment).  Because the lodestar multiplier is

21   warranted and well within the appropriate range in this Circuit, the lodestar cross-check verifies

22   the reasonableness of the requested fee award.

23          **B.      The requested costs and expenses reimbursement is reasonable.**

24          Class Counsel are entitled to recover the out-of-pocket costs reasonably incurred in

25   investigating, prosecuting, and settling this action. *Deatrick v. Securitas Security Services USA,*

26   *Inc.*, No. 13-CV-05016-JST, 2016 WL 5394016, at *7 (N.D. Cal., Sept. 27, 2016).  During the

27   course of their representation, Class Counsel have incurred reasonable costs and expenses of

28   approximately $650,000 in connection with investigating claims, retention of experts, performing

extensive legal research, electronic discovery, filing fees, photocopies, faxes, mail, and telephone calls.  Birka-White Decl., ¶ 38; Nelson Decl., ¶ 18.  Based on a review of Class Counsel's summary expense reports, the attorney declarations, and the Court's familiarity with the extent of litigation and discovery in this matter, the Court is satisfied that the requested costs and expenses reimbursement of $600,000 is reasonable.

### C.   The requested class representative service awards are reasonable and appropriate.

"[N]amed plaintiffs, as opposed to designated Class members who are not named plaintiffs, are eligible for reasonable incentive payments."  *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003); *Rodriguez v. West Pub'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (noting that such service awards "are fairly typical in class action cases.").  They are "intended to compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the action." *Id.*

Here, the Class representatives have each devoted a substantial amount of time, effort, and expense in assisting Class Counsel's efforts to prosecute this case.  Birka-White Decl., ¶¶ 52-58.  Plaintiffs Allagas, Ray and Mohrman each dedicated hundreds of hours over two and a half years working on the case, including responding to numerous requests, sitting for depositions, reviewing briefs and pleadings, attending site inspections, opening up their homes to invasive inspections of their solar systems, discussing settlement options, and reviewing settlement documents.[2]  Birka-White Decl., ¶ 56.  Plaintiff Brian Dickson worked with Class Counsel at length to review the amended complaint, discuss the proposed settlement terms, learn about inverters with arc fault protection, allow experts onto his property for testing, and review settlement documents.  Birka-White Decl., ¶ 54.  Their efforts in bringing and diligently prosecuting the lawsuit have conferred a substantial benefit to the other Class Members.  Birka-White Decl., ¶ 57.

Accordingly, service awards of $7,500 each for Plaintiffs Michael Allagas, Arthur Ray, and Brett Mohrman, and $3,500 for Plaintiff Brian Dickson, are reasonable and in line with

---

[2] Additionally, Plaintiff Brett Mohrman worked with Class Counsel for nearly a year before litigation was commenced.  Birka-White Decl., ¶ 57.

[PROPOSED] ORDER GRANTING MOTION FOR
FEES, COSTS, AND SERVICE AWARDS
CASE NO. 3:14-CV-00560-SI (EDL)

1    precedent.  *In re LinkedIn User Privacy* Litigation, 309 F.R.D. at 592 ("a $5,000 payment is
2    presumptively reasonable"); *Jacobs v. California State Auto. Ass'n Inter-Ins. Bureau*, No. C 07-
3    00362 MHP, 2009 WL 3562871, at *5 (N.D. Cal., Oct. 27, 2009) (approving $7,500 service
4    award); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 268 (N.D. Cal. 2015) (approving
5    $10,000 incentive award).

6    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

7         1.       This Court hereby finds and concludes that due and adequate notice was directed
8    to Class Members, advising them of Class Counsel's intent to seek attorneys' fees and expenses,
9    the proposed Class representatives' stipends, and of their right to object thereto.

10        2.       A full and fair opportunity was accorded to all such persons and entities to be
11   heard with respect to the Fee Motion.

12        3.       The Court hereby grants Class Counsel's request for reimbursement of $600,000
13   in out-of-pocket costs, plus attorneys' fees in the amount of $11,000,000, for a combined total of
14   $11,600,000.

15        4.       In addition to any relief they may receive under the Settlement Agreement, the
16   Court approves payment of a $7,500 service award each to Plaintiffs Michael Allagas, Arthur
17   Ray, and Brett Mohrman, and $3,500 to Plaintiff Brian Dickson.

18        5.       Without affecting the finality of this Order, the Court reserves continuing and
19   exclusive jurisdiction over parties to the Settlement Agreement to settle any disputes related to
20   the allocation of the costs and fees awarded by this Order.

22   IT IS SO ORDERED this 22nd day of _____December_____, 2016.

24                                   _____
                                     The Honorable Susan Illston
25                                   United States District Judge